## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,** | ORDER |
| Plaintiff, | |
| v. | Case No. 2:20-cv-00647-TC-JCB |
| **JOSHUA MOON, publisher of the website Kiwi Farms; and KIWI FARMS, a website,** | District Judge Tena Campbell |
| Defendants. | Magistrate Judge Jared C. Bennett |

District Judge Tena Campbell referred this case to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is the issue of service of process.

Because Plaintiff Russell G. Greer ("Mr. Greer") has been permitted to proceed in forma pauperis in this action under 28 U.S.C. § 1915 ("IFP Statute"),[2] the officers of the court are required to issue and serve all process and perform all duties related to service of process. 28 U.S.C. § 1915(d). In order for the court to effect service of the complaint upon the named defendants in this case, Mr. Greer shall, on or before February 15, 2021, file with the court a listing of the names and addresses of persons upon whom service should be made under Fed. R. Civ. P. 4. Upon receipt of Mr. Greer's filing, the Clerk of the Court shall thereafter issue process

---

[1] ECF No. 11.

[2] ECF No. 2.

for service, and the United States Marshal shall serve a copy of a summons and the complaint on the designated persons. All costs of service shall be advanced by the United States.

The court recognizes that Mr. Greer previously filed a motion for alternative service in which he requested that he be permitted to serve the named defendants by email because he claims he is unable to locate the named defendants.[3] In an October 9, 2020 order, this court denied that motion because the court had not yet completed the screening of Mr. Greer's complaint under the IFP Statute to determine whether it should be served on the named defendants or dismissed.[4] 28 U.S.C. § 1915(e)(2)(B). In that order, the court indicated that if it determined that Mr. Greer's complaint should be served upon the named defendants, the court would also determine whether alternative service would be permitted. The court has now completed the screening process under the IFP Statute and determined that Mr. Greer's complaint should indeed be served on the named defendants. However, after review of Mr. Greer's motion for alternative service, the court concludes that he has not provided enough detail concerning his efforts to locate the named defendants. If, after reasonable diligence, Mr. Greer is unable to locate the named defendants, he may, as an alternative to providing the address information referenced above, renew his motion for alternative service on or before February 15, 2021. Any such motion must include a detailed description of Mr. Greer's efforts to locate the named defendants.

---

[3] ECF No. 4.

[4] ECF No. 10.

Mr. Greer is hereby notified that his failure to comply with the February 15, 2021 deadline to either provide the address information referenced above or renew his motion for alternative service may result in dismissal of this action.

As a final matter, the court notes that the named defendants have not been served with Mr. Greer's complaint within 90 days of its filing, as required by Fed. R. Civ. P. 4(m). Given the procedural posture of this case, the court concludes that good cause exists to extend the deadline for service of Mr. Greer's complaint. Accordingly, the deadline for service is hereby extended to March 31, 2021.

IT IS SO ORDERED.

DATED January 26, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge