Gregory G. Skordas (#3865)
Gabriela Mena (#17087)
Michelle Phelps (#17096)
SKORDAS & CASTON, LLC
124 South 400 East, Suite 220
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
Attorneys for Defendants
gskordas@schhlaw.com
gmena@schhlaw.com
mphelps@schhlaw.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL G. GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, an individual, and KIWI FARMS, a website.<br><br>Defendants. | **REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S 12(b)(6) MOTION TO DISMISS ALL CLAIMS**<br><br>Case No. 2:20-CV-00647<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Defendants, Joshua Moon and Kiwi Farms, by and through their attorney of record hereby file this Reply Memorandum to Plaintiff's Opposition to Defendants' 12(b)(6) Motion to Dismiss all Claims and submits as follows:

## ARGUMENT

### I.  PLAINTIFF HAS NOT PROVIDED FACTS THAT SHOW HE IS ENTITLED TO LEGAL RELIEF.

Plaintiff's claims should be dismissed, not because Plaintiff fails to state a claim, but because Plaintiff fails to state a claim upon which relief can be granted. Defendants do not dispute that Plaintiff has provided the court with copious alleged facts regarding conduct of

Defendants, but Plaintiff has failed to show how those alleged facts entitled him to any sort of

legal relief. As shown in Defendants' *Motion to Dismiss*, Plaintiff's claims fail because of the

statute of limitations and because Plaintiff has failed to show a prima facie case for his claims.

Therefore, the alleged facts fail to show how Defendants' alleged conduct amounts to damages

the Court can provide relief for.

## II.    BECAUSE THE STATEMENTS WERE NOT UNTRUE, PLAINTIFF HAS FAILED TO BRING A PRIMA FACIE CASE OF DEFAMATION OR FALSE LIGHT AGAINST DEFENDANTS.

While it is still Defendants' belief the Defamation and False Light claims fall victim to

the Statute of Limitations, even if they did not, these claims should still be dismissed under Rule

12(b)(6), because Plaintiff has failed to bring a prima facie case for both.

Plaintiff has failed to show that the opinion Plaintiff did not want a mental health

evaluation was defamatory. Plaintiff's claim that the term "victims" was defamatory also fails

because it is a true statement.

Despite Plaintiff's belief that the woman he threatened and caused to fear for her safety in

his criminal matter was not a "victim" the Court saw otherwise and granted a Protective Order

against Plaintiff. *Exhibit A*. Plaintiff has also done more than merely "reach out to celebs for

autographs." He has victimized not less than two well known celebrities by bringing baseless

claims against them in court. *Exhibit B*. These facts were well known in the Kiwi Farms

community. While much of Kiwi Farms online content is distasteful, to say the least, the

statements made by Kiwi Farms users were opinions based upon the verifiable conduct of

Plaintiff. Plaintiff cannot bring claims of defamation and false light against Defendants for

statements made by Kiwi Farm users that are true and expect the Court to grant any sort of relief.

Because the statements made by Kiwi Farm users were in fact true, Plaintiff's claims of

defamation and false light fail to state a claim upon which relief can be granted and the Court should dismiss all such claims.

### III.   THE CDA IS CONSTITUTIONAL AND WAS ENACTED TO PROTECT DEFENDANTS FROM THESE TYPES OF CLAIMS.

Plaintiff alleges the Communications Decency Act (17 U.S.C. §230) is unconstitutional for vagueness or because it now extends beyond the legislative intent from when it was enacted. Plaintiff is correct that when the Act was first enacted, forums like Kiwi Farms may not have been in the legislators' realm of perceived realities, but the law provides for such an occurrence. Indeed, 17 U.S.C. §230 was amended as recently as 2018 "to clarify . . . [the] Act does not prohibit enforcement against providers and users" for acts "relating to sexual exploitation of children or sex trafficking." 2018 Enacted H.R. 1865. There have also been also multiple bills introduced this year to amend §230. Keeping this Act in line with the realities of today's world is of great concern to the legislative body, yet they have chosen not to prohibit protection for sites such as Kiwi Farms, even though sites much like Kiwi Farms have been active for years. Furthermore, the Courts have consistently relied on the Act to protect the First Amendment rights of users on these online forums and protect service providers from liability. *See; Zeran v. Am. Online, Inc.*, 129 F.3d 327, *cert. denied*, 524 U.S. 937 (U.S. June 22, 1998) (No. 97-1488). Should Defendants be forced to monitor and delete any posts on Kiwi Farms per government regulation, many users First Amendment rights would be violated.

The CDA is not unconstitutional and Defendants fall under its protection, therefore Plaintiff's claims should be dismissed.

### IV.   CLAIBORNE AND GERSH PROVIDE A BASIS FOR DISMISSING THE CLAIMS.

Plaintiff cites to *Gersh v. Anglin*, to provide support to his claims. Not only does *Gersh*

stem from merely a persuasive court, it can be easily distinguished in our case. The Supreme

Court case, *NAACP v. Claiborne Hardware*, also cited by Plaintiff, offers controlling precedent

as to why Plaintiff's claims should be dismissed.

In *Gersh*, The Defendant actively encouraged "confrontation" and "action" from the

users of the defendant's website. *Gersh v. Anglin*, 353 F.Supp.3d 958, 963. The court also found

that the speech involved in *Gersh* was not a matter of "public concern" meaning any First

Amendment protections would not be "particularly strong." *Id* at 964. A matter is of public

concern as determined by the "circumstances of the case." *Id*. "The standard is met when the

speech centers on a subject of legitimate news interest" or "a subject of general interest and of

value and concern to the public." *Id* (quoting *City of San Diego v. Row*, 543 U.S. 77, 83-84)

(internal quotation marks omitted).  Speech can also involve a matter of public concern when it

relates to a "general public figure" or "one with pervasive fame or notoriety". *Id* at 966 (quoting

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351) (internal quotation marks omitted). Someone can

also be considered a "limited purpose public figure" when they "voluntarily inject" themselves

"into a particular public controversy and thereby become a public figure for a limited range of

issues." *Id*.

In our case, as the Plaintiff has acknowledged, Mr. Moon discourages any type of

confrontation with the public figures discussed on Kiwi Farms' forums. Furthermore, the

discussions on Kiwi Farms are matters of public concern. Mr. Greer himself has pointed out

news articles and YouTube broadcasts about him. Mr. Greer has also voluntarily injected his

public lawsuits against women into a public controversy by authoring and publishing a book

about why he sued Taylor Swift. Therefore, any of the discussions on Kiwi Farms regarding Mr.

Greer's legal pursuits are of public concern and are afforded particularly strong protections by

the First Amendment.

In *Claiborne* the Supreme Court declared that "a finding that he authorized, directed, or ratified specific" unlawful activity would "justify holding" anyone "responsible" for the illegal acts of another. *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 927. The Supreme Court also noted that the First Amendment does not create a "legal duty to repudiate" the unlawful acts of another "unless . . . an individual could be found liable for those acts." *Id* at n. 69.

Mr. Greer points to no instances where Mr. Moon authorized any illegal activity from the users of his forum. Furthermore, Mr. Moon also had no duty to repudiate any questionably legal acts committed by Kiwi Farms users because Mr. Moon cannot be personally liable for any of the alleged acts of Kiwi Farm users.

Because Mr. Moon did not authorize any illegal actions, the speech on Kiwi Farms is strongly protected by the First Amendment, and Mr. Moon had no legal duty to repudiate the actions of Kiwi Farm users, Mr. Greer's claims fail and should be dismissed.

## V.   DEFENDANTS DID NOT WAIVE THEIR SAFE HARBOR PROTECTIONS OR FAIR USE DEFENSES.

Mr. Greer asserts that because Mr. Moon told him he would waive his Safe Harbor Protection and because Defendants failed to assert the Fair Use Defense in their Motion to Dismiss that Defendants have now waived any right to those defenses. However, this is not a correct statement of the law.

Mr. Greer is correct that any affirmative defenses not raised in a responsive pleading are deemed waived, but a 12(b)(6) Motion to Dismiss is not a responsive pleading under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b). Should the Court deny Defendants' Motion to Dismiss or grant partially, Defendants' will still be afforded the opportunity file their Answer, or responsive pleading, to Mr. Greer's Complaint. Defendants will then be able to assert any legal

defenses they may have against Mr. Greer's claims. Until the Answer is filed, or the time to file has passed, no defenses will be deemed waived by the court.

Therefore, Defendants have not waived any protections or defenses the law may afford them against Mr. Greer's claims.

## **CONCLUSION**

Mr. Greer has failed to state any claims upon which this court can grant relief. He has failed to state a prima facie case for defamation and false light, Defendants are protected under the CDA, and the speech on Kiwi Farms is protected under the First Amendment. Therefore, Mr. Greer's claims should be dismissed with prejudice.


DATED this the 19th day of May 2021.



SKORDAS & CASTON, LLC


*/s/  Gregory G. Skordas*
Gregory G. Skordas

# EXHIBIT A

OREM CITY JUSTICE COURT
UTAH COUNTY, STATE OF UTAH

OREM CITY vs. RUSSELL G GREER

CASE NUMBER 201900105 Other Misdemeanor

CHARGES
        Charge 1 - 76-9-201(2) - ELECTRONIC COMMUNICATION HARASSMENT - Class B
        Misdemeanor
        Offense Date: December 15, 2019
        Location: Orem, Utah
        Plea: September 16, 2020 Guilty
        Disposition: September 16, 2020 {Guilty}

        Charge 2 - 76-9-201(2) - ELECTRONIC COMMUNICATION HARASSMENT - Class B
        Misdemeanor
        Offense Date: January 14, 2020
        Location: Orem, Utah
        Disposition: September 16, 2020 Dismissed (w/o prej)

CURRENT ASSIGNED JUDGE
        REED PARKIN

PARTIES
        Plaintiff - OREM CITY
        Represented by: D SUMMERS

        Defendant - RUSSELL G GREER
        Represented by: HARVEY GAILEY

DEFENDANT INFORMATION
        Defendant Name: RUSSELL G GREER
        Offense Tracking Number: 59762799
        Date of Birth: March 07, 1991
        Law Enforcement Agency: OREM CITY POLICE
        LEA Case Number: 20OR00776
        Officer Name: NATHAN NEWELL
        Prosecuting Agency: OREM CITY
        Arrest Date: December 15, 2019
        Violation Date: 12-15-2019

ACCOUNT SUMMARY
                Total Revenue Amount Due:        510.35
                        Amount Paid:        410.35
                Amount Credit:          0.00
                        Balance:        100.00

                Time Pay: 50.00 monthly on the 16th.
                Most Recent Payment: May 14, 2021
                Final Payment: July 16, 2021

        REVENUE DETAIL - TYPE: PLEA ABEY. MISDMNR

CASE NUMBER: 201900105 Other Misdemeanor

|  |  |  |
|---|---|---|
| Original Amount Due: | 680.00 | |
| Amended Amount Due: | 0.00 | |
| Amount Paid: | 0.00 | |
| Amount Credit: | 0.00 | |
| Balance: | 0.00 | |
| Account Adjustments Sum To Date | Amount Reason | |
| 2020-07-21 | -680.00 Per order 7/20/2020 | |

REVENUE DETAIL - TYPE: Interest

|  |  |  |
|---|---|---|
| Amount Paid: | 10.35 | |
| Amount Credit: | 0.00 | |
| Balance: | 0.00 | |
| Account Adjustments Sum To Date | Amount Reason | |
| 2020-07-21 | -1.92 Per order 7/20/2020 | |
| 2021-05-14 | 12.27 Criminal post judgment interest | |

REVENUE DETAIL - TYPE: FINE

|  |  |
|---|---|
| Original Amount Due: | 500.00 |
| Amended Amount Due: | 500.00 |
| Amount Paid: | 400.00 |
| Amount Credit: | 0.00 |
| Balance: | 100.00 |

CASE NOTE


PROCEEDINGS

| 01-28-2020 | Filed: INFORMATION/INDICTMENT |
|---|---|
| 01-28-2020 | Filed: SUMMONS - TO ISSUE (PROPOSED) |
| 01-28-2020 | Case filed by efiler |
| 01-28-2020 | Filed: From an Information |
| 01-28-2020 | Judge REED PARKIN assigned. |
| 01-29-2020 | Issued: Summons Issued |
| | Clerk MAYRA PAEZ |
| 01-29-2020 | Filed: Return of Electronic Notification |
| 02-05-2020 | Filed: Appearance of Counsel/Notice of Limited Appearance |
| 02-05-2020 | Filed: Return of Electronic Notification |
| 03-05-2020 | ARRAIGNMENT scheduled on April 08, 2020 at 09:30 AM with Judge REED PARKIN |
| 03-05-2020 | Filed: Promise to Appear |
| 03-06-2020 | Filed: Return of Electronic Notification |
| 03-06-2020 | Filed: Appearance of Counsel/Notice of Limited Appearance |
| 03-06-2020 | Filed: Return of Electronic Notification |
| 03-12-2020 | NOTICE for Case 201900105 ID 15594714 |
| | Judge: REED PARKIN |
| | PRETRIAL CONFERENCE is re-scheduled. |
| | Date: 04/13/2020 |
| | Time: 02:30 p.m. |
| | Before Judge: REED PARKIN |

CASE NUMBER: 201900105 Other Misdemeanor

|  |  |
|---|---|
|  | The reason for the change is appearance filed, plea entered and case set for pre-trial conference.. |
| 03-12-2020 | ARRAIGNMENT Modified |
|  | Reason: appearance filed, plea entered and case set for pre-trial conference. |
| 03-12-2020 | Filed: Notice for Case 201900105 MO: Judge   REED PARKIN |
| 03-12-2020 | PRETRIAL CONFERENCE scheduled on April 13, 2020 at 02:30 PM with Judge REED PARKIN |
| 03-12-2020 | Filed: Return of Electronic Notification |
| 03-31-2020 | PRETRIAL CONFERENCE rescheduled on June 22, 2020 at 02:30 PM |
|  | Reason: Court Ordered |
| 03-31-2020 | NOTICE for Case 201900105 ID 15653142 |
|  | Judge: REED PARKIN |
|  | PRETRIAL CONFERENCE is re-scheduled. |
|  | Date: 06/22/2020 |
|  | Time: 02:30 p.m. |
|  | Before Judge: REED PARKIN |
|  | The reason for the change is Court Ordered. |
|  | Due to the pandemic response orders, this matter is continued.  Since this situation changes from week to week, please use the calendar look up tool on the court website at court.orem.org to confirm your court date. |
| 03-31-2020 | Filed: Notice for Case 201900105 MO: Judge   REED PARKIN |
| 03-31-2020 | Filed: Return of Electronic Notification |
| 04-21-2020 | Filed: Discovery Reply |
| 04-21-2020 | Filed: Return of Electronic Notification |
| 06-22-2020 | Charge 1  Disposition is Plea in abeyanc |
| 06-22-2020 | Charge 2  Disposition is Dismissed w/ Pr |
| 06-22-2020 | Charge 1  Plea is No Contest |
| 06-22-2020 | Fee Account created Total Due: 680.00 |
| 06-22-2020 | Fee Account created |
| 06-22-2020 | Filed: Plea in Abeyance Minute Entry |
| 06-22-2020 | Note: Added to payment schedule 1459876 |
| 06-22-2020 | Minute Entry - CHANGE OF PLEA |
|  | Judge: REED PARKIN |
|  | PRESENT |
|  | Clerk: caraleec |
|  | Prosecutor: SUMMERS, D |
|  | Defendant Present |
|  | Defendant's Attorney(s): GAILEY, HARVEY |
|  | Audio |
|  | Tape Count: 2:15 |
|  | Change of Plea Note |
|  | Victims attorney is present. |
|  | The defendant is advised that this offense may be used as an enhancement to the penalties for a subsequent offense. |
|  | PLEA IN ABEYANCE |
|  | Defendant's plea is held in abeyance. |
|  | Conditions of Agreement: |
|  | Defendant is ordered to obey all laws, state, local, and federal, and have no further violations during the plea in abeyance/diversion period. |
|  | Defendant is to notify the court of a current address at all times, and report to the court when notified by mail, or a warrant may issue. |

CASE NUMBER: 201900105 Other Misdemeanor

---

Defendant is ordered to pay court costs, fines and fees as directed by the court.

The defendant is placed on a plea in abeyance for a period of 12 months.

If the defendant fails to comply with the terms of the plea in abeyance agreement, the disposition of bail forfeiture will be entered and any fees paid to the Court will be forfeited without further notice to the defendant.

PLEA IN ABEYANCE ADDITIONAL CONDITIONS

The defendant is to not have any contact with the victim in this case.

Tracking review date for Plea in Abeyance: 06/22/2021

SCHEDULED TIMEPAY

The following cases are on timepay 201900105.

The defendant is to pay $680.00 monthly on the 22nd.

The number of payments scheduled is 0 plus a final payment of $701.97.

The first payment is due on 05/22/2021 the final payment of $701.97 is due on 05/22/2021 .  The final payment may vary based on interest.

- PLEA ABEY. MISDMNR fee of $680.00 assessed - Payor: GREER RUSSELL G.

| | |
|---|---|
| 06-22-2020 | Filed: Return of Electronic Notification |
| 06-25-2020 | Filed order: CHANGE OF PLEA |
| | Judge REED PARKIN |
| | Signed June 25, 2020 |
| 06-25-2020 | Filed: Return of Electronic Notification |
| 06-30-2020 | Fee Account created Total Due: 10.35 |
| 06-30-2020 | Fee Account created |
| 06-30-2020 | Note: Added to payment schedule 1459876 |
| 07-06-2020 | Filed: Motion:  to Reconsider Plea |
| | Filed by: E A |
| 07-06-2020 | Filed: Return of Electronic Notification |
| 07-07-2020 | Filed: Response to Victims Motion to Reconsider |
| 07-07-2020 | Filed: Return of Electronic Notification |
| 07-10-2020 | Ruling Entry - RULING ON MOTION TO RECONSIDER |
| | Judge: REED PARKIN |
| | Court grants the motion to reconsider and sets the case for a review hearing.  All parties, including victim and attorney will be included on notice to appear. |
| 07-10-2020 | Filed order: RULING ON MOTION TO RECONSIDER |
| | Judge REED PARKIN |
| | Signed July 10, 2020 |
| 07-10-2020 | HEARING TO RECONSIDER PLEA scheduled on July 20, 2020 at 03:30 PM with Judge REED PARKIN |
| 07-10-2020 | Filed: Notice for Case 201900105 MO: Judge   REED PARKIN |
| 07-10-2020 | Filed: Return of Electronic Notification |
| 07-20-2020 | NOTICE for Case 201900105 ID 15872139 |
| | Judge: REED PARKIN |
| | DISPOSITION is scheduled. |
| | Date: 08/05/2020 |
| | Time: 02:30 p.m. |
| | before Judge REED PARKIN |
| 07-20-2020 | DISPOSITION scheduled on August 05, 2020 at 02:30 PM with Judge REED PARKIN |
| 07-20-2020 | Filed: Notice for Case 201900105 MO: Judge   REED PARKIN |

CASE NUMBER: 201900105 Other Misdemeanor

```
07-20-2020   Filed: Pre-Sentence Minute Entry
07-20-2020   Minute Entry - HEARING
                  Judge: REED PARKIN
             PRESENT
                Clerk: andrews
                Prosecutor: SUMMERS, D
                Defendant Present
                Defendant's Attorney(s): GAILEY, HARVEY
                Audio
                Tape Count: 3:34
             HEARING
                All parties appear by video.  Victim in case makes
                statement.  Defendant's counsel responds.  Court sets aside
                plea in abeyance.  Pre-trial conference set.
             DISPOSITION is scheduled.
                Date: 08/05/2020
                Time: 02:30 p.m.
                before Judge REED PARKIN
07-20-2020   Filed: Return of Electronic Notification
07-21-2020   Charge 1  Disposition removed.
07-21-2020   Charge 2  Disposition removed.
07-21-2020   Interest Account Adjustment Total Due: 10.35
             Reason: Per order 7/20/2020
07-21-2020   PLEA ABEY. MISDMNR Account Adjustment Total Due: 0.00
             Reason: Per order 7/20/2020
07-21-2020   Filed: Return of Electronic Notification
07-27-2020   Filed order: HEARING
                  Judge REED PARKIN
                  Signed July 27, 2020
07-28-2020   Filed: Return of Electronic Notification
08-05-2020   Filed: Pre-Sentence Minute Entry
08-05-2020   DISPOSITION scheduled on September 16, 2020 at 01:30 PM with
             Judge REED PARKIN
08-05-2020   DISPOSITION scheduled on September 16, 2020 at 01:30 PM with
             Judge REED PARKIN
08-05-2020   Minute Entry - CONTINUANCE
                  Judge: REED PARKIN
             PRESENT
                Clerk: andrews
                Prosecutor: SUMMERS, D
                Other Attorneys: GABRIELA MENA
                Defendant Present
                Defendant's Attorney(s): GAILEY, HARVEY
                Audio
                Tape Count: 2:35
             CONTINUANCE
                Whose Motion:
                The Defendant's counsel HARVEY GAILEY.
                Whose Motion:
                The Defendant's counsel HARVEY GAILEY.
             Reason for continuance:
                Court Ordered
                Court Ordered
```

CASE NUMBER: 201900105 Other Misdemeanor

```
                    The motion is granted.
                DISPOSITION is scheduled.
                    Date: 09/16/2020
                    Time: 01:30 p.m.
                    Before Judge: REED PARKIN
                DISPOSITION is scheduled.
                    Date: 09/16/2020
                    Time: 01:30 p.m.
                    Before Judge: REED PARKIN
08-05-2020      Filed order: CONTINUANCE
                    Judge REED PARKIN
                    Signed August 05, 2020
08-06-2020      Filed: Return of Electronic Notification
09-16-2020      Filed: Sentence Minute Entry
09-16-2020      Charge 1  Disposition is {Guilty}
09-16-2020      Charge 2   Disposition is Dismissed (w/o
09-16-2020      Note: Sentencing Protective Order Service Date : 09-16-2020
                02:18:00
09-16-2020      Filed protective order: Sentencing Protective Order
                    Judge REED PARKIN
                    Signed September 16, 2020
09-16-2020      Note: Sentencing Protective Order Service Date : 09-16-2020
                02:21:00
09-16-2020      Filed protective order: Amended Sentencing Protective Order
                    Judge REED PARKIN
                    Signed September 16, 2020
09-16-2020      Fine Account created Total Due: 500.00
09-16-2020      Fine Account created
09-16-2020      Minute Entry - SENTENCE, JUDGMENT, COMMITMENT
                    Judge: REED PARKIN
                PRESENT
                    Clerk: caraleec
                    Prosecutor: SUMMERS, D
                    Defendant Present
                    Defendant's Attorney(s): GAILEY, HARVEY
                    Audio
                    Tape Count: 1:47
                    Court advises defendant of rights and penalties.
                    Defendant waives time for sentence.
                HEARING
                    All parties appear via video per pandemic rule.
                    Victim and her counsel appear via video.
                    Victim counsel motions for defendant to be ordered to
                    complete a psychosexual evaluation.
                SENTENCE JAIL
                    Based on the defendant's conviction of ELECTRONIC
                    COMMUNICATION HARASSMENT a Class B Misdemeanor, the
                    defendant is sentenced to a term of 180 day(s) The total
                    time suspended for this charge is 180 day(s).
                SENTENCE FINE
                    Charge # 1 Fine: $680.00
                    Suspended: $180.00
                    Surcharge: $263.16
                    Due: $500.00
```

CASE NUMBER: 201900105 Other Misdemeanor

Total Fine: $680.00
Total Suspended: $180.00
Total Surcharge: $263.16
Total Principal Due: $500.00
Plus Interest
Defendant is to pay a fine of 500.00 which includes the
surcharge.  Interest may increase the final amount due.
Fine payments are to be made to The Court.  This can be
paid online at: www.utcourts.gov/epayments.

SCHEDULED TIMEPAY

The following cases are on timepay 201900105.
The defendant is to pay $50.00 monthly on the 16th.
The number of payments scheduled is 9 plus a final payment
of $58.12.
The first payment is due on 10/16/2020 the final payment of
$58.12 is due on 07/16/2021 .  The final payment may vary
based on interest.

ORDER OF PROBATION

The defendant is placed on probation for 18 month(s).
Probation is to be supervised by the Court.
Defendant is ordered to obey all laws, state, local, and
federal, and have no further violations during the
probation period.
Defendant is to notify the court of a current address at
all times, and report to the court when notified by mail,
or a warrant may be issued.
Defendant is ordered to pay court costs, fines and fees as
directed by the Court.
Partial fine and/or jail time is suspended and will remain
suspended as long as the defendant complies with all terms
of probation.
Defendant is ordered to obtain a Mental Health
evaluation/screening and complete any recommended
counseling/treatment and provide proof of completion to the
court.
Defendant is ordered to report to a court approved
treatment agency within 48 hours to start court ordered
evaluation and/or treatment.
Defendant is ordered to complete assessment and show proof
to the court within 90 days.
Defendant is ordered to go to the Orem City Offices to be
fingerprinted.
Defendant is ordered to complete a psychosexual evaluation,
but stays that order at this time.

| | |
|---|---|
| 09-16-2020 | Note: Added to payment schedule 1459876 |
| 09-16-2020 | Filed return: Service of Protective Order |
| | Party Served: GREER, RUSSELL G |
| | Service Type: Personal |
| | Service Date: September 16, 2020 |
| | Garnishee: |
| 09-16-2020 | Filed order: SENTENCE, JUDGMENT, COMMITMENT |
| | Judge REED PARKIN |
| | Signed September 16, 2020 |
| 09-16-2020 | Filed: Return of Electronic Notification |
| 09-21-2020 | Filed: : Defendants Thoughts in Anticipation of Sentence |
| 09-21-2020 | Filed: Return of Electronic Notification |
| 10-15-2020 | Interest  4.16 |
| 10-15-2020 | Fine Payment Received:  45.84 |

CASE NUMBER: 201900105 Other Misdemeanor

```
              Note: Internet Payment from Public Side
10-20-2020    Filed: Defendants Additional Thoughts
10-20-2020    Filed: Return of Electronic Notification
11-10-2020    Filed: Valley Behavioral Health Letter
11-10-2020    Filed: Return of Electronic Notification
11-13-2020    Interest  1.27
11-13-2020    Fine Payment Received:  48.73
              Note: Internet Payment from Public Side
12-15-2020    Interest  1.26
12-15-2020    Fine Payment Received:  48.74
              Note: Internet Payment from Public Side
01-15-2021    Interest  1.07
01-15-2021    Fine Payment Received:  56.69
              Note: Internet Payment from Public Side
02-12-2021    Interest  0.81
02-12-2021    Fine Payment Received:  49.19
              Note: Internet Payment from Public Side
03-13-2021    Interest  0.71
03-13-2021    Fine Payment Received:  49.29
              Note: Internet Payment from Public Side
04-15-2021    Interest  0.64
04-15-2021    Fine Payment Received:  49.36
              Note: Internet Payment from Public Side
05-14-2021    Interest  0.43
05-14-2021    Fine Payment Received:  52.16
              Note: Internet Payment from Public Side
```

# EXHIBIT B

SALT LAKE CITY JUSTICE COURT
SALT LAKE COUNTY, STATE OF UTAH

RUSSELL GREER vs. TAYLOR SWIFT

CASE NUMBER 168401024 Small Claim

CURRENT ASSIGNED JUDGE
        EDWARD B HAVAS

PARTIES
        Plaintiff - RUSSELL GREER

        Defendant - TAYLOR SWIFT
        Represented by: GREGORY SKORDAS


ACCOUNT SUMMARY
                Total Revenue Amount Due:        100.00
                            Amount Paid:         100.00
                          Amount Credit:           0.00
                                Balance:           0.00
        REVENUE DETAIL - TYPE: SMALL CLAIMS 2K-7500
                      Original Amount Due:        100.00
                      Amended Amount Due:         100.00
                             Amount Paid:         100.00
                           Amount Credit:           0.00
                                 Balance:           0.00


CASE NOTE


PROCEEDINGS
10-11-2016   Case filed by ws3264
10-11-2016   Filed: Small Claims Affidavit
10-11-2016   Judge JUDGE PROTEM (SLC RM1) assigned.
10-11-2016   Fee Account created Total Due: 100.00
10-11-2016   Fee Account created
10-11-2016   SMALL CLAIMS 2K-7500  100.00
             Note: 1953766
10-11-2016   Note: Tentative Trial  Date 12/08/2016
10-11-2016   Note: PLA said event happened  at 851 Edison St.
10-18-2016   Filed: Motion to Dismiss Pursuant to URCP 12(B) and Memorandum
             In Support
                 Filed by: TAYLOR SWIFT
10-18-2016   Filed: Return of Electronic Notification
10-21-2016   Filed: Reply to Opposition to Defendants Motion to Dismiss in
             Accordance with Utah Code 78A-8-102
10-21-2016   Filed: Return of Electronic Notification
10-27-2016   Filed: Request/Notice to Submit Defendants Motion to Dismiss
10-27-2016   Filed: Return of Electronic Notification
10-31-2016   Filed return: Return - Affidavit and Summons / Service fee:None
             listed

05-19-2021 11:55 AM                                          Page 1 of 2

CASE NUMBER: 168401024 Small Claim

|  | Party Served: Atty Mike Milom, RA |
| --- | --- |
|  | Service Type: Personal |
|  | Service Date: October 26, 2016 |
|  | Garnishee: |
| 10-31-2016 | SMALL CLAIMS TRIAL scheduled on December 08, 2016 at 05:30 PM in Courtroom 1 with Judge JUDGE PROTEM (SLC RM1) |
| 11-02-2016 | Filed: : Proof of Returned Mailing to Plaintiff Pursuant to Rule 3(c) |
| 11-02-2016 | Filed: Return of Electronic Notification |
| 12-02-2016 | Filed: Opposition to Defendants Motion to Dismiss in Accordance with UTAH CODE 78A-8-102 |
|  | Filed by: RUSSELL GREER |
| 12-02-2016 | Note: CLERK EMAILED ATTY FOR DEF EXPLAINING THAT THE COURT NEEDS A NOTICE OF APPEARANCE |
| 12-02-2016 | Filed: Appearance of Counsel/Notice of Limited Appearance |
| 12-02-2016 | Filed: Return of Electronic Notification |
| 12-05-2016 | Note: PLA REQUESTED TO USE PROJECTOR AND FILM IN COURTROOM DURING TRIAL. CLERK INFORMED PLA WOULD NEED TO ASK THE JUDGE DURING TRIAL. |
| 12-05-2016 | Judge EDWARD B HAVAS assigned. |
| 12-06-2016 | Note: CLERK INFORMED THE PLA THAT HE WILL NEED TO CONTACT THE AOC WITH A REQUEST TO FILM IN THE COURTROOM. |
| 12-08-2016 | Minute Entry - SMALL CLAIMS TRIAL |
|  | Judge: EDWARD B HAVAS |
|  | Clerk: gl2435 |
|  | PRESENT |
|  | Plaintiff(s): RUSSELL GREER |
|  | Defendant's Attorney(s): GREGORY G SKORDAS |
|  | Audio |
|  | TRIAL |
|  | TIME: 6:35:19 Having considered the documents filed with the court, the evidence and the arguments, and now being fully informed, the court orders the Defendant's Motion to Dismiss is granted and the case is dismissed with prejudice (claim may not be re-filed). |
|  | PLEASE TAKE NOTICE: You may appeal this judgment by filing a Notice of Appeal with this court within 30 days after the date of the judgment was entered; there are filing fees involved with this process. |
|  | Refer to the courts website for further information at http://www.slcgov.com/courts/small-claims |
| 12-08-2016 | Filed order: Request and Order for Electronic Media Coverage of Court Proceedings |
|  | Judge CATHERINE ROBERTS |
|  | Signed December 08, 2016 |
| 12-08-2016 | Note: Mary looked up previous address and requested I update the address since that was the last known address. |
| 12-08-2016 | Filed order: Request and Order for Electronic Media Coverage of Court Proceedings |
|  | Judge EDWARD B HAVAS |
|  | Signed December 08, 2016 |
| 12-08-2016 | Case Disposition is Dismsd w/ prejudice |
|  | Disposition Judge is EDWARD B HAVAS |
| 12-09-2016 | Filed order: SMALL CLAIMS TRIAL |
|  | Judge EDWARD B HAVAS |
|  | Signed December 09, 2016 |

```
                    SALT LAKE CITY JUSTICE COURT
                    SALT LAKE COUNTY, STATE OF UTAH


                RUSSELL GREER vs. ARIANA GRANDE et al.
```

CASE NUMBER 178400268 Small Claim

CURRENT ASSIGNED JUDGE
      ALBERT PRANNO

PARTIES
      Plaintiff - RUSSELL GREER

      Defendant - ARIANA GRANDE
      Represented by: GREGORY SKORDAS

      Defendant - SCOOTER BRAUN
      Represented by: GREGORY SKORDAS


ACCOUNT SUMMARY
```
              Total Revenue Amount Due:        100.00
                           Amount Paid:        100.00
                         Amount Credit:          0.00
                               Balance:          0.00
          REVENUE DETAIL - TYPE: SMALL CLAIMS 2K-7500
                    Original Amount Due:        100.00
                     Amended Amount Due:        100.00
                           Amount Paid:        100.00
                         Amount Credit:          0.00
                               Balance:          0.00

          REVENUE DETAIL - TYPE: AUDIO TAPE COPY
                    Original Amount Due:         11.50
                     Amended Amount Due:          0.00
                           Amount Paid:          0.00
                         Amount Credit:          0.00
                               Balance:          0.00
          Account Adjustments Sum To Date    Amount Reason
                            2017-08-03        -11.50 No audio available.
```

CASE NOTE


PROCEEDINGS
```
05-26-2017  Case filed by na2578
05-26-2017  Filed: Small Claims Affidavit
05-26-2017  Judge JUDGE PROTEM (SLC RM1) assigned.
05-26-2017  Fee Account created Total Due: 100.00
05-26-2017  Fee Account created
05-26-2017  SMALL CLAIMS 2K-7500   100.00
            Note: 7578214
```

CASE NUMBER: 178400268 Small Claim

| | |
|---|---|
| 05-26-2017 | Note: Verified jurisdiction as Vivant Smarthome Arena. |
| 05-26-2017 | Note: Informed PLA need MIL DEC prior or day of trial; stated they understood. |
| 05-26-2017 | Note: Tentative Trial Date: 8/2/2017 @ 1:30 PM w/ Roger Kraft |
| 06-06-2017 | Filed return: Return - Affidavit and Summons - Proof of Service under URCP4 by Third Person / Service Fee: $60.00 |
| |     Party Served: Bill Tigue/Left at Business |
| |     Service Type: Personal |
| |     Service Date: May 31, 2017 |
| |     Garnishee: |
| 06-06-2017 | SMALL CLAIMS TRIAL scheduled on August 02, 2017 at 01:30 PM in Courtroom 1 with Judge JUDGE PROTEM (SLC RM1) |
| 06-30-2017 | Filed: Motion:  Defendants Scooter Braun and Ariana Grande Motion to Dismiss and Memorandum in Support |
| |     Filed by: SCOOTER BRAUN |
| 06-30-2017 | Filed: Return of Electronic Notification |
| 07-11-2017 | Issued: Subpoena |
| |     Clerk STEPHANIE WORTHEN |
| |     Hearing Date August 02, 2017 01:30 PM |
| 07-25-2017 | Note: Clerk error by not adding a DEF per PLA AFF/Summons. Corrected by adding DEF as mentioned in AFF/Summons. Added Ariana Grande for record. |
| 07-31-2017 | Filed: Opposition to Defendant's Motion to Dismiss |
| 08-02-2017 | Judge ALBERT PRANNO assigned. |
| 08-02-2017 | Case Disposition is Jdmt bench trial |
| | Disposition Judge is ALBERT PRANNO |
| 08-02-2017 | Minute Entry - SMALL CLAIMS TRIAL |
| |     Judge: ALBERT PRANNO |
| |     Clerk: na2578 |
| |   PRESENT |
| |     Plaintiff(s): RUSSELL GREER |
| |     Defendant's Attorney(s): GREGORY G SKORDAS FOR SCOOTER BRAUN |
| |     Defendant's Attorney(s): GREGORY G SKORDAS FOR ARIANA GRANDE |
| |     Audio |
| |   TRIAL |
| |     TIME: 2:02:00 PM Having considered the documents, the evidence, and the arguments filed with the court and now being fully informed, the court orders as follows: |
| |     On the DEFENDANTS Motion to Dismiss, case is dismissed. Furthermore, the court orders the Plaintiff to pay reparations in the amount of $1,500.00 for attorneys fees incurred by the Defendants. |
| |     On the PLAINTIFFS claim, case is dismissed with prejudice (claim may not be re-filed). |
| |     PLEASE TAKE NOTICE: You may appeal this judgment by filing a Notice of Appeal with this court within 28 days after the date of the judgment was entered; there are filing fees involved with this process. |
| |     Refer to the Utah State Courts for further information the appellant process; hyperlinks can be found on Salt Lake City Justice Courts website at http://www.slcgov.com/courts/small-claims |
| 08-02-2017 | Judgment Entered - Amount $1500.00            na2578 |
| 08-02-2017 | SC Judgment for Case 178400268 ID 127677 |

CASE NUMBER: 178400268 Small Claim

|  | Judge: PRANNO |
|---|---|
|  | The Court Orders Judgment as Follows: |
|  | Judgment 1 of 1: SCOOTER BRAUN, ARIANA GRANDE |
|  | Debtor(s): RUSSELL GREER |
|  | $ 1500.00 Court Costs |
|  | $ 1,500.00 Total Judgment, with 2.870 percent interest as allowed by section 15-1-4 UCA until paid. |
| 08-02-2017 | Filed order: SMALL CLAIMS JUDGMENT |
|  | Judge ALBERT PRANNO |
|  | Signed August 02, 2017 |
| 08-02-2017 | Filed order: SMALL CLAIMS TRIAL |
|  | Judge ALBERT PRANNO |
|  | Signed August 02, 2017 |
| 08-03-2017 | Fee Account created Total Due: 11.50 |
| 08-03-2017 | Fee Account created |
| 08-03-2017 | AUDIO TAPE COPY Account Adjustment Total Due: 0.00 |
|  | Reason: No audio available. |
| 05-09-2018 | Filed: Ex Parte Order (Proposed):  Ex Parte Order Scheduling Hearing to Dtermine Judgment Debtors Property |
| 05-09-2018 | Filed: Motion (Hearing Requested):   Ex Parte Motion for Hearing to Determine Judgment Debtors Property (Hearing Requested) |
|  | Filed by: ARIANA GRANDE |
| 05-09-2018 | Filed: Return of Electronic Notification |
| 05-09-2018 | Filed: Request/Notice to Submit:  Notice to Submit-Motion for Hearing |
| 05-09-2018 | Filed: Return of Electronic Notification |
| 05-11-2018 | Filed order: Ex Parte Order:  Ex Parte Order Scheduling Hearing to Dtermine Judgment Debtors Property |
|  | Judge ALBERT PRANNO |
|  | Signed May 11, 2018 |
| 05-11-2018 | Note: Called Greg Skordas office to discuss tent date for supp. Tentative date for SUPP hrg is June 21st, 2018 @ 5:30 PM |
| 05-17-2018 | Filed return: Return of Ex Parte Motion for Hearing/$41.50 |
|  | Party Served: RUSSELL GREER |
|  | Service Type: Personal |
|  | Service Date: May 15, 2018 |
|  | Garnishee: |
| 05-17-2018 | Filed: Return of Electronic Notification |
| 05-19-2018 | SUPPLEMENTAL HEARING scheduled on June 21, 2018 at 05:30 PM in Courtroom 1 with Judge JUDGE PROTEM (SLC RM1) |
| 06-18-2018 | Filed return: PROOF OF COMPLETED SERVICE - DEBTORS ANSWERS |
|  | Party Served: KAITLYNN BECKET |
|  | Service Type: Mail |
|  | Service Date: June 18, 2018 |
|  | Garnishee: |
| 06-20-2018 | Filed: Satisfaction of Judgment |
| 06-20-2018 | Filed: Return of Electronic Notification |
| 06-20-2018 | SUPPLEMENTAL HEARING Cancelled |
|  | Reason: Court Ordered |
| 06-21-2018 | Judgment # 1 Modified 1,500.00 Disposition: Satisfied          sj2980 |
|  |  |
|  | Creditor  : SCOOTER BRAUN |
|  | Creditor  : ARIANA GRANDE |

CASE NUMBER: 178400268 Small Claim

```
Debtor     : RUSSELL GREER
               1,500.00 Attorneys Fee's
0.00 Judgment Grand Total
```