Gregory G. Skordas (#3865)
Gabriela Mena (#17087)
Michelle Phelps (#17096)
SKORDAS & CASTON, LLC
124 South 400 East, Suite 220
Salt Lake City, UT 84111
Telephone:  (801) 531-7444
Facsimile:  (801) 665-0128
Attorneys for Defendant
gskordas@schhlaw.com
gmena@schhlaw.com
mphelps@schhlaw.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL G. GREER,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA MOON, an individual, and KIWI FARMS, a website.<br><br>    Defendants. | **MEMORANDUM OPPOSING MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**<br><br>Case No. 2:20-CV-00647<br><br>Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

Defendants, by and through their attorney, hereby oppose Plaintiff's *Motion for Leave to File Supplemental Brief* and ask this Court to deny Plaintiff's motion, or in the alternative wait to decide on the motion until after the Court has issued its decision on Defendant's Motion to Dismiss. Defendants base this request on the following:

### BACKGROUND

1. Plaintiff's complaint was filed on September 24, 2020.

2. Plaintiff's Motion for Preliminary Injunction was filed on September 25, 2020.

3. Defendants filed their Motion to Dismiss For Failure to State a Claim and a response to

      Plaintiff's preliminary injunction motion on April 9, 2021.

4. Plaintiff filed a reply to Defendant's response to Plaintiff's Motion for Preliminary Injunction on April 20, 2021.

5. Plaintiff filed his opposition to Defendants' motion on May 5, 2021.

6. Plaintiff filed a Motion for a Hearing for Plaintiff's Motion for Preliminary Injunction and Defendants' Motion to Dismiss on May 7, 2021.

7. This Court entered an order, denying Plaintiff's Motion for a Hearing, on May 18, 2021.

8. Defendants filed their reply to Plaintiff's opposition to Defendants' Motion to Dismiss on May 19, 2021.

9. On August 7, 2021, Plaintiff filed a Motion for Leave to File Supplemental Brief.

10. As of the date of filing this Opposition to Plaintiff's Motion for Leave, this Court has not entered a decision on Defendants' Motion to Dismiss.

## ARGUMENT

      Rule 15 provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Courts have determined that "the standard . . . in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny a leave to amend." *Fowler v. Hodge*, 94 Fed. Appx. 710, 715 (10th Cir. 2004)(quotation marks omitted). When determining whether to grant a leave to amend, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). District courts may use their "discretion to deny leave" and should do so in "circumstances such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment" and, "futility of amendment." *Earles v. Cleveland*, 825 Fed.Appx. 544, 552 (10th Cir. 2020)(quoting *Foman v. Davis*, 371 U.S. 178, 182,83 (1962))(quotation marks omitted). Indeed, *Earles* held that denial is proper "when it appears that the plaintiff is using Rule 15 to make the complaint a moving target . . . [or] to present theories seriatim in an effort to avoid dismissal." *Id* at 553.

Courts have determined that "[b]ad faith may be inferred . . . if the party seeks leave to amend for an improper purpose." *Graff v. Aberdeen Enterprises II, Inc.*, 2018 U.S. Dist. LEXIS 160879, *17. An improper purpose "occurs when a particular procedural tool is used in an attempt to accomplish a result which that tool, when properly used, could not provide." *Pinon Sun Condo. Ass'n v. Atain Specialty Ins. Co.*, 2019 U.S. Dist. LEXIS 4038, *23. Furthermore, a supplement, like an amendment "is futile if the pleading, as amended, would be subject to dismissal for any reason." *Graff*, at *18.

In our case, Plaintiff seeks to supplement his complaint with the news of another death that Plaintiff blames Defendants for. Sadly, this individual in Plaintiff's proposed supplement, committed suicide sometime after their choices became a topic on one of Defendants' website forums. Plaintiff also "point[s] out" that Defendants' attorney, Gregory Skordas represented individuals against Plaintiff that Plaintiff has sued in the past. *Pl.'s Supplemental Brief in Support of Plaintiff's Motion for Preliminary Injunction and Plaintiff's Complaint*. Plaintiff also notes that Mr. Skordas represented the victim in Plaintiff's criminal matter mentioned in previous briefings. Plaintiff makes repeated personal attacks against the character of Mr. Skordas and his firm in his proposed supplemental briefing. Plaintiff somehow believes that because Mr. Skordas has defended others against Plaintiff's continued legal suits, Mr. Skordas should not now be defending others against Plaintiff's current attacks. Plaintiff believes that Mr. Skordas is

representing these individuals to harass Plaintiff in violation of Rule 11(B) of the Federal Rules of Civil Procedure. Plaintiff does not provide any explanation as to how an attorney, agreeing to defend someone who is being sued, can in anyway been seen as harassing the Plaintiff. Indeed, it makes sense that someone who is being sued would seek out the representation of an attorney who is already familiar with the case to some degree or with the Plaintiff, especially in a case where the Plaintiff is a serial litigant. Mr. Skordas has never been personally sued by Plaintiff, or vice versa. While Plaintiff does not explicitly move the court to issue sanctions against Mr. Skordas in his motion, he makes it clear that he believes the court should. Not only should the court deny Plaintiff's motion based on the futility of amendment, but because Plaintiff's motion reeks of bad faith and dilatory motive.

Plaintiff's supplemental brief offers no new evidence of the claims alleged against Defendants. Plaintiff is using the same ammo he did in his original complaint, finding someone who died by suicide who was once a topic on Kiwi Farms and alleging this makes Defendants liable for the death. Defendants have filed a 12(b)(6) Motion to Dismiss because Plaintiff has failed to state a claim upon which relief can be granted. Supplementing Plaintiff's complaint with this new alleged evidence will not change the futility of Plaintiff's original complaint. Therefore, the court should deny Plaintiff's Motion for Leave to Supplement based on the futility of supplementing the complaint with this new allegation. In the alternative, because the court has not yet issued a ruling on Defendants' Motion to Dismiss, Defendants' request the court stay the motion until the court has decided on Defendants' Motion to Dismiss.

Plaintiff also seeks to supplement his complaint based on bad faith. Based on Defendants' Motion to Dismiss, Plaintiff knows the court has good reason to dismiss his complaint altogether. Plaintiff is now using this supplement as an effort to avoid dismissal through continuing a list of

his unsound legal theories. Furthermore, Plaintiff is seeking to supplement his complaint to disparage the reputation of Mr. Skordas and file with the court derogatory statements against Mr. Skordas' legal practice in a thinly veiled effort to have the court issue sanctions against Defendants' counsel. A Motion for Leave to File a Supplemental Briefing is not a proper procedural tool to request sanctions of opposing counsel. Therefore, Plaintiff's motion should be denied based on bad faith and dilatory motive.

## **CONCLUSION**

Because Plaintiff's Motion for Leave to Supplement is futile, was done is bad faith, and was done with a dilatory motive, Plaintiff's motion should be denied. Furthermore, because the motion was filed in bad faith, Defendants' should be awarded attorney fees and costs incurred in opposing Plaintiff's Motion for Leave.

DATED this the 23rd day of August 2021.

SKORDAS & CASTON, LLC

*/s/ Gregory G. Skordas*
Gregory G. Skordas

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2021, I electronically filed a true and correct copy ofthe foregoing APPEARANCE OF COUNSEL, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

Russell G. Greer
P.O. Box 46602
Las Vegas, NV 89114

*/s/ Stacey Dodier-Legal Assistant*
SKORDAS & CASTON, LLC
