Russell Greer
PO BOX 46602
LAS VEGAS, NV 89114
801-895-3501
russellgreer30business@gmail.com
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>    Plaintiff<br><br>v.<br><br>**JOSHUA MOON,** publisher of the website Kiwi Farms, **and KIWI FARMS**, a website<br><br>    Defendants | **PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No.: 2:20-cv-00647<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

1

Pursuant to Federal Rules of Civil Procedure 15 (a) (2), Plaintiff files a timely motion to amend his Complaint that is accompanying his *Rule 59 ( e )* Motion to Alter and Amend the Judgement. In support of this Motion, Plaintiff shows that granting the amended complaint would not be in bad faith, futile or cause undue delay.

## INTRODUCTION

Courts have traditionally favored that leave to amend should be "freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (reversing denial of leave to amend by citing to Rule 15(a)(2)'s mandate to freely give leave to amend and stating "this mandate is to be heeded"). The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim. Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure § 1357* (2d ed. 1990).

Dismissal of a pro se complaint for failure to state a claim without affording the plaintiff notice or an opportunity to amend is proper only "when it is `patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." [Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991)](#).

As stated in the accompanying Rule 59( e ) Motion to Alter & Amend the Judgement, the Court overlooked the facts and the law that would have established the third prong of contributory copyright infringement. This Amended Complaint cures any vagueness or out of place facts that would make it easier and clearer for this Court to find that Plaintiff indeed has cited and established all 3 elements of contributory copyright infringement.

### The Court Should Permit Plaintiff to file Amended Complaint.

Denial of leave to amend is an abuse of discretion, absent a sufficiently compelling reason, such as "undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by

[previous] amendments ... [or] futility of amendment," *Foman v. Davis*, 371 U.S. 178, 182 (1962)), or undue prejudice to the opposing party. *Id*. at 182.

No ground for denying leave to amend exists here. As the docket in this case reflects, Plaintiff has diligently pursued this case. Any suggestion of bad faith or dilatory motive would thus be wholly unsupported. Plaintiff has not amended his complaint and did not miss any deadlines to amend. In his Motion to Alter the Judgement, Plaintiff has already addressed the Court's bad faith presumption regarding his sincere memorandum briefs that were bringing forth relevant evidence. He again apologizes for any misunderstandings surrounding those briefs. Those briefs were not meant to alter the complaint, but bring forth new information; they were acting as informational briefs. If Plaintiff mislabeled the informational briefs or was confused procedure-wise, he apologizes. This current motion for leave to amend is made in good faith to cure the third prong of his contributory copyright infringement claim and would be in fact amending the complaint.

Plaintiff's proposed amended complaint would not be futile. For the reasons stated in his Rule 59 motion, Plaintiff respectfully submits that this Court erroneously made factual findings in resolving a motion to dismiss that contradict Plaintiff's well-pleaded allegations and failed to give Plaintiff the benefit of inferences to which he is entitled at this stage of the case. Plaintiff's amendment cures the problems this Court found in the complaint in regards to contributory copyright infringement.

For example, the amended complaint more explicitly describes the inducement that was in the original complaint, but was overlooked and may have been too vague for the Court to draw from. See Proposed Amended Complaint ¶ 112 ("stated nature of Moon's website (as found in paragraphs 13-15) is to exploit people and their works for amusement purposes and discussion, and so Moon's website would induce anybody with ill-intentions to infringe. Kiwi Farms

3

"attracts users of a mind to infringe." *Metro– Goldwyn–Mayer Studios, Inc. v. Grokster, Ltd* (2005).

The proposed amended complaint also clarifies the FAQs inducement argument that Plaintiff claims was in his original Complaint that gave rise to Defendant's inducement: "The FAQs page would also act as inducement because it encourages and induces infringement under the guise of fair use. Infringers feel that they can purposely get away with infringing based on those FAQs, knowing that Kiwi Farms and Joshua Moon will not do anything about it, as the same set of FAQs states that Kiwi Farms does not "ever delete threads on people" unless those people get medicated or grew up." EXHIBIT Y. ¶ 114.

The amended complaint also alleges a third example of inducement: fostering infringement. "The FAQs page, under the same set of facts, also shows that Kiwi Farms "fosters" infringement, under the misguided claim of fair use. *Metro–Goldwyn–Mayer Studios, Inc. v. Grokster*, Ltd (2005). (one who fosters infringement, is liable for the resulting acts of infringement by third parties). Id. ¶¶ 115.

The proposed amended complaint also shows how defendants' fail to differentiate between why non-famous works are fair use, but famous works are not, showing that Moon's inducement has no viable leg to stand on. "The FAQs page does not show, nor does Mr. Moon's 04-2019 email to Greer, why non- famous works are more fair use than famous works. Instead, per Moon's email, because Greer has been on the news for different things, his works can be used in their entirety for discussion and fair use. With that logic, anybody could upload any movie or song belonging to anybody, citing a simple dislike for said person, and gleefully infringe without impunity. That is contrary to copyright law and is clear inducement and fostering of infringement to allow users to do that." ¶¶ 116.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion to set aside the judgment and to allow Plaintiff to file the accompanying Amended Complaint.

Respectfully

DATED: September 26th, 2021

                                              Respectfully submitted

By:

Russell Greer
Pro Se Litigant
/rgreer

## **CERTIFICATE OF SERVICE**

An electronic copy of the Motion for Leave to File Amended Complaint has been sent to the following attorneys, Greg Skordas, via the court electronic filing system.