Gregory G. Skordas (#3865)
Gabriela Mena (#17087)
Benjamin Gabbert (#17995)
SKORDAS & CASTON, LLC
124 South 400 East, Suite 220
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Attorneys for Defendant
gskordas@schhlaw.com
gmena@schhlaw.com
bgabbert@schhlaw.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL G. GREER,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA MOON, an individual, and KIWI FARMS, a website.<br><br>    Defendants. | **MEMORANDUM OPPOSING PLAINTIFF'S MOTION TO ALTER & AMEND THE ORDER AND JUDGMENT AND TO REOPEN THE CASE**<br><br>Case No. 2:20-CV-00647<br><br>Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

Defendants, by and through their attorney, hereby oppose Plaintiff's Motion to Alter & Amend the Order and Judgment and to Reopen the Case and ask this Court to deny Plaintiff's motion. Defendants base this request on the following:

### **BACKGROUND**

1. Plaintiff's complaint was filed on September 24, 2020.

2. Defendants filed their Motion to Dismiss For Failure to State a Claim on April 9, 2021.

3. Plaintiff filed his opposition to Defendants' motion on May 5, 2021.

4. Plaintiff filed a Motion for a Hearing for Defendants' Motion to Dismiss on May 7, 2021.

5. This Court entered an order, denying Plaintiff's Motion for a Hearing, on May 18, 2021.

6. Defendants filed their reply to Plaintiff's opposition to Defendants' Motion to Dismiss on May 19, 2021.

7. On August 7, 2021, Plaintiff filed a Motion for Leave to File Supplemental Brief.

8. On September 21, 2021, this Court granted Defendants' Motion to Dismiss with Prejudice.

9. On September 29, 2021, Plaintiff filed a Motion to Alter & Amend the Order and Judgment and to Reopen the Case.

## ARGUMENT

Under Rule 59 a party may petition a court to alter or amend a prior judgment. One reason to grant such a motion is "the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)[1]. A Rule 59 motion is warranted when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.* It is not appropriate for a party to use Rule 59 as a way to "revisit issues already addressed." *Id.* In fact, courts regularly deny Rule 59 motions when "the movant rehashes old arguments, attempts to reargue more persuasively issues already presented to and addressed by the Court, or tries to take a second bite at the apple." *Klein-Becker USA, LLC V. All Web, LLC*, 2007 U.S. Dist. LEXIS 51996, *4 (D.Utah 2007). While it is true that clear error or manifest injustice must be based on arguments that have been previously raised, the parties are not free to relitigate issues that the Court has already decided. *Id.* at 3 (quoting *United States v. Jasin*, 292 F.Supp 2d 670, 676 (E.D.Pa. 2003)). District courts have substantial discretion to deny or grant a Rule 59(e) motion. *Nelson v. City of Albuquerque*, 925 F.3d 1187, 1192 (10th Cir. 2019) (Hartz,

---

[1] Rule 59 motions are essentially the same as a motion to reconsider. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

H., dissenting).

## Plaintiff has not met his burden of proving that the Court failed to consider or misapprehended a fact or controlling law.

Plaintiff has failed to identify any fact, position, or controlling law that actually has been misapprehended by the Court. Rather, Plaintiff wishes to relitigate the issues in Defendant's Motion to Dismiss. First, Plaintiff argues that the Court missed the part in his Complaint where the inducement was properly plead. In its order of dismissal, the court held that "prongs (1) and (2) of contributory copyright infringement" were "sufficiently alleged" but "[w]hat is missing is the Defendants' intentionally causing, inducing, or materially contributing to the infringement." Plaintiff appears to interpret this to mean that he failed to raise the issue, but that is not what the Court held. The Court ruled that Plaintiff failed to sufficiently allege inducement in his complaint, not that he failed to raise it. And the Court is not wrong.

While on its face Plaintiff is trying to argue that the Court made an error, the essence of Plaintiff's argument is that the Court was wrong for disagreeing with him. For example, in the motion Plaintiff states that his Complaint "explained how Moon's views on Fair Use were wrong," then went on to reargue his position from his Complaint. But the Court has read the complaint and arguments from both parties, then ruled that it did not agree with Plaintiff's legal theories. Just because the Court did not agree with Plaintiff's theories does not mean that the Court failed to consider them. Even if Plaintiff were right, the mere fact that someone "could easily turn to Moon's FAQs and feel that they are allowed to upload" content that is not "famous" is not the same as inducing or encouraging users to infringe copyrights. Even assuming that Moon's position on Fair Use is misguided, Plaintiff has failed to show how an FAQ stating that the site recognizes and allows for fair use is inducing people to infringe. Fair use is a

legitimate defense to copyright infringement. 17 USC § 107, (see also *Google LLC v. Oracle Am., Inc.,* 141 S. Ct. 1183, 1289-90 (2021)). Moon's reliance on that theory is not so misguided that the Court clearly erred by not finding that the FAQ, or any of the other allegations listed in Plaintiff's motion, did not rise to the level of inducement. Again, the Court reviewed the Complaint and all of Plaintiff's legal theories, then simply disagreed with him. And it is inappropriate for Plaintiff to use a Rule 59 motion to relitigate that issue.

Plaintiff also alleges that the DMCA notice entitled "Take that off the God Damn Internet" is evidence of infringement. This claim fails for the same reason as previously stated: Plaintiff fails to point to any evidence that the Court did not actually read through and consider his Complaint and Opposition to Defendant's Motion to Dismiss in their entirety. Once again, Plaintiff's argument is nothing more than a thinly veiled attempt at telling the Court that because it disagreed with him it clearly must have missed something. Without evidence showing that the Court failed to consider the information he reiterates in his motion, Plaintiff has failed to meet his burden that there was clear error or manifest injustice.

Next, Plaintiff alleges that "the very nature of Moon's site is meant to document and collect the actions and works of those Defendants deem to be weird." Even if this were true—which Defendants do not concede—the Court was correct to hold that Plaintiff failed to adequately show actual inducement. Contrary to Plaintiff's assertions, *MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, (2005), does not support his claims.

In *Grokster*, the Supreme Court vacated the order of the Court of Appeals because "evidence of the distributors' words and deeds going beyond distribution as such shows a purpose to cause and profit from third-party acts of copyright infringement." *Id.* at 940. The big difference in *Grokster* is that in that case the defendants intentionally performed acts to

encourage users to infringe on copyrights. *Id.* at 925-927. The Court held that "[i]f liability for inducing infringement is ultimately found, it will not be on the basis of presuming or imputing fault, but from inferring a patently illegal objective from statements and actions showing what that objective was." Plaintiff is asking the Court to impute fault based on the possibility that someone could read the FAQ and think it was acceptable to infringe, or they would feel safe to infringe because Defendants failed to remove content they believed were being legally used under fair use. Not only did Defendants make it clear in the FAQ that actual copyright infringement would not be allowed, the FAQ stated that fair use would be allowed. And that is a legitimate and lawful purpose because fair use "including such use by reproduction in copies…for purposes such as criticism…is not an infringement of copyright." 17 USC § 107. As such, Defendants have taken no steps to actually facilitate or encourage copyright infringement and the Court was correct to hold that Plaintiff failed to sufficiently allege inducement.

Next, Plaintiff alleges that the Court misapplied the law by requiring him to "plead each and every fact and point," and claims that the Court has required him to use the word "induce" somewhere in his Complaint. Plaintiff is incorrect. Again, the Court stated that Plaintiff failed to sufficiently allege inducement and not that Plaintiff failed to raise the issue. Further, nowhere in the Order of Dismissal did the Court state that Plaintiff's claim failed for failing to use the word "inducement." As such, Plaintiff has failed to meet his burden that the Court misapplied *Grokster*.

Similarly, Plaintiff next alleges that "[t]he Court overlooked that other cases within the 10th Circuit have cited FAQs as counting as guidance in cases." The Court never stated that an FAQ could never be a source of inducement, just that this particular FAQ did not. Further, a ruling that FAQs could be a source of inducement is not required here because that was not an

issue before the Court. Defendants never argued that an FAQ could never be a source of inducement, so it was not clear error or manifest injustice for the Court to not make such a finding. As such, the Court did not ignore or otherwise overlook binding Tenth Circuit precedent.[2]

Next, Plaintiff alleges that it was error for the Court to fail to apply Ninth Circuit precedent claiming that "there is no reason this Court cannot look to other district courts within the 10th Circuit in how they favorably cite 9th Circuit copyright cases." Once again, Plaintiff's argument is nothing short of an attempt to assign error for not doing what the Plaintiff asked. Nowhere in the Order of Dismissal did the Court state that it cannot rely on other circuits, the Court merely stated that it had chosen not to. As the Court is undoubtedly aware, the only precedent binding on a district court is 10th Circuit Court of Appeals and United States Supreme Court cases. Courts are not required to apply the law of other district court judges, district courts within the circuit, or opinions from other circuits. *United States v. Martinez-Cruz*, 836 F.3d 1305, 1311 (10th Cir. 2016) ("Although case law from other circuits has persuasive weight," the Tenth Circuit stated that the other cases did not persuade them."); *United States v. Smith*, 454 Fed Appx. 686, 695 (10th Cir. 2012) ("although decisions from other circuits 'are persuasive and entitled to great weight,' we are not bound by them."); *Christine S. v. Blue Cross Blue Shield of N.M.*, 428 F. Supp. 3d 1209, 1226 (D.N.M. 2019) (Describing cases from "sister circuits and other district courts" as "persuasive authority."); These sources of law are persuasive authority at best, and it is within the court's discretion to apply persuasive authority. Further, each individual case is different. While the subject matter may be the same, the individual facts, circumstances,

---

[2] None of the cases improperly cited by Plaintiff stand for the proposition that a judge must consider an FAQ to be a source of guidance to judges.

and issues may be different. As such, it is within the discretion of the district court judge to accept or reject persuasive authority. It is not error for the Court to disagree with Plaintiff's position, and it is not an error of law for the Court to decline to adopt Ninth Circuit precedent.

**The Court's decision to deny request to supplement was not error**

Plaintiff claims that the Court misunderstood his claim when he filed his two Motions to Supplement because he "did not mean for that to waive any future chances at amending his Complaint." However, the Court did not deny these motions because Plaintiff waived any right to amend. The first supplemental brief was denied because it was "wholly improper" and does not "give the court pause about granting the Defendants' motion to dismiss." The second memorandum brief was denied because it "introduces an anonymous email" that "has no bearing on any of [Plaintiff's] causes of action against the Defendants." It is therefore irrelevant that Plaintiff did not intend to waive his right to amend his complaint as the amendments he tried to submit are still not relevant and are inappropriate.

Further, the Court should deny Plaintiff's request to file his Amended Complaint. "[O]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated." *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005)[3]. This means that in order for Plaintiff to prevail on his request to amend his complaint he must first prevail on his Rule 59(e) motion. *Id.* at 1087-88 ("Moreover, even though Rule 15(a) states that 'leave [to amend] shall be freely given when justice so requires,' 'this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint

---

[3] Defendants recognize that "a dismissal without prejudice is usually not a final decision," but assert that because the Court also denied Plaintiff's motions to supplement "the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court" and absent the Court granting the Rule 59(e) motion "plaintiff has been effectively excluded from federal court under the present circumstances." *GPIII, Inc. v. Hyrum City*, 2005 U.S. Dist. LEXIS 34498, *7-8 (D.Utah).

after judgment has been entered and a case has been dismissed.'") The reason for this is that once a court has dismissed a claim, allowing the Plaintiff to amend the complaint "is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Id.* at 1087. There is no dispute that Plaintiff had the opportunity to request leave to amend his complaint prior to the case being dismissed. Rather, he specifically declined his option to do so by stating that his motions to supplement were not motions to amend his complaint. Courts have previously "refused to allow a postjudgment amendment when, as here, the moving party had an opportunity to seek the amendment before entry of judgment but waited until after judgment before requesting leave." *Id.* at 1088.

Plaintiff also alleges that he should be allowed to amend his pleadings because "he believed he stated all three elements of contributory copyright infringement, so he never knew he would have to amend or alter his complaint to cure deficiencies." What Plaintiff knew, or didn't know, is irrelevant to the analysis. It is quite the statement for Plaintiff to say that he was not aware that the Court could find his argument not persuasive. Anytime a person files a case there is always the possibility that the court will disagree with their allegations. Most lawyers—or pro se litigants—that have had a case dismissed believed that their filings had merit. But belief in your position is not a reason to allow a person to move the goal posts and continue to litigate an issue over and over again until they get it right. Plaintiff's Complaint failed to sufficiently allege inducement and he waited until the case was dismissed to do anything about it. Even though Plaintiff's pleadings were reviewed by a lawyer, that does not make them immune to dismissal.

Plaintiff next claims that his prior briefs were not filed in bad faith. This is a clear request to relitigate the issues already decided by the Court, which is inappropriate to do in a Rule 59(e) Motion. The issue is also irrelevant as Plaintiff appears to have abandoned his attempt to

supplement his Complaint and chooses to file an Amended Complaint instead. As such, the Defendants will not address this issue as it is moot.

Defendants also reserve the right to address Plaintiff's remaining arguments—relating to bad faith, futility, and delay—should the Court grant the Rule 59(e) motion. These claims are not ripe before the Court at this time as the Rule 59 motion is not yet decided. *Tool Box, Inc.,* 419 F.3d at 1087-88 ("[O]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated.").

## **CONCLUSION**

Plaintiff's motion raises several straw men in an attempt to dodge the issue at hand: that he takes exception with the Court ruling against him. Plaintiff's motion assumes that the Court had to have missed something, or misapplied the law, because it came to a different conclusion than Plaintiff did. To the contrary, the Court did not "misapprehended the facts, a party's position, or the controlling law" in its Order of Dismissal and Plaintiff's Rule 59 motion is an inappropriate attempt to relitigate issues and get a second bite at the apple. Furthermore, because the motion was filed in bad faith, Defendants' should be awarded attorney fees and costs incurred in opposing Plaintiff's motion.

DATED this the 18th day of October 2021.

SKORDAS & CASTON, LLC

*/s/ Gregory G. Skordas*  
Gregory G. Skordas

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, I electronically filed a true and correct copy of the foregoing MEMORANDUM OPPOSING PLAINTIFF'S MOTION TO ALTER & AMEND THE ORDER AND JUDGMENT AND TO REOPEN THE CASE, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

Russell G. Greer
P.O. Box 46602
Las Vegas, NV 89114

*/s/ Stacey Dodier-Legal Assistant*
SKORDAS & CASTON, LLC