Case 2:20-cv-00647-TC   Document 43   Filed 10/22/21   PageID.534   Page 1 of 7

Russell Greer
PO BOX 46602
LAS VEGAS, NV 89114
801-895-3501
russellgreer30business@gmail.com
Pro Se Litigant

FILED
2021 OCT 22 AM 6:18
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>     Plaintiff<br><br>v.<br><br>**JOSHUA MOON,** publisher of the website Kiwi Farms, **and KIWI FARMS**, a website<br><br>     Defendants | **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO DOC 40**<br><br>Case No.: 2:20-cv-00647<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

1

## INTRODUCTION

Pursuant to Local Rule DUCiVR 7-1(3)(B), Plaintiff files a timely Reply in response to Defendants' Opposition Motion.

**DEFENDANTS' OPPOSITION MEMORANDUM IS UNTIMELY AND WAIVED**

On 10-18-21, Defendants filed their opposition memorandum to Doc 40 (Plaintiff's 59€ motion). Plaintiff filed his motion to alter the judgement on 09-29-21, which was 8 days after the Court's final judgement and was within FRCP 59 statutory guidelines. However, said statute does not offer a specific deadline for Defendants to reply, so the local rules kick in to guide.

Local Rule DUCiR 7-1B(3) states that motions made pursuant to FRCP 12(b), 12(c), and 65 can be filed within 28 days after service of motion. All other motions opposing said motion must be filed within 14 days. Defendants filed their opposition 19 days after service of Plaintiff's Doc 40.

Defendants have not said that their late filing was due to excusable neglect. While mistakes happen, "no matter how well run the office," inadvertence, "ignorance of the rules, or mistakes concerning the rules do not usually constitute `excusable neglect.'" *Kenney v. Citimortgage* (D. Kansas 2015). Defendants did not give an excuse for their late filing. Plaintiff, as a pro se litigant, has been mindful of the Rules of the Court, and doesn't feel it's fair that Defendants didn't meet the filing deadline without offering any explanation for their delay, as pro se litigants are expected to follow the rules of court as well as other litigants. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (Quote: "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.")

Plaintiff does feel prejudiced by the delay in Defendants' late filing because this case really meant a lot to Plaintiff, as the CDA does not protect Defendants in regards to copyright infringement, and so he is trying to get the case reinstated and thus he has abided by every rule.

By Defendants not following the local rules, it shows that they do not care. Based on that, the Defendants' opposition motion (Doc 42) should not be considered. *In re Scott Kirkland,* 86 F.3d (10th Cir 1996) (upholding dismissal for failing to show good cause in delay of filing).

However, in case the Court decides to consider Defendants' late motion, Plaintiff will address their contentions.

## PLAINTIFF HAS MET HIS BURDEN IN SHOWING ERROR

Defendants insist that Plaintiff is unhappy with the results of the 09-21-21 decision and so they claim he is only relitigating issues. This simply isn't true. Plaintiff was clearly showing how facts were not cited in the final order. No where in the Court's decision was there any addressing the FAQs that Plaintiff included in his Complaint, which would show inducement. The Court system is supposed to be fair for both parties. By the Court not addressing each important fact stated in the argument, it lends the belief that said facts and laws were overlooked and not considered, thus denying Plaintiff justice when he met his burden of showing plausibility. Facts can be shown to be overlooked when the Court does not address them in their orders. *Servants of the Paraclete v. Great American Insurance,* (D. New Mexico 1994) (Court granted Rule 59€ motion, finding, "the Court did not decide extent of liability issues in its…order. The Court will therefore grant this portion of Great American's Rule 59(e) motion.").

It's not thinly veiled or an assumption that the Court overlooked the facts and the law. It can easily be shown that the facts were overlooked because the Court's ruling does not align with established Supreme Court law, e.g. *Grokster*.

Plaintiff easily showed in his Complaint, Doc 26 and in his Motion to Alter the Judgement how the FAQs would count as inducement, when he pointed out on Page 6 of said Motion that the Court did not fully apply the controlling and guiding Supreme Court case of *Grokster*, when Plaintiff cited his Doc 26 motion where he elaborate on Grokster by showing how the FAQs would count as advertising. Anybody can go onto Moon's site and see that the FAQs

3

"communicate a clear message" that infringement is ok because said works aren't famous. *Groskter* at 938, 125 S.Ct. 2764. The FAQs "broadcasts a message designed to stimulate others to commit violations." *Id* at 937, 125 S.Ct. 2764.

Plaintiff gave plenty of plausibility facts (notice pleading) that would help show inducement for the Court to draw on. In Doc 26, that is when Greer showed legal arguments in how the FAQs communicated a clear message by advertising and stimulating others. That is when Greer cited *Grokster*. By citing *Grokster*, the Court should have applied the holding of *Grokster* or shown how with all of the facts, *Grokster* wouldn't support Plaintiff. By not addressing *Grokster* in its final order (the Court only cited Grokster in setting up the three points of infringement), the Court shows that such holding was overlooked.

In his Motion to Alter, Plaintiff also showed how the Court overlooked the DMCA notices and emails to Greer being posted counting as inducement. If Grokster had been fully applied, the Court would have found that the DMCA notices and accompanying emails were "internal communications" that provided "unequivocal indications of unlawful purpose. Whether the messages were communicated [to potential customers] is not... the point.... The function of the message in the theory of inducement is to prove by a defendant's own statements that his unlawful purpose disqualifies him from claiming protection." *Id.* at 938, 125 S.Ct. 2764. By Moon refusing to remove the copyrighted works and telling Greer why (as already shown in previous motions) and then posting the messages onto the site section, Moon's own statement disqualified him from claiming immunity from contributory copyright infringement.

The assertion that Plaintiff has to prove Moon's users were guided by the FAQs specifically is not Plaintiff's responsibility. Per *Grokster,* Greer only had to show "clear messages" that "advertise or….broadcasts a message designed to stimulate violations". No where in that holding was Plaintiff required to act as a psychologist and study the minds of the direct infringers and prove they relied on said messages. Plaintiff only had to show actions on Moon's part that would

4

make the claims *plausible.* The burden then shifted to Defendants to show that the FAQs did not clearly express or stimulate copyright infringement, which Defendants failed to do.

Respectfully, this isn't relitigating the issues or the law. This is showing that the Court respectfully overlooked the facts and misapplied the law that Plaintiff originally made. As a matter of law, Plaintiff showed in his original Complaint and in his Doc 26 that he sufficiently cited all three prongs. This isn't relitigating. This is showing that the Court did not follow the guidance of the highest court in following findings of inducement. No way could any Court not find that the FAQs would not count as inducement or that posting DMCA notices and email exchanges asking for works to be removed (onto a section of the site meant to mock such requests and in turn cause inducement) would not count as inducement because refusing to find so would run against the Supreme Court ruling of *Grokster* that showed identical facts counting as inducement. It would be denying Plaintiff justice and fairness to not fully follow the guidance of the Supreme Court, which is what Greer relied on in making his case in his Complaint and Doc 26 before the Court ever dismissed the case.

However, in terms of relitigating, Defendants waived their right to argue fair use (in their recent opposition motion on page 4) by not arguing it in their Motion to Dismiss (Doc. 20). So by them finally raising that argument in their opposition to the motion to alter, it would be them who are relitigating issues. Plaintiff already showed in his Complaint how he considered Moon's fair use defense and prima facie, their fair use defense failed because the entirety of Greer's works are being used and because of the effect on the market. If Defendants wanted to rely on that argument, they should have made that argument in their 12(B)(6) motion back in Doc 20. *Bentley v. Cleveland Cty. Bd. of Cty. Comm'rs,* 41 F.3d 600, 604 (10th Cir. 1994) ("Failure to plead an affirmative defense results in a waiver of that defense.").

As stated, Plaintiff pointed out that the Court respectfully did not take in all of the facts and consider controlling law because as stated, the Court's final order does not match with established law that lower courts are bound by. Plaintiff has met his burden in showing error.

**Conclusion**

As shown, Plaintiff has not relitigated his case, but rather, he has shown respectfully that the Court made an error in overlooking vital facts and not fully applying the controlling law of *Grokster*.

Respectfully

DATED: October 21st, 2021

Respectfully submitted,

By: /s/

Russell Greer
Pro Se Litigant
/rgreer/

## **CERTIFICATE OF SERVICE**

An electronic copy of Plaintiff's Reply to Defendants' Opposition to Doc 40 has been sent to the following attorneys, Greg Skordas, via the court electronic filing system.