IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL G. GREER,<br><br>     Plaintiff,<br><br>v.<br><br>JOSHUA MOON, an individual,<br>and KIWI FARMS, a website,<br><br>     Defendants. | **ORDER AND MEMORANDUM DECISION**<br><br>Case No. 2:20-cv-00647-TC-JCB<br><br>District Judge Tena Campbell |

Before the court is Plaintiff Russell Greer's "motion to alter and amend the order and judgment and to reopen the case." (ECF No. 40.)  He cites Federal Rule of Civil Procedure 59(e), which permits this sort of motion to be filed "no later than 28 days after the entry of the judgment."  Because the court entered judgment on September 21, 2021, Mr. Greer's motion is timely.  Essentially, Mr. Greer is asking the court to reconsider its order granting the Defendants' motion to dismiss.  See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.").

In his motion, Mr. Greer argues that the court "overlooked the fact that Plaintiff did indeed properly plead inducement." (Mot. at 3, ECF No. 40.)  He then contends that the court misapplied the Supreme Court's holding in Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913 (2005).  Next, he chastises the court for not applying the Ninth Circuit's rule in A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001).  Finally, Mr. Greer states that the court misinterpreted his filing of two supplemental memorandum briefs as "waiv[ing] any chance at amending" his complaint. (Mot. at 9.)  Instead, in his view, the court

should have allowed him leave to amend.  In his reply, Mr. Greer protests that the Defendants' opposition memorandum (ECF No. 42) was untimely filed, and as a result, it should be disregarded.  The court will address each argument in turn.

## I.     The Defendants' Memorandum

As an initial matter, Mr. Greer points out that the Defendants' memorandum in opposition was not filed on time.  The Local Rules state that responses to motions other than those filed under Federal Rules of Civil Procedure 12(b), 12(c), or 56 must be filed within fourteen days after service of the motion.  DUCivR 7-1(b)(3)(B).  The Defendants' memorandum in opposition was five days late and contained no explanation for the untimely filing.  However, in the interests of resolving this motion and the litigation, the court exercises its discretion and will consider the Defendants' response.  In doing so, the court does not believe that it is "exceed[ing] the bounds of permissible choice in the circumstances."  Loughridge v. Chiles Power Supply Co., 431 F.3d 1268, 1275 (10th Cir. 2005).

## II.    Inducement, Grokster & Kiwi Farms' FAQs

Second, the court did not err in holding that Mr. Greer had not plausibly pleaded inducement in his contributory copyright infringement claim.  Nowhere did the court say that Mr. Greer's failure to use the word "induce" or "inducement" was the reason his complaint was deficient.  On the contrary, the court considered all the facts presented in Mr. Greer's complaint, construed them "liberally," and read past any "defects" in Mr. Greer's "use of legal terminology." Smith v. Krieger, 643 F. Supp. 2d 1274, 1279 (D. Colo. 2009) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).  The facts pleaded in Mr. Greer's complaint did not "permit the court to infer more than the mere possibility of misconduct."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Therefore, it was appropriate to dismiss his complaint.

The court did not misapply the Supreme Court's holding in <u>Grokster</u>, nor did it fail to consider Mr. Greer's "FAQ" argument.  In <u>Grokster</u>, the Supreme Court wrote:

> Evidence of "active steps . . . taken to encourage direct infringement," such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged overcomes the law's reluctance to find liability when a defendant merely sells a commercial product suitable for some lawful use.

<u>Grokster</u>, 545 U.S. at 936 (citation omitted).  But Mr. Greer's complaint did not demonstrate a plausible claim for relief for contributory infringement, even under the theory that the Defendants' FAQs "encourage[d] direct infringement."  Kiwi Farms' FAQ section allegedly says that the website "do[es] not host well-known copyrighted content. What copyrighted content [Kiwi Farms] do[es] host is usually covered under Fair Use."  (Compl. ¶ 64, ECF No. 3.)  These two sentences from the FAQ do not "advertis[e] an infringing use," nor do they "instruct[] how to engage in an infringing use."  Fair use is not an infringing use.[1]  And Mr. Greer's assertion that the FAQs "encourage[] infringement on non-famous works" is nothing more than speculation. This argument did not move Mr. Greer's claim from possible to plausible, and it was properly rejected.

Moreover, the court was not required to give every possible reason to grant the motion to dismiss.  The court did, however, give all of Mr. Greer's arguments full and fair consideration. To the extent that Mr. Greer seeks to "revisit issues already addressed or advance arguments that could have been raised in prior briefing," the court will not do so.  <u>Servants of Paraclete</u>, 204 F.3d at 1012.

/ / /

/ / /

---

[1] This is true even though the court did not need to reach the fair use issue in its ruling.

### III.   <u>Napster</u>

Third, it was not error for the court to decline to apply the out-of-circuit precedent in <u>Napster</u>.[2]  Simply put, a Rule 59(e) motion can raise the court's misapplication of "controlling law," but <u>Napster</u>, a Ninth Circuit case, is not "controlling law" in this district.  A sister district court's citation of <u>Napster</u> does not change this fact.

### IV.   **Leave to Amend**

Finally, it was not error to deny Mr. Greer permission to amend his complaint.  As the Tenth Circuit has emphatically held, "once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated."  <u>Seymour v. Thornton</u>, 79 F.3d 980, 987 (10th Cir. 1996) (quoting <u>Cooper v. Shumway</u>, 780 F.2d 27, 29 (10th Cir. 1985)).  Because there are no grounds to vacate the judgment, Mr. Greer cannot file an amended complaint at this late juncture.  Of course, Mr. Greer's two proposed "memorandum briefs" did not waive his right to later amend the complaint.  But he never asked the court for permission to amend his complaint, just for permission to, as he put it, "introduce new evidence."  (Mot. at 9.)

Mr. Greer "had an opportunity to seek the amendment before entry of judgment but waited until after judgment before requesting leave."  <u>Tool Box, Inc. v. Ogden City Corp.</u>, 419 F.3d 1084, 1088 (10th Cir. 2005).  The court is under no obligation to give leave to amend when a plaintiff does not even request it.  <u>See, e.g.</u>, <u>Curtis Ambulance of Fla., Inc. v. Bd. of Cnty. Comm'rs</u>, 811 F.2d 1371, 1386 n.15 (10th Cir. 1987) ("[T]he district court is [not] obligated to conduct [the plaintiff's] case for it.");  <u>Calderon v. Kan. Dep't of Soc. & Rehab. Servs.</u>, 181 F.3d

---

[2] Although Mr. Greer cites <u>Napster</u>, the applicable Ninth Circuit rule also comes from <u>Perfect 10, Inc. v. Amazon.com, Inc.</u>, 508 F.3d 1146, 1172 (9th Cir. 2007), which bases its holding on <u>Napster</u>.

1180, 1186–87 (10th Cir. 1999) (holding that "a request for leave to amend must give adequate notice to the district court and to the opposing party").

As an aside, Mr. Greer may well have had a plausible cause of action under the Digital Millennium Copyright Act, or even a claim for vicarious copyright infringement.  See Grokster, 545 U.S. at 930 (defining vicarious infringement as "profiting from direct infringement while declining to exercise a right to stop or limit it").  But it is improper for the court to "assume the role of advocate for the pro se litigant."  Hall, 935 F.2d at 1110.  Mr. Greer failed to state a claim for contributory copyright infringement.

## V.    Conclusion

While the court is disheartened to read that Mr. Greer feels that the litigation process was unfair, he remains free to raise his concerns on appeal.  As it stands, there was no clear error or manifest injustice in this case.

Accordingly,

Because the court discerns no error in its ruling dismissing the complaint with prejudice, the court DENIES Mr. Greer's Rule 59(e) motion (ECF No. 40).

DATED this 26th day of October, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge