Mr. Russell G. Greer  
P.O. Box 46602  
Las Vegas, Nevada 89114  
(801) 895-3501  

*Pro Se Litigant*

FILED  
2023 OCT 26 AM 7:37  
CLERK  
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| RUSSELL G. GREER, | **APPELLATE RULE 39(e) BILL OF COSTS** |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:20-cv-00647-TC-JCB |
| JOSHUA MOON, an individual, and KIWI FARMS, a website, | District Judge: Hon. Tena Campbell |
| Defendants | |

Pursuant to Federal Rule of Appellate Procedure 39(e), Plaintiff Russell G. Greer hereby respectfully requests that the Court tax $563.77 in appellate costs against Defendants Joshua Moon and Kiwi Farms.

I. BILL OF COSTS

Costs are taxable for the following categories in the following amounts:

| *Category of Costs* | *Governing Rule* | *Taxable Amount* |
|---|---|---|
| Record Transmission | Fed. R. App. P. 39(e)(1) | $58.77 |
| Notice-of-Appeal Fee | Fed. R. App. P. 39(e)(4) | $505.00 |
| Total | - | **$563.77** |

1

## II.  MEMORANDUM OF COSTS

Although some appellate costs are taxed in the Court of Appeals, Fed. R. App. P. 39(d), other appellate costs are taxed in this Court, Fed. R. App. P. 39(e) ("taxable in the district court for the benefit of the party entitled to costs"); City of San Antonio v. Hotels.com, L.P., 141 S. Ct. 1628, 1632 (2021) (same).

Mr. Greer is entitled to appellate costs because the Court of Appeals reversed.  Specifically, if a trial court's "judgment is reversed, costs are taxed against the appellee[s]"—*i.e.*, against Defendants Moon and Kiwi Farms, who were the appellees on appeal—unless ordered otherwise.  See Fed. R. App. 39(a)(3).

Mr. Greer seeks taxation of costs for "the preparation and transmission of the record" in the amount of $58.77.  See Fed. R. App. 39(e)(1); see also, e.g., In re Brizo, 2022 U.S. Dist. LEXIS 7647, *6 (S.D. Fla. Jan. 14, 2022) (R&R) (recommending taxation of costs for "service of appendix ($30)"); In re Lindquist, 2006 Bankr. LEXIS 2004, *8 (Bankr. D. Or. Aug 18, 2006) (noting previous taxation of "transmittal costs in the form of the messenger charges for delivery […] in the amount of $75.00").

Mr. Greer also seeks taxation of costs for "the fee for filing the notice of appeal."  See Fed. R. App. P. 39(e)(4); see also, e.g., King v. Gowdy, 2008 U.S. Dist. LEXIS 32755, *10-11 (E.D. Mich. Apr. 22, 2008) ("Finally, plaintiff seeks to tax his $455 appeal fee against defendant.  This is clearly a taxable cost.").

Although Mr. Greer is proceeding *in forma pauperis*, the notice-of-appeal fee is taxable.  That's because IFP status waives the "*prepayment* of fees"—not the incurring of them or the obligation to pay them.  See ECF No. 2 (IFP order); 28 U.S.C. § 1915(a)(1) (emphasis added).  The U.S. incurred this fee.

Moreover, the IFP statute expressly states that costs are still taxable in IFP cases—just not against the federal government for those costs that it has prepaid. 28 U.S.C. § 1915(f)(1) ("Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred."); <u>Shabazz v. Parsons</u>, 127 F.3d 1246, 1248 (10th Cir. 1997) (An IFP litigant "may recover costs against defendants other than the United States.").

### III. VERIFICATION OF COSTS

I, Russell G. Greer, hereby make this Declaration in support of this Bill of Costs. The following statements are true to the best of my knowledge, information, and belief, and I could testify to them if called as a witness:

1. I am the Party seeking the taxation of appellate costs.

2. The costs are correct, have been necessarily incurred, and were for services actually and necessarily performed.

3. I prepared and transmitted—or had prepared and transmitted—the required portions of the record to the Court of Appeals.

4. True and correct copies of the relevant receipt for this preparation and transmission of the portions of record required are shown in the following image:



5. The federal government, *i.e.*, the United States, has incurred $505 for my appeal. See ECF Doc. 2 (IFP order); ECF Doc. 34 (notice of appeal).

**I hereby declare that the above statements in this Declaration are true to the best of my knowledge and belief, and that I understand that these statements are made for use as evidence in court and are subject to penalty for perjury.**

Date: October 26, 2023                     Respectfully submitted,

*/s/ Russell G. Greer*
Russell G. Greer

## IV. CONCLUSION

For the above-stated reasons and pursuant to the above-cited authorities, Plaintiff Russell G. Greer respectfully requests that the Court tax $563.77 in appellate costs against Defendants Joshua Moon and Kiwi Farms.

Date: October 26, 2023                     Respectfully submitted,

*/s/ Russell G. Greer*[1]
Mr. Russell G. Greer
P.O. Box 46602
Las Vegas, Nevada 89114
(801) 895-3501

*Pro Se Litigant*

---

[1] This request for the taxation of appellate costs was prepared by my appellate counsel—Mr. Andrew Grimm, an attorney at the DIGITAL JUSTICE FOUNDATION. He is an admitted member of the bar of the United States Court of Appeals for the Tenth Circuit.

## V. CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing has been served via this Court's CM/ECF.


Date: October 26, 2023          Respectfully submitted,

                 */s/ Russell G. Greer*
                 Russell G. Greer