**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>        Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, et al.<br><br>        Defendant. | **MOTION UNDER FED. R. P. 19**<br><br>Case No. 2:20-cv-00647-DBB<br><br><br>District Judge David Barlow<br>Magistrate Judge Cecilia M. Romero |

NOW COME the Defendants, without waiving their right to relief in any other motion which is filed contemporaneously, and file this Motion to compel the Plaintiff to join all necessary parties to this action pursuant to Fed. R. Civ. P. 19, or alternatively to dismiss this case for the failure to join all necessary parties.

Plaintiff alleges in his Complaint that a copyright violation was hosted on a Google Drive server. Complaint at ¶ 42, 47. Plaintiff also believes that some individuals are using "Google Alerts" to "prevent anybody from buying Greer's song or book." Complaint at ¶ 72.

These accusations, which form the foundation of his complaint, indicate that Google, rather than Defendant Moon or Kiwi Farms, is responsible for any injury to the Plaintiff.  Yet Google, and its parent company Alphabet Inc., are not named as Defendants in this matter. Plaintiff alleges Google that directly hosted allegedly

copyrighted material and it was Google who allegedly furnished the alert system that enabled the Defendants to prevent the Plaintiff from profiting from his allegedly copyrighted material. Defendant Moon suggests that in Google's absence this Court cannot fairly adjudicate this case.

Defendants respectfully incorporate by reference the attached Memorandum of Law.

DATED January 17, 2024

**HARDIN LAW OFFICE**

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing motion was filed via CM-ECF this 17th day of January, 2024, which provided service upon all counsel of record. Additionally, I mailed a copy of the foregoing to the Plaintiff, who has now confirmed to me that he is acting pro se, at:

Russell Greer
P.O. Box 46602
Las Vegas, NV 89114

.

/s/ Matthew D. Hardin
Matthew D. Hardin

.

**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>        Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, et al.<br><br>        Defendant. | **MEMORANDUM OF LAW IN SUPPORT OF**<br>**MOTION UNDER FED. R. CIV. P. 19**<br>Case No. 2:20-cv-00647-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Cecilia M. Romero |

NOW COME the Defendants, by and through their undersigned counsel, and without waiving objections or the right to relief under other motions filed contemporaneously, and file this Memorandum of Law in Support of their Motion Under Fed. R. Civ. P. 19.

### I.      Introduction

The Court should require the Plaintiff to join all necessary parties, or alternatively should dismiss this suit.

In at least three separate locations in Mr. Greer's Complaint, in claiming damages for contributory copyright infringement, Plaintiff alleges Google committed the underlying direct copyright infringement.  When reading the Plaintiff's Complaint as favorably as possible and accepting every allegation as true, it is clear the Plaintiff is seeking to impose massive liability on alleged contributory infringers, while

simultaneously refusing to take any action at all against those who he alleges directly infringed any copyrights or provided the tools that prevented the Plaintiff from profiting from his copyrights. But contributory infringement cannot be the subject of litigation in a vacuum; contributory infringers will only be liable to the extent that they contributed to some other individual's direct infringement of a copyright. Mr. Greer must either name all parties necessary for a just resolution of this case, or the case must be dismissed in its entirety.

## II.      Standard of Review

Fed R. Civ. P. 19 (a) provides that a "required party" must be joined in litigation. Specifically, the rule provides that:

> "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>  (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Supreme Court has held that the general policy of Rule 19, as with the Federal Rules of Civil Procedure in general, is "the impulse . . . toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966). This Court must order joinder if a party is *either* necessary *or* indispensable.

Under Rule 19, a two-step approach is required. The court first must decide whether the absent party is one who shall be joined under Rule 19(a). This requires a determination of whether the absent party is needed in order to grant

complete relief to existing parties or whether he claims an interest in the subject matter and is so situated that an adjudication in his absence will impair his ability to protect that interest or will subject existing parties to a risk of multiple litigation. If the court determines that the absent party should be joined but it is not feasible to do so, then the court applies Rule 19(b) to determine whether a just adjudication can occur in his absence or whether such party is indispensable and the action must be dismissed. If a party should and can be joined, the court must order his joinder.

*Int'l Union of Operating Eng'rs v. Irmscher & Sons, Inc.*, 63 F.R.D. 394, 397 (N.D. Ind.

1973), accord. *Wright v. First Nat'l Bank*, 483 F.2d 73, 74 (10th Cir. 1973).

If a Plaintiff elects not to join a party that is facially necessary for a proper adjudication of the case, such Plaintiff must plead the reasons for nonjoinder. Fed. R. Civ. P. 19 (c). Fed. R. Civ. P. 12 (b)(7) provides for dismissal in instances where all necessary parties are not joined. Under Fed. R. Civ. P. 12 (h), joinder may be raised at any time up through and including trial.

### III.    Argument

The Court should require the Plaintiff to join all necessary parties, or alternatively should dismiss this suit, for four reasons. First, Google is a required party under Fed. R. Civ. P. 19 (a)(1)(A). Second, Google is a required party under Fed. R. Civ. P. 19 (a)(1)(B). Third, Joinder is imminently feasible. Fourth, Plaintiff has pleaded no reasons at all for his failure to join Google.

### A) Google is a required party under Fed. R. Civ. P. 19 (a)(1)(A).

Under Fed. R. Civ. P. 19 (a)(1)(A), a party is a necessary party if "in that person's absence, the court cannot accord complete relief among existing parties." A close examination of Mr. Greer's Complaint and his motion for a preliminary injunction reveals that Plaintiff seeks in this lawsuit which is either properly directed at Google, or which implicates Google, or even which could expose Google to inconsistent

judgments or legal obligations. The Court should therefore require Plaintiff to join Google to this litigation.

For example, Plaintiff appears to allege that the copyright he alleges was violated in his Complaint is hosted on a Google Drive server. Complaint at ¶ 42, 47. Plaintiff also believes that some individuals are using "Google Alerts" to "prevent anybody from buying Greer's song or book." Complaint at ¶ 72. The Plaintiff's Memorandum in Support of his Motion for a Preliminary Injunction bolsters the conclusion that Mr. Greer is seeking relief arising out of Google file sharing technology. In that document, ECF No. 8 at p. 5, the Plaintiff alleges that the design of a website with file-sharing, uploading, or downloading capabilities gives rise to liability (presumably Mr. Greer was referring to the Google Drive link mentioned in his Complaint). Additionally, the form of the injunction Plaintiff proposes is such that it purports to seek removal of 1200 separate threads, as well as a Court order prohibiting any new posts that would "link" Greer, again presumably using Google technology. ECF No. 8 at pp. 8-9.

The Plaintiff's lawsuit also gives rise to a serious concern about inconsistent verdicts and liability if Google is not joined to this lawsuit. The Plaintiff appears to seek determination that Kiwi Farms, its users, and/or Defendant Moon are committing contributory copyright infringement by publishing a Google Drive link. If the Plaintiff prevails in this, he will have obtained a judicial declaration that the material on the underlying Google Drive account infringes a copyright, such that others can "contribute" to such infringement and are liable for contributory infringements, but Mr. Greer will have done so without giving the primary infringer any access to a day in court or an opportunity to defend itself. The alleged contributory infringers will be

required to defend both their own actions and those of an alleged primary or direct infringer, but will be forced to do so without evidence that might be available only if that primary or direct infringer was part of this litigation. The Plaintiff could then separately seek relief against Google, using the allegations in this case against a purported contributory infringer as evidence in parallel or collateral litigation. This Court should require that Google be joined to this litigation to prevent such an anomalous result.

**B) Google is a required party under Fed. R. Civ. P. 19 (a)(1)(B).**

Fed. R. Civ. P. 19 (a)(1)(B) requires joinder where a "person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In this case, Google certainly has "an interest" relating to the subject of this action, because Google is ostensibly the primary infringer of the Plaintiff's copyright on the face of his Complaint, The Plaintiff purports to seek relief only against an alleged contributory infringer who the Plaintiff alleges directed individuals to a Google Drive account, but the Plaintiff's relief sought – a wholesale expurgation of the Internet and records the Plaintiff deems unflattering – necessarily implicates Google and can only lead to Google becoming the subject of any enforcement action. There is no practical reason to believe joinder would do anything other than prevent inconsistent judicial obligations or would in any way prevent the defense of any party's rights in this matter.

This Court should require the Plaintiff to join Google in this action.

### C) Joinder is Feasible.

There is nothing in the record to suggest that joining Google in this matter is infeasible. Google is at least as susceptible to process in the District of Utah as any other party to this claim. Notably, neither the Plaintiff nor the Defendants reside in Utah, and little or no action alleged in the Complaint appears to have any connection to Utah. Nevertheless, Google is a business that engages in significant activity in Utah and maintains a permanent office location in Salt Lake City. There is no reason to believe it is not Answerable for any activity in this Court.

### D) Plaintiff has not Pleaded any Reasons for his Nonjoinder of Google.

Fed. R. Civ. P. 19 (c) requires a Plaintiff to state the reasons for any failure to join a necessary party. The Plaintiff in this action has stated no such reasons. This Court should join Google as a Defendant in this matter because the Complaint plainly alleges that Google has the primary role in any alleged infringement to which the named Defendants are alleged to have contributed, and because the Plaintiff has failed to state any basis at all – whether plausible or implausible – for his failure to join the party he alleges directly infringed his copyrights in a suit that seeks relief against other parties for purported contributory infringement.

### IV.    Conclusion

The Court should require the Plaintiff to join all necessary parties, or alternatively should dismiss this suit.

DATED January 17, 2024

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing was filed via CM-ECF this 17th day of January, 2024, which provided service upon all counsel of record. Additionally, I mailed a copy of the foregoing to the Plaintiff, who has now confirmed to me that he is acting pro se, at:

    Russell Greer
    P.O. Box 46602
    Las Vegas, NV 89114

     /s/ Matthew D. Hardin_____
     Matthew D. Hardin