**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>        Plaintiff,<br>v.<br><br><br>JOSHUA MOON, et al.<br><br>        Defendant. | **MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Case No. 2:20-cv-00647-DBB<br><br><br>District Judge David Barlow<br>Magistrate Judge Cecilia M. Romero |

NOW COME the Defendants, and move that the Plaintiff be required to provide a more Definite Statement, as set forth in the attached Memorandum of Law.

DATED January 17, 2024

                                          **HARDIN LAW OFFICE**

                                          */s/ Matthew D. Hardin*
                                          **Matthew D. Hardin**
                                          Attorney for Defendants

**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>          Plaintiff,<br>v.<br><br><br>JOSHUA MOON, et al.<br><br>          Defendant. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A MORE DEFINITE STATEMENT**<br>Case No. 2:20-cv-00647-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Cecilia M. Romero |

NOW COME the Defendants, by and through their undersigned counsel, and file this Memorandum of Law in Support of their Motion for a More Definite Statement

### I.      Introduction

As best as undersigned counsel can determine, this is an action for purported contributory copyright infringement. Yet the Complaint in this matter is replete with paragraphs alleging unclear actions by unspecified actors. The ambiguity in the Complaint prejudices the Defendants and makes it difficult for them to respond to allegations which cannot be readily understood, and this Court should therefore order the Plaintiff to file a more definite statement of his claims as set forth herein.

### II.     Standard of Review

A party is entitled to a more definite statement under Rule 12(e) when the complaint is "so vague or ambiguous that the party cannot reasonably prepare a

response." Fed. R. Civ. P. 12(e). Motions for a more definite statement "are properly granted only when a party is unable to determine the issues" to which he must respond. *Resolution Tr. Corp. v. Thomas*, 837 F. Supp. 354, 356 (D. Kan. 1993); see also *Smith v. Swift Transp*., Co., No. 13-2247-RDR, 2013 U.S. Dist. LEXIS 144542, 2013 WL 5551804, at *3 (D. Kan. Oct. 7, 2013) (granting Rule 12(e) motion in part because "framing a response to the plaintiff's complaint would be extremely difficult"). A court shouldn't grant a motion for a more definite statement "merely because the pleading lacks detail;" instead, the court should determine "whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Advantage Homebuilding, LLC v. Assurance Co. of Am*., No. 03-2426-KHV, 2004 U.S. Dist. LEXIS 3595, 2004 WL 433914, at *1 (D. Kan. Mar. 5, 2004).

### III.     Argument

In this case, the Complaint was initially dismissed for failure to state a claim. While the Tenth Circuit partially reversed this Court's prior determination that Mr. Greer had failed to state a valid cause of action, both courts have relied upon the liberal pleading standard that applies to pro se litigants in order to rule. Now that this case involving such an amorphous pro se Complaint has been remanded, it is more important than ever that the Plaintiff clarify what precisely are his grounds for relief.

In the interest of judicial economy, and to illustrate the difficulty that Defendants face in deciphering and responding to the Complaint, Defendants will momentarily protectively file an Answer in this case without waiving their objections as to the adequacy or sufficiency of the Complaint. To preserve judicial resources, rather than detailing each inadequate allegation here and detailing the reasons such allegations are inadequate, Defendants have included in each numbered paragraph of their

Answer an appropriate objection that a more definite statement is required. Defendants here highlight, by way of example only, a select few of the Plaintiffs' allegations in his Complaint which lack clarity. Defendants assert that these examples are emblematic of the broader failures of the Complaint to identify its allegations with sufficient specificity that the Defendants can adequately respond.

¶ 52 of the Plaintiff's Complaint alleges with reference to Defendants purported contributory infringement of a copyright that "On April 15th, 2019, Greer was informed that his song had been put onto Kiwi Farms, a routine those users have been diligent about, and an uncomfortable reality Greer has had to cope with." But the Plaintiff does not explain who took any particular action in this paragraph. A purportedly copyrighted song was "put onto kiwi farms," but the Plaintiff does not specify what party or non-party may have taken this action or why such individual should not be held responsible for his or her own conduct or why such an individual was not joined to this lawsuit. Nor does the Defendant explain where the song was "put." This paragraph explains that "those users" have a routine, but does not explain who the relevant "users" are or what the relevant "routine" is. The Plaintiff has thus put the Defendants in a situation where they are called upon to defend themselves against an allegation that unknown individuals engaged in an unspecified routine. Such an amorphous allegation cannot reasonably be countered.

¶ 67 of the Plaintiff's Complaint repeats these errors and introduces more. In it, Mr. Greer alleges "These users began telling Plaintiff that his song was horrible and that they had distributed the song elsewhere." This paragraph thus appears to state both that the Plaintiff is aware of "these users" disdain for his song, perhaps indicating that the song had no commercial value, and also that "these users" had purportedly

violated the copyright "elsewhere." Plaintiffs appears to suggest that he is personally aware from direct communications what "users" stated the song was horrible, and what users purportedly violated the copyright "elsewhere." Perhaps Plaintiff even knows where specifically his copyrights have been violated, such that Defendants and this Court can attempt to calculate any alleged damages that may relate not to actions of the Defendants but to actions "elsewhere." But the Plaintiff leaves it to the imagination who these users are or where else his song may have been distributed, and deprives Defendant of any opportunity to establish that damages are lacking or that third parties may be liable or susceptible to joinder.

¶ 74 repeats this same theme. In that paragraph, Mr. Greer alleges that "They have inundated Greer's works with hate and have engaged in hate sprees to prevent anybody from buying Greer's song or book." To the extent that this paragraph attempts to show damages from any alleged copyright infringement and that somebody is responsible for such damages, the Plaintiff has not explained who "they" are. Nor has the Plaintiff explained what a "hate spree" is and whether the purported "hate spree" is related to any infringement or how such a "hate spree" harmed the commercial viability of any copyright.

The above cited paragraphs are cited as examples only, but they illustrate a broader trend in the Complaint. It is largely indecipherable, such that at least four separate judges have now read it and reached two separate opinions as to whether a claim has even been stated. Assuming, *arguendo* and in light of the Tenth Circuit's ruling, that some valid claim has been stated in the Plaintiff's Complaint, it is nevertheless incumbent upon the Plaintiff to explain *who* did *what* that gave rise to such a cause of action. The Plaintiff cannot rely on unspecified claims that "users" or

"they" harmed him, and he cannot rely on vague allegations that there is a "routine" or a "hate spree" being undertaken to target his copyrights. The Defendants cannot intelligently Answer such claims, and the Court should therefore require a more definite statement.

### IV.     Conclusion

The Court should grant the Motion for a More Definite Statement, and require Plaintiff to file such a more definite statement with respect to each paragraph in the Answer which requests such a statement.

DATED January 17, 2024

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via CM-ECF this 17th day of January, 2024, which provided service upon all counsel of record. Additionally, I mailed a copy of the foregoing to the Plaintiff, who has now confirmed to me that he is acting pro se, at:

Russell Greer
P.O. Box 46602
Las Vegas, NV 89114

 /s/ Matthew D. Hardin
Matthew D. Hardin