**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>        Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, et al.<br><br>        Defendant. | **MOTION TO TRANSFER**<br><br>Case No. 2:20-cv-00647-DBB<br><br><br>District Judge David Barlow<br>Magistrate Judge Cecilia M. Romero |

NOW COME the Defendants, and move that this case be transferred to the

U.S. District Court for the Northern District of Florida.

Defendants respectfully incorporate by reference the attached Memorandum of

Law and the Declaration of Joshua Moon.

DATED January 17, 2024

HARDIN LAW OFFICE

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants

**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, et al.<br><br>    Defendant. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER**<br>Case No. 2:20-cv-00647-DBB<br><br><br>District Judge David Barlow<br>Magistrate Judge Cecilia M. Romero |

NOW COME the Defendants, by and through their undersigned counsel, and file this Memorandum of Law in Support of their Motion to Transfer this case.

## I.    Introduction

None of the parties to this lawsuit are a resident of Utah. Nor does the Complaint reveal any particular action that took place in Utah. The Plaintiff is a resident of Las Vegas, Nevada. Joshua Moon is a domiciliary of the Northern District of Florida. Lolcow, LLC (d/b/a Kiwi Farms) is a limited liability company organized under the laws of the State of West Virginia, but Mr. Moon (a Floridian) is its sole member. It is therefore facially apparent that this case should not be tried in the District of Utah.

## II.    Standard of Review

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

been brought or to any district or division to which all parties have consented." 28

U.S.C.S. § 1404. A motion to transfer under § 1404(a) is analyzed under what is

essentially a forum non conveniens standard to determine whether transfer is proper.

See *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.

1991). That analysis focuses on "both the convenience of the parties and various

public-interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49,

62, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013).

### III.   Argument

The Complaint in this matter was filed on September 24, 2020. ECF No. 3. In

¶13, the Plaintiff alleges that "Defendant Joshua Moon resides in Florida." Mr. Greer

also alleges that Mr. Moon "manages Kiwi Farms." *Id*.  On January 4, 2021, the Plaintiff

notified the Court that he was a citizen of Nevada. ECF No. 13. The allegations in the

Complaint appear to relate to actions taken on the internet and targeted at no

particular geographic location. The Complaint identifies no witnesses in Utah, nor any

events in Utah for which witnesses might be identifiable.

The Plaintiff makes three allegations as his basis for suing in Utah. None of

them withstand scrutiny, especially at this stage of the proceedings with the Plaintiff

himself having abandoned his ties to Utah.

First, in ¶ 7 of the Complaint, Mr. Greer alleges that "17 U.S.C. § 101 *et seq*."

gives this Court jurisdiction. Unfortunately for Mr. Greer, the Copyright Act contains

venue provisions which differ from those which are applicable in ordinary civil cases.

The Copyright Act states in relevant part that "Civil actions..., arising under any Act of

Congress relating to copyrights... may be instituted in the district in which *the

defendant or his agent resides or may be found*." 28 U.S.C. § 1400(a) (*emphasis*

*added).* In this case, Joshua Moon may be found in Florida. He is not found in Utah, and Plaintiff has made no allegations that lead to a belief that he ever could be found in Utah. Indeed, Mr. Greer appears to confess that he could not locate Mr. Moon in Utah, because he twice filed motions for alternative service. ECF Nos. 4 and 15. Similarly, Kiwi Farms is a website and d/b/a of a West Virginia LLC, with Mr. Moon as its sole member. Kiwi Farms therefore cannot be "found" in Utah.

Second, in ¶ 9 of the Complaint, the Plaintiff alleges that there is complete diversity in this case. But the Plaintiff's allegations relating to diversity jurisdiction are predicated on an unsound premise. There are no state law claims that remain viable in this action, because all claims for purported harassment and other torts were dismissed by this Court and were abandoned on appeal. The Plaintiff thus cannot find succor in this Court's diversity jurisdiction.

Third, in ¶ 10 of the Complaint, the Plaintiff alleges that "Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a)." As indicated above, 28 U.S.C. § 1400(a) states that venue is proper *where the Defendant resides*. By Plaintiff's own admission, Mr, Moon does not reside in Utah. ECF No 3, ¶ 13. The two subsections of §1391 are equally unavailing: §1391 (b) again states that an action may be filed where *the defendant* resides (in this case, Florida) or where "a substantial part of the events or omissions giving rise to the claim occurred." The Complaint is bereft of allegations which would indicate a substantial part of the events or omissions at issue in this case took place in Utah. Similarly, §1391 (c) states that a natural person may be sued in the district in which he or she is domiciled. But again: Mr. Moon is domiciled in Florida. §1391 (c) provides no basis for suing him in Utah.

The convenience of the parties does not favor resolving this case in Utah

because none of the parties reside in Utah or do business in Utah. The convenience of witnesses does not favor resolving this case in Utah because there appear to be no fact witnesses who reside in Utah and because no events for which testimony will be required took place in Utah. To the extent that this Court looks to public policy, the Copyright Act favors adjudication in district of *the Defendant's* residence, not adjudication in the location of a Plaintiff's choosing. This Court should therefore transfer this case to Mr. Moon's home district, which is the Northern District of Florida.

### IV.    Conclusion

The Court should transfer this case to the Northern District of Florida.

DATED January 17, 2024

**HARDIN LAW OFFICE**

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via CM-ECF this 17th day of January, 2024, which provided service upon all counsel of record. Additionally, I mailed a copy of the foregoing to the Plaintiff, who has now confirmed to me that he is acting pro se, at:

Russell Greer
P.O. Box 46602
Las Vegas, NV 89114

/s/ Matthew D. Hardin
Matthew D. Hardin