**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>     Plaintiff,<br>v.<br><br><br>JOSHUA MOON, et al.<br><br>     Defendant. | **MOTION TO STRIKE**<br><br>Case No. 2:20-cv-00647-DBB<br><br><br>District Judge David Barlow<br>Magistrate Judge Cecilia M. Romero |

NOW COME the Defendants, and move that all immaterial, impertinent, scandalous, and/or prejudicial allegation in the Complaint be stricken. Defendants respectfully incorporate by reference the attached Memorandum of Law.

DATED January 17, 2024

                                                 **HARDIN LAW OFFICE**

                                                 */s/ Matthew D. Hardin*
                                               **Matthew D. Hardin**
                                               Attorney for Defendants

**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>     Plaintiff,<br>v.<br><br><br>JOSHUA MOON, et al.<br><br>     Defendant. | **MEMORANDUM OF LAW IN SUPPORT OF**<br>**MOTION TO STRIKE**<br>Case No. 2:20-cv-00647-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Cecilia M. Romero |

NOW COME the Defendants, by and through their undersigned counsel, and file this Memorandum of Law in Support of their Motion to Strike.

### I.     Introduction

As best as undersigned counsel can determine, this is an action for purported contributory copyright infringement. The pro se Complaint lists multiple causes of action related to purported harassment or other ostensible tort claims, but such claims were dismissed in this Court's prior orders and were not pursued on appeal. ECF Nos. 37 and 53. All allegations in the Complaint which do not relate to purported copyright infringement are therefore inherently immaterial at this stage of the proceedings and prejudicial, and those allegations should be stricken. Moreover, the Plaintiff appears to make allegations which do not relate in any way to named Defendants or to any relationship between the Plaintiff and the Defendants. These allegations are also

immaterial and prejudicial. As such, allegations relating to alleged harms to third parties should also be stricken.

## II. Standard of Review

Fed. R. Civ. P. 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Generally, motions to strike are not granted unless the questionable material is prejudicial to the moving party." *Gillespie v. Mut. of Enumclaw Ins. Co*., No. 2:23-cv-108 HCN, 2023 U.S. Dist. LEXIS 54468, at *3 (D. Utah Mar. 28, 2023) (internal quotations and citations omitted). "'A matter is 'immaterial' to a pleading, as basis for striking the matter, if it has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *R.M. v. Scottsdale Ins. Co*., No. 2:20-CV-00064-DB, 2020 U.S. Dist. LEXIS 94631, 2020 WL 2801514, at *2 (D. Utah May 29, 2020) (quoting *Rees v. PNC Bank, N.A*., 308 F.R.D. 266 (N.D. Cal. 2015). "The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter." § 1382 Motion to Strike—Redundant, Immaterial, Impertinent, or Scandalous Matter, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.).

## III. Argument

The Court should strike any allegations relating to non-copyright claims in this matter because they are immaterial and are prejudicial to the Defendants who must respond to them. Additionally, such non-copyright allegations will continue to cause the parties and the Court to address non-viable claims or allegations of fact which have no credible tie to the interactions between the parties which are at issue in this lawsuit.

### A) This is a case for Contributory Copyright Infringement.

Plaintiff's Complaint is not a model of clarity, but this Court's previous Memorandum Opinion and Order took pains to liberally construe all of the Plaintiffs' claims. ECF No. 37. The first section of the substantive analysis related to "Contributory Copyright Infringement." *Id*. at p. 5-6. Although this Court held that Mr. Greer had failed to state a valid cause of action with respect to that count, Defendants concede that a timely appeal was filed and that the Tenth Circuit saw things differently. But the remaining sections of this Court's Memorandum and Order, which dealt with non-copyright claims, were abandoned on appeal. And even as to copyright claims, the Tenth Circuit also held that the Plaintiff had only sought damages for one alleged infringement. ECF No. 53, p. 12, fn. 7.

This Court's Memorandum Opinion as it relates to "Electronic Communications Harassment," "Kiwi Farms and Section 230 of the Communications Decency Act," and "False Light, Defamation, and Defamation by Implication Against Mr. Moon," ECF No. 37 at pp. 5-12, are unaffected by the appeal in this case. Mr. Greer did not brief such claims, and the 10th Circuit did not consider them. At this stage, this is a case for contributory copyright infringement only. Even as to such allegations, however, this case is further limited: As a result of the 10th Circuit's opinion, Mr. Greer cannot now seek damages for anything other than one of the alleged infringements in this case. ECF No. 53, p. 12, fn. 7.

### B) Plaintiffs Allegations have no Bearing on a Contributory Copyright Infringement Case, and Prejudice Defendants.

Notwithstanding the Plaintiff's ultimate abandonment of most of his claims, and the fact that he has only sought damages for one claim of contributory copyright

infringement, the Complaint in this matter is replete with scandalous allegations relating to abandoned claims. And the Plaintiff has made clear in correspondence to undersigned counsel that he intends to continue to make such allegations, stating "I will be showcasing this continuing harassment by moon's users." The Defendant's thus have no choice but to seek relief in this Court to strike all immaterial, impertinent, and scandalous allegations.

Defendants in this matter have protectively filed an Answer in this case, in the interest of efficiency and given certain ambiguities regarding the schedule in this case on remand. In that Answer, Defendants have identified each paragraph and portion of a paragraph that Defendants assert must be stricken. Rather than repeating such allegations line-by-line, and in light of the sheer volume of material that the Plaintiff has inserted into his Complaint, Defendants here highlight in general terms the most egregious examples only of material that ought to be stricken.

First, entire sections of the Complaint relate to claims for which the Plaintiff either seeks no damages or which have been abandoned. Beginning at paragraph 37 of the Complaint, a section bearing the heading "Copyright Infringement of Greer's Book" details allegations relating (among other things) to the purported copyright infringement of a book authored by the Plaintiff. But as noted at ECF No. 53, p. 12, fn. 7, the Plaintiff seeks no damages for this infringement. It is therefore immaterial to his claims, and allegations relating to an ostensible infringement other than the one for which the Plaintiff seeks damages can only serve to prejudice the Defendants. Similarly, sections with the hearings "Digital Millenium Copyright Act," "Greer's DMCA Notice," "Electronic Communications Harassment," "False Light," "Refusing Medications," "Victims," "Defamation," and "Defamation by Implication" all contain

allegations which are entirely immaterial to the claims that remain in this matter. Such allegations can only prejudice the Defendants and cause an increase in the burden to the Court, and serve no valid purpose in this litigation.

Second, the Plaintiff makes allegations which are unrelated to any conduct as between the parties to this litigation, but which are apparently intended only to smear the Defendants. For example, at ¶ 14 of the Complaint, the Plaintiff baselessly alleges that three individuals have committed suicide because of the Defendants. Those allegations have nothing to do with copyright infringement, or even with Russell Greer. They are inserted gratuitously. At ¶ 67, the Plaintiff mentions Adolph Hitler, for reasons entirely unclear. At ¶ 22, the Plaintiff makes an allegation relating to the alleged photoshopping of his hair by individuals unnamed and perhaps unknown, which the Plaintiff confesses is neither defamatory nor "particularly concerning." Yet Plaintiff nevertheless inserted such an allegation into his Complaint, and therefore all parties and the Court must now expend judicial resources adjudicating claims that even the Plaintiff admits are immaterial.

This Court should strike all immaterial, impertinent, scandalous allegations from the Complaint, as requested in the Defendants' Answer. It should also strike all allegations relating to abandoned claims or claims for which the Tenth Circuit has already established the Plaintiff does not seek damages.

### IV. Conclusion

The Court should strike all non-copyright allegations and claims in the Complaint, as specifically requested in this filing or in Defendants' Answer.

DATED January 17, 2024

                **HARDIN LAW OFFICE**

                */s/ Matthew D. Hardin*
                **Matthew D. Hardin**
                Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via CM-ECF this 17th day of January, 2024, which provided service upon all counsel of record. Additionally, I mailed a copy of the foregoing to the Plaintiff, who has now confirmed to me that he is acting pro se, at:

        Russell Greer
        P.O. Box 46602
        Las Vegas, NV 89114

                /s/ Matthew D. Hardin
                Matthew D. Hardin