**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, | **ANSWER** |
| Plaintiff, | |
| v. | Case No. 2:20-cv-00647-DBB |
| JOSHUA MOON, et al. | District Judge David Barlow |
| Defendant. | Magistrate Judge Cecilia M. Romero |

NOW COME the Defendants, by and through their undersigned counsel, and without waiving objections,[1] and file this ANSWER to the Plaintiff's Complaint. Except as specifically admitted herein below, Defendants generally DENY all allegations in the Complaint pursuant to Fed. R. Civ. P. 8 (b)(3).

---

[1] Defendants have contemporaneously but separately filed a Motion for a More Definite Statement (ECF No. 63), Motion to Transfer this matter to the Northern District of Florida (ECF No. 64), a Motion to Join Necessary Parties pursuant to Fed. R. Civ. P. 19 (ECF No. 62), and a Motion to Strike allegations which relate to abandoned claims and/or are otherwise irrelevant, impertinent, scandalous, and prejudicial (ECF No. 65). All such motions are filed contemporaneously in the interest of efficiency, and the filing of this Answer is not intended to waive any such motions. Rather, Defendants hope that their attempt to Answer the Complaint will serve as an illustration of why the Complaint cries out for a more definite statement, why transfer is appropriate, why necessary parties must be joined, and why certain material should be stricken. To the extent that the Plaintiff may alter his Complaint in response to any order of this Court with reference to these motions, Defendants will seek leave to withdraw this Answer or amend it, as appropriate.

1) To the extent that this paragraph is a legal argument, legal conclusion, or summary of the relief Plaintiff seeks, as opposed to an allegation of fact, no response is required. Without waiving this objection, and to the extent that any allegation of fact is deemed to be contained in this paragraph, such allegations are DENIED.

2) To the extent that this paragraph is a legal argument, legal conclusion, or summary of the Plaintiff's view of legal history, as opposed to an allegation of fact, no response is required. Without waiving this objection, and to the extent that any allegation of fact is deemed to be contained in this paragraph, such allegations are DENIED.

3) DENIED.

4) To the extent that this paragraph is a legal argument, legal conclusion, or summary of the Plaintiff's view of the relative merits of the law, as opposed to an allegation of fact, no response is required. Without waiving this objection, and to the extent that any allegation of fact is deemed to be contained in this paragraph, such allegations are DENIED.

5) DENIED.

6) To the extent that this paragraph is a legal argument, legal conclusion, or summary of the relief Plaintiff seeks, as opposed to an allegation of fact, no response is required. To the extent that this paragraph raises allegations relating to purported harassment or defamation, such claims have been waived because they were not pursued on appeal to the 10th Circuit.  Without waiving these objections, and to the extent that any allegation of fact is deemed to be contained

in this paragraph, such allegations are DENIED. Answering further, Defendants deny that they are liable to Plaintiff for statutory damages or otherwise and in any amount.

7) To the extent that this paragraph is a legal argument, legal conclusion, or summary of the relief Plaintiff seeks, as opposed to an allegation of fact, no response is required.

8) To the extent that this paragraph is a legal argument, legal conclusion, or summary of the relief Plaintiff seeks, as opposed to an allegation of fact, no response is required.

9) To the extent that this paragraph is a legal argument, legal conclusion, or threadbare and conclusory allegation as to jurisdiction, as opposed to an allegation of fact, no response is required. To the extent that this paragraph raises allegations relating to purported harassment, such claims have been waived because they were not pursued on appeal to the 10th Circuit.  Without waiving these objections, it is DENIED that the Plaintiff has properly pleaded the existence of diversity jurisdiction and Defendants further DENY that diversity jurisdiction exists in this matter.

10) To the extent that this paragraph is a legal argument, legal conclusion, or threadbare and conclusory allegation as to venue, as opposed to an allegation of fact, no response is required. Without waiving these objections, it is DENIED that venue is proper in this district pursuant to 28 §1391 (b) and/or 28 U.S.C. § 1400 (a). Answering further, Defendants DENY that they reside in Utah, DENY that a substantial part of the events or omissions giving rise to the claim occurred in

Utah, DENY that there is no other judicial district in which this matter may be brought, and DENY that they are subject to this Court's personal jurisdiction. Answering further, Defendants further DENY that they or their agents reside in or can be found in Utah.

11) To the extent that this paragraph is a legal argument, legal conclusion, or threadbare and conclusory allegation as to personal jurisdiction, as opposed to an allegation of fact, no response is required. Further, this paragraph is unclear as to which Defendant is alleged to have committed any particular act or omission at issue. Without waiving these objections, Defendants DENY that they or either of them purposefully availed themselves of this Court's jurisdiction and DENY any and all factual allegations that can be discerned from this paragraph.

12) Defendants lack information as to Plaintiff Russell Greer's residence, and therefore deny this allegation pursuant to Fed. R. Civ. P. 8 (b)(5).

13) ADMITTED that Defendant Joshua Moon is domiciliary of the State of Florida, and ADMITTED that he uses the username "null." ADMITTED that Defendant Joshua Moon manages Lolcow, LLC (d/b/a Kiwi Farms). Except as admitted, all allegations in this paragraph are DENIED.

14) To the extent that this paragraph is a legal argument, legal conclusion, or summary of the Plaintiff's beliefs, as opposed to an allegation of fact, no response is required. To the extent that this paragraph raises allegations relating to purported harassment or stalking, such claims have been waived because they were not pursued on appeal to the 10th Circuit. All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12

(f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous.

15) ADMITTED solely that Joshua Moon is affiliated with Lolcow, LLC (d/b/a Kiwi Farms). All remaining statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. Without waiving this objection, and except as specifically admitted, all allegations in this paragraph are DENIED.

16) ADMITTED.

17) Defendants lack information as to the allegations of this paragraph, and therefore deny all of these allegations pursuant to Fed. R. Civ. P. 8 (b)(5).

18) To the extent that this paragraph is a legal argument, legal conclusion, or summary of the Plaintiff's beliefs, as opposed to an allegation of fact, no response is required. To the extent that this paragraph is unclear as to what actors allegedly engaged in what acts or omissions, Defendants are unable to adequately respond and request a more definite statement pursuant to Fed. R. Civ. P. 12 (e). To the extent that this paragraph raises allegations relating to purported harassment or stalking, such claims have been waived because they were not pursued on appeal to the 10th Circuit. Additionally, all statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. Without waiving these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all

factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

19) All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. Without waiving these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

20) All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. Without waiving these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

21) All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. Without waiving these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

22) All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. Without waiving these objections, Defendants lack information as to the

allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

23) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

24) All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. To the extent that this paragraph refers to allegations relating to purported harassment, all such claims were abandoned on appeal and no response is required. Without waiving these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

25) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

26) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

27) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

28) All statements contained in this paragraph should be stricken from the Complaint

pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. To the extent that this paragraph refers to allegations relating to a job loss and/or an eviction, all such claims even tangentially related to such topics were abandoned on appeal and therefore no response is required. Without waiving these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

29) All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. To the extent that this paragraph refers to allegations relating to purported doxing or disparagement, all claims even tangentially related to such topics were abandoned on appeal and therefore no response is required. Without waiving these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

30) All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. To the extent that this paragraph refers to allegations relating to purported harassment, all claims even tangentially related to such topics were abandoned on appeal and therefore no response is required. Without waiving these objections, Defendants lack information as to the allegations of this paragraph,

and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

31) All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. To the extent that this paragraph refers to allegations relating to purported harassment, all claims even tangentially related to such topics were abandoned on appeal and therefore no response is required. Without waiving these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

32) All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. To the extent that this paragraph refers to allegations relating to purported harassment, all claims even tangentially related to such topics were abandoned on appeal and therefore no response is required. Without waiving these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

33) All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. To the extent that this paragraph refers to allegations relating to job loss or akin to

false light, all claims even tangentially related to such topics were abandoned on appeal and therefore no response is required. Without waiving these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

34) All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. To the extent that this paragraph does not define what "misunderstandings involving [Taylor] Swift" are at issue, Defendants cannot respond and request a more definite statement pursuant to Fed. R. Civ. P. 12 (e). To the extent this paragraph refers to allegations relating to purported harassment, all claims even tangentially related to such topics were abandoned on appeal and therefore no response is required. Without waiving these objections, Defendants ADMIT that Russell Greer is a sex pest. Without waiving objections, and except as specifically admitted, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

35) All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. To the extent that this paragraph appears to allege action on the part of unnamed third parties, Defendants cannot respond and request a more definite statement pursuant to Fed. R. Civ. P. 12 (e). To the extent this paragraph refers to

allegations relating to purported harassment or false light, all claims even tangentially related to such topics were abandoned on appeal and therefore no response is required. Without waiving objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

36) All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. To the extent that this paragraph appears to allege action on the part of unnamed third parties, Defendants cannot respond and request a more definite statement pursuant to Fed. R. Civ. P. 12 (e). To the extent this paragraph refers to allegations relating to purported harassment, all claims even tangentially related to such topics were abandoned on appeal and therefore no response is required. Without waiving objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

37) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

38) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

39) Defendants lack information as to the allegations of this paragraph, and therefore

deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

40) Insofar as this paragraph contains a legal argument or conclusion as to illegality, such an argument or conclusion is not a statement of fact and no response is required. To the extent that the paragraph is in the passive voice and does not identify any actors who took or failed to take specific acts, Defendants request a more definite statement pursuant to Fed. R. Civ. P. 12 (e).  Without waiving these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

41) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

42) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

43) The first three sentences of this paragraph are ADMITTED. Defendants lack information as to the remaining allegations of this paragraph, and therefore deny any and all factual allegations contained in the remainder of this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

44) The first sentence of this paragraph is ADMITTED. To the extent that the remainder of this paragraph refers to allegations relating to purported harassment, all claims even tangentially related to such topics were abandoned on appeal and

therefore no response is required. Additionally, legal conclusions as to harassment are not statements of fact to which Defendants must respond. Without waiving these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

45) All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. To the extent that this paragraph appears to allege action on the part of unnamed third parties, Defendants cannot respond and request a more definite statement pursuant to Fed. R. Civ. P. 12 (e). To the extent that this paragraph refers to allegations relating to purported harassment, all claims even tangentially related to such topics were abandoned on appeal and therefore no response is required. Without waiving these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

46) All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement as against the Defendants that Plaintiff has chosen to sue, and are also impertinent, and scandalous. To the extent that this paragraph appears to allege action on the part of unnamed third parties, Defendants cannot respond and request a more definite statement pursuant to Fed. R. Civ. P. 12 (e). To the extent that this paragraph refers to allegations relating to purported harassment or the use of slurs, all claims even tangentially

related to such topics were abandoned on appeal and therefore no response is required. Without waiving these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

47) To the extent that this paragraph contains legal conclusions, as opposed to factual allegations, no response is required. All statements contained in this paragraph should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement as against the Defendants Mr. Greer has chosen to sue, and are also impertinent, and scandalous. To the extent that this paragraph appears to allege action on the part of unnamed third parties, Defendants cannot respond and request a more definite statement pursuant to Fed. R. Civ. P. 12 (e). To the extent that this paragraph refers to allegations relating to purported negative reviews, all claims even tangentially related to such topics were abandoned on appeal and therefore no response is required. Without waiving these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

48) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

49) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

50) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

51) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

52) To the extent that this paragraph is unclear as to what actors allegedly engaged in what acts or omissions, Defendants are unable to adequately respond and request a more definite statement pursuant to Fed. R. Civ. P. 12 (e). Without waiving this objection, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

53) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

54) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

55) To the extent that this paragraph is a legal argument, legal conclusion, or bare statement that harassment occurred, as opposed to an allegation of fact, no response is required. To the extent that this paragraph raises factual allegations relating to purported harassment or defamation, such claims have been waived because they were not pursued on appeal to the 10th Circuit.  Without waiving

these objections, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

56) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

57) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

58) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

59) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

60) Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

61) To the extent that this paragraph is a legal argument, legal conclusion, or bare statement of Plaintiff's view of the law, as opposed to an allegation of fact, no response is required. Without waiving this objection, Defendants lack information as to the allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

62) To the extent that this paragraph is a legal argument, legal conclusion, or bare statement of Plaintiff's view of the law, as opposed to an allegation of fact, no response is required. The cited provisions of the U.S. Code speak for themselves, and the Defendants respectfully refer the court to such provisions for a full and accurate view of their contents. Without waiving this objection, Defendants lack information as to any factual allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

63) , Defendants lack information as to any factual allegations of this paragraph, and therefore deny any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

64) To the extent that this paragraph contains legal argument, legal conclusion, or bare statement of Plaintiff's view of the law, as opposed to an allegation of fact, no response is required. The cited provisions of the U.S. Code speak for themselves, and the Defendants respectfully refer the court to such provisions for a full and accurate view of their contents. Without waiving objections, it is ADMITTED that the quoted material appears on the cited website. Except as specifically admitted, and without waiving objections, all remaining allegations in this paragraph are DENIED.

65) ADMITTED that Plaintiff sent correspondence to the referenced email address. Except as specifically admitted, all remaining allegations in this paragraph are DENIED.

66) To the extent that this paragraph contains legal argument, legal conclusion, or

bare statement of Plaintiff's view of the law and his own compliance with it, as opposed to an allegation of fact, no response is required. Defendants lack information as to the remaining allegations in this complaint, insofar as Defendants can understand such allegations, and therefore deny any such allegations pursuant to Fed. R. Civ. P. 8 (b)(5).

67) ADMITTED that Mr. Moon published a copy of correspondence. The characterization of such correspondence as a "DMCA" letter is a legal argument or legal conclusion to which no response is required. All allegations and any claims relating to purported harassment have been abandoned on appeal, and are not properly before this Court. Additionally, such allegations should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. Additionally, to the extent that this paragraph alleges action by unspecified third parties, Defendants request a more definite statement pursuant to Fed. R. Civ. P. 12 (e). Without waiving objections, and except as specifically admitted, all allegations in this paragraph are DENIED.

68) ADMITTED.

69) To the extent that this paragraph contains legal argument, legal conclusion, or bare statement of Plaintiff's view of the law and his own compliance with it, as opposed to an allegation of fact, no response is required. The cited provisions of the U.S. Code speak for themselves, and the Defendants respectfully refer the court to such provisions for a full and accurate view of their contents. Without waiving objections, the allegation in this paragraph are DENIED.

70) ADMITTED that Mr. Moon declined to remove the materials. Except as admitted, all allegations in this paragraph are DENIED. Answering further, Defendants state that they have not effectively waived any federal statutory rights.

71) ADMITTED solely that the parties had an exchange involving Fair Use.  Except as admitted, all allegations in this paragraph are DENIED. Answering further, Defendants state that it is not a logical or permissible inference that Moon dared Plaintiff to bring this lawsuit.

72) All allegations and any claims relating to purported harassment have been abandoned on appeal, and are not properly before this Court. Additionally, such allegations should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. Additionally, to the extent that this paragraph alleges action by unspecified third parties, Defendants request a more definite statement pursuant to Fed. R. Civ. P. 12 (e). Without waiving objections, and except as specifically admitted, all allegations in this paragraph are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

73) Defendants lack information regarding this allegation, and therefore deny this allegation pursuant to Fed. R. Civ. P. 8 (b)(5).

74) All allegations and any claims relating to purported harassment have been abandoned on appeal, and are not properly before this Court. Additionally, such allegations should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. Additionally, to the extent that this

paragraph alleges action by unspecified third parties, Defendants request a more definite statement pursuant to Fed. R. Civ. P. 12 (e). Without waiving objections, and except as specifically admitted, all allegations in this paragraph are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

75) To the extent that this paragraph contains legal argument, legal conclusion, or bare statement of Plaintiff's view of the law and his own compliance with it, as opposed to an allegation of fact, no response is required. The cited provisions of the U.S. Code speak for themselves, and the Defendants respectfully refer the court to such provisions for a full and accurate view of their contents. Without waiving objections, the allegations in this paragraph are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

76) This allegation should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because it is irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. Additionally, to the extent that this paragraph alleges action by unspecified third parties (or perhaps conflates action by individuals and action taken by a "site"), Defendants request a more definite statement pursuant to Fed. R. Civ. P. 12 (e). Without waiving objections, and except as specifically admitted, all allegations in this paragraph are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

77) All allegations and any claims relating to purported harassment have been abandoned on appeal, and are not properly before this Court. Additionally, such allegations should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. Additionally, to the extent that this

paragraph alleges action by unspecified third parties, Defendants request a more definite statement pursuant to Fed. R. Civ. P. 12 (e). Without waiving objections, and except as specifically admitted, all allegations in this paragraph are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

78) All allegations and any claims relating to purported harassment have been abandoned on appeal, and are not properly before this Court. Additionally, such allegations should be stricken from the Complaint pursuant to Fed. R. Civ. P. 12 (f), because they are irrelevant to any claim for purported copyright infringement, and are also impertinent, and scandalous. Additionally, to the extent that this paragraph alleges action by unspecified third parties or perhaps by a website itself, Defendants request a more definite statement pursuant to Fed. R. Civ. P. 12 (e). Without waiving objections, and except as specifically admitted, all allegations in this paragraph are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

79) To the extent that this paragraph contains legal argument, legal conclusion, or bare statement of Plaintiff's view of the law and his assertion that Defendants are not entitled to a Fair Use defense, as opposed to an allegation of fact, no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

80) The cited provision in the U.S. Code speaks for itself, and the Defendants respectfully refer the court to such provisions for a full and accurate view of their contents.

81) The cited provision in the U.S. Code speaks for itself, and the Defendants respectfully refer the court to such provisions for a full and accurate view of their

contents.

82) The cited provision in the U.S. Code speaks for itself, and the Defendants respectfully refer the court to such provisions for a full and accurate view of their contents.

83) The cited provision in the U.S. Code speaks for itself, and the Defendants respectfully refer the court to such provisions for a full and accurate view of their contents.

84) The cited provision in the U.S. Code speaks for itself, and the Defendants respectfully refer the court to such provisions for a full and accurate view of their contents.

85) The cited case speaks for itself, and the Defendants respectfully refer the court to that case for a full and accurate view of their contents. To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

86) To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

87) To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

88) To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. Without waiving objections, any factual allegations in this

paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

89) To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

90) To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED.

91) The cited provision in the U.S. Code speaks for itself, and the Defendants respectfully refer the court to such provisions for a full and accurate view of their contents. To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED.

92) To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED.

93) To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

94) To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

95) The cited provision in the U.S. Code speaks for itself, and the Defendants respectfully refer the court to such provisions for a full and accurate view of their

contents. To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

96) To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

97) To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. To the extent that this paragraph refers to allegations relating to purported harassment, all such claims were abandoned on appeal and no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

98) To the extent that this paragraph refers to allegations relating to purported harassment, all such claims were abandoned on appeal and no response is required. Without waiving objections, this allegation is DENIED.

99) To the extent that this paragraph refers to allegations relating to purported harassment, all such claims were abandoned on appeal and no response is required. Without waiving objections, this allegation is DENIED. Answering further, Mr. Moon specifically denies that he is subject to jurisdiction here or has availed himself of this Court's jurisdiction.

100) To the extent that this paragraph refers to allegations relating to purported harassment, all such claims were abandoned on appeal and no response is required. Without waiving objections, any factual allegations in this paragraph are

DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

101) To the extent that this paragraph refers to allegations relating to purported

harassment, all such claims were abandoned on appeal and no response is

required. Without waiving objections, any factual allegations in this paragraph are

DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

102) To the extent that this paragraph refers to allegations relating to purported

harassment, all such claims were abandoned on appeal and no response is

required. Without waiving objections, any factual allegations in this paragraph are

DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

103) To the extent that this paragraph makes arguments or asserts conclusions of

law, no response is required. Without waiving objections, any factual allegations in

this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

104) To the extent that this paragraph makes arguments or asserts conclusions of

law, no response is required. To the extent that this paragraph refers to allegations

relating to purported harassment, all such claims were abandoned on appeal and

no response is required. Without waiving objections, any factual allegations in this

paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

105) To the extent that this paragraph makes arguments or asserts conclusions of

law, no response is required. Without waiving objections, any factual allegations in

this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

106) To the extent that this paragraph makes arguments or asserts conclusions of

law, no response is required. To the extent that this paragraph refers to allegations

relating to purported harassment, all such claims were abandoned on appeal and

no response is required. Without waiving objections, any factual allegations in this

paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

107)  To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. To the extent that this paragraph refers to allegations relating to purported harassment, all such claims were abandoned on appeal and no response is required. ADMITTED that Mr. Moon is immune from liabity under §230. Without waiving objections, and except as specifically admitted, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

108)  To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. To the extent that this paragraph refers to allegations relating to purported harassment or false light, all such claims were abandoned on appeal, this Court has no jurisdiction to adjudicate such purported claims, and no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Moon specifically DENIES that he has effectively waived any defenses or immunities.

109)  Defendants incorporate by reference each and every response to the numbered paragraphs listed above.

110)  To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. To the extent that this paragraph refers to purported "illegal acts," but does not define such illegal acts or specify who undertook such illegal acts, Mr. Moon cannot adequately respond and requests a more definite statement pursuant to Fed. R. Civ. P. 12 (e). Without waiving objections, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed.

R. Civ. P. 8 (b)(5). Answering further, Moon specifically DENIES that he has effectively waived any defenses or immunities.

111) To the extent that this paragraph makes arguments or asserts conclusions of law, no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

112) Any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

113) DENIED.

114) DENIED.

115) Defendants incorporate by reference each and every response to the numbered paragraphs listed above.

116) DENIED. Answering further, Defendants allege that Plaintiff has abandoned any claims relating to harassment by failure to pursue such claims on appeal and/or through judicial admissions in this Court. Answering further, Defendants allege that this Court has no jurisdiction to enforce the cited provision of Utah law.

117) The cited provision of Utah law speaks for itself, and Defendants respectfully refer the Court to that statute for a full and accurate understanding of its contents. Without waiving objections, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants allege that Plaintiff has abandoned any claims relating to harassment by failure to pursue such claims on appeal and/or through judicial admissions in this Court. Answering further, Defendants allege that this Court has no jurisdiction to enforce the cited provision of Utah law.

118) The cited provision of Utah law speaks for itself, and Defendants respectfully

refer the Court to that statute for a full and accurate understanding of its contents. Without waiving objections, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants allege that Plaintiff has abandoned any claims relating to harassment by failure to pursue such claims on appeal and/or through judicial admissions in this Court. Answering further, Defendants allege that this Court has no jurisdiction to enforce the cited provision of Utah law.

119)  To the extent that this paragraph contains legal argument or legal conclusions, no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants allege that Plaintiff has abandoned any claims relating to harassment by failure to pursue such claims on appeal and/or through judicial admissions in this Court. Answering further, Defendants allege that this Court has no jurisdiction to enforce the cited provision of Utah law.

120)  DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

121)  DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

122)  To the extent that this paragraph contains legal argument or legal conclusions, no response is required. Without waiving objections, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants allege that Plaintiff has abandoned any claims relating to harassment by failure to pursue such claims on appeal and/or through judicial admissions in this Court. Answering further, Defendants allege that this Court has no jurisdiction to enforce the cited provision of Utah law.

123)  DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

124) To the extent that this paragraph contains legal argument or legal conclusions, no response is required. Without waiving these objections, any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

125) ADMITTED that Mr. Moon posts every DMCA letter he receives in a pubic fashion as part of his commitment to transparency. To the extent that this paragraph contains legal argument or legal conclusions, no response is required. Without waiving these objections, any factual allegations in this paragraph which are not specifically admitted are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

126) To the extent that this paragraph contains legal argument or legal conclusions, no response is required. Any factual allegations in this paragraph are DENIED and/or DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants allege that Plaintiff has abandoned any claims relating to harassment by failure to pursue such claims on appeal and/or through judicial admissions in this Court.

127) ADMITTED that Mr. Moon posts takedown requests on a page entitled "Take That Off the God Damned Internet." To the extent that this paragraph contains legal argument or legal conclusions, no response is required. Without waiving these objections. any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

128) ADMITTED that the communications decency act shields Mr. Moon from liability. To the extent that this paragraph contains legal argument, no response is required. To the extent that this paragraph is based upon abandoned claims under Utah law or generally to claims for purported harassment, such claims should be

stricken from the record because they are inflammatory and prejudicial, while also being irrelevant to an adjudication of any claim properly before the Court. Without waiving these objections. any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

129) To the extent that this paragraph contains legal argument, no response is required. To the extent that this paragraph is based upon abandoned claims under Utah law or generally to claims for purported harassment, such claims should be stricken from the record because they are inflammatory and prejudicial, while also being irrelevant to an adjudication of any claim properly before the Court. Without waiving these objections. any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

130) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

131) To the extent that this paragraph contains legal argument, no response is required. To the extent that this paragraph is based upon abandoned claims under Utah law or generally to claims for purported harassment or rights to privacy, such claims should be stricken from the record because they are inflammatory and prejudicial, while also being irrelevant to an adjudication of any claim properly before the Court. Without waiving these objections. any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

132) To the extent that this paragraph contains legal argument, no response is required. To the extent that this paragraph is based upon abandoned claims under Utah law or generally to claims for purported harassment, such claims should be stricken from the record because they are inflammatory and prejudicial, while also being irrelevant to an adjudication of any claim properly before the Court. Without

waiving these objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

133) ADMITTED that Greer has made inappropriate statements in the past. ADMITTED that such statements may have been made while Greer was unmedicated. Any statements relating to search results are irrelevant to this action for purported copyright infringement and should be stricken. Without waiving these objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

134) Allegations in this paragraph appear to have no relevance to a claim for purported copyright infringement and are prejudicial; they should therefore be stricken. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

135) To the extent that this paragraph contains legal conclusions, no response is required. To the extent that this paragraph relates to abandoned claims for harassment, the Court should disregard or strike any allegations it contains. Allegations in this paragraph appear to have no relevance to a claim for purported copyright infringement and are prejudicial; they should therefore be stricken. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

136) To the extent that this paragraph contains legal conclusions, no response is required. To the extent that this paragraph relates to abandoned claims for harassment, the Court should disregard or strike any allegations it contains. Allegations in this paragraph appear to have no relevance to a claim for purported copyright infringement and are prejudicial; they should therefore be stricken.

Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

137)  To the extent that this paragraph contains legal arguments or conclusions, no response is required. To the extent that this paragraph relates to abandoned claims for harassment, the Court should disregard or strike any allegations it contains. Allegations in this paragraph appear to have no relevance to a claim for purported copyright infringement and are prejudicial; they should therefore be stricken. Without waiving objections, any factual allegations are DENIED pursuant to Fed. Civ. P. 8 (b)(5).

138)  To the extent that this paragraph contains legal arguments or conclusions, no response is required. To the extent that this paragraph relates to abandoned claims for harassment, the Court should disregard or strike any allegations it contains. Allegations in this paragraph appear to have no relevance to a claim for purported copyright infringement and are prejudicial; they should therefore be stricken. Without waiving objections, any factual allegations are DENIED pursuant to Fed. Civ. P. 8 (b)(5).

139)  Defendants incorporate by reference the responses to each numbered paragraph above.

140)  There are two paragraphs numbered as "140" in the Complaint in this matter. Plaintiff responds to each in turn:

First ¶ 140: To the extent that this paragraph is a legal argument or a legal conclusion, no response is required. To the extent that this paragraph relates to abandoned claims for false light, the Court should disregard or strike any allegations it contains. Allegations in this paragraph appear to have no relevance

to a claim for purported copyright infringement and are prejudicial; they should therefore be stricken. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

Second ¶ 140: To the extent that this paragraph relates to abandoned claims for false light, the Court should disregard or strike any allegations it contains. Allegations in this paragraph appear to have no relevance to a claim for purported copyright infringement and are prejudicial; they should therefore be stricken. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

141) To the extent that this paragraph relates to abandoned claims for false light, the Court should disregard or strike any allegations it contains. Allegations in this paragraph appear to have no relevance to a claim for purported copyright infringement and are prejudicial; they should therefore be stricken. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

142) To the extent that this paragraph relates to abandoned claims for false light, the Court should disregard or strike any allegations it contains. Allegations in this paragraph appear to have no relevance to a claim for purported copyright infringement and are prejudicial; they should therefore be stricken. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

143) To the extent that this paragraph relates to abandoned claims for false light, the Court should disregard or strike any allegations it contains. Allegations in this paragraph appear to have no relevance to a claim for purported copyright

infringement and are prejudicial; they should therefore be stricken. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

144) To the extent that this paragraph relates to abandoned claims for false light, the Court should disregard or strike any allegations it contains. Allegations in this paragraph appear to have no relevance to a claim for purported copyright infringement and are prejudicial; they should therefore be stricken. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

145) To the extent that this paragraph relates to abandoned claims for false light, the Court should disregard or strike any allegations it contains. Allegations in this paragraph appear to have no relevance to a claim for purported copyright infringement and are prejudicial; they should therefore be stricken. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

146) To the extent that this paragraph relates to abandoned claims for false light, the Court should disregard or strike any allegations it contains. Allegations in this paragraph appear to have no relevance to a claim for purported copyright infringement and are prejudicial; they should therefore be stricken. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

147) To the extent that this paragraph relates to abandoned claims for false light, the Court should disregard or strike any allegations it contains. Allegations in this paragraph appear to have no relevance to a claim for purported copyright

infringement and are prejudicial; they should therefore be stricken. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

148) To the extent that this paragraph relates to abandoned claims for false light, the Court should disregard or strike any allegations it contains. Without waiving objections, it is ADMITTED that Greer entered a no contest plea in Utah State Court and stipulated thereby that there were facts sufficient for a finding of guilt on criminal charges. Without waiving objections, except as specifically admitted, any remaining factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

149) To the extent that this paragraph relates to abandoned claims for false light, the Court should disregard or strike any allegations it contains. Allegations in this paragraph appear to have no relevance to a claim for purported copyright infringement; they should therefore be stricken. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

150) To the extent that this paragraph relates to abandoned claims for false light, the Court should disregard or strike any allegations it contains. Without waiving objections, it is ADMITTED that Greer appeared in Court, that Greer declined to testify, and that the Court ordered a mental health evaluation. Without waiving objections, except as specifically admitted, any remaining factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

151) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

152) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

153) To the extent that this paragraph relates to abandoned claims for false light, the Court should disregard or strike any allegations it contains. Without waiving

objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

154) To the extent that this paragraph relates to abandoned claims for false light, the Court should disregard or strike any allegations it contains. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

155) To the extent that this paragraph relates to abandoned claims for false light, or perhaps to purported claims for harassment, the Court should disregard or strike any allegations it contains. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

156) To the extent that this paragraph relates to abandoned claims for false light, or perhaps abandoned claims relating to other indiscernable causes of action, the Court should disregard or strike any allegations it contains. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

157) To the extent that this paragraph relates to abandoned claims for false light, or perhaps abandoned claims relating to other indiscernable causes of action, the Court should disregard or strike any allegations it contains. To the extent that this paragraph alleges unknown actions by unnamed "trolls", Defendants are unable to adequately respond and therefore request a more definite statement. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

158) To the extent that this paragraph is a legal argument or conclusion and is not an allegation of fact, no response is required. To the extent that this paragraph

relates to abandoned claims for false light, the Court should disregard or strike any allegations it contains. To the extent that this paragraph is not able to be understood at all, Defendants are unable to adequately respond and therefore request a more definite statement. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

159) To the extent that this paragraph relates to abandoned claims for false light, or perhaps abandoned claims relating to other indiscernable causes of action, the Court should disregard or strike any allegations it contains. To the extent that this paragraph alleges unknown actions by unnamed "trolls", Defendants are unable to adequately respond and therefore request a more definite statement. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

160) To the extent that this paragraph relates to abandoned claims for false light, or perhaps abandoned claims relating to other indiscernable causes of action, the Court should disregard or strike any allegations it contains. To the extent that this paragraph alleges Defendant Moon appeared on a "random" show, Defendants are unable to adequately respond and therefore request a more definite statement. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

161) To the extent that this paragraph is a legal argument or legal conclusion as to liability, no response is required. To the extent that this paragraph relates to abandoned claims for false light, or perhaps abandoned claims relating to other indiscernable causes of action, the Court should disregard or strike any allegations it contains. To the extent that this paragraph alleges Defendant Moon appeared on

a "random" show, Defendants are unable to adequately respond and therefore request a more definite statement. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

162)  To the extent that this paragraph is a legal argument or legal conclusion as to liability, no response is required. To the extent that this paragraph relates to abandoned claims for false light, or perhaps abandoned claims relating to other indiscernable causes of action, the Court should disregard or strike any allegations it contains. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

163)  To the extent that this paragraph is a legal argument or legal conclusion as to lwhat has been "established," no response is required. To the extent that this paragraph relates to abandoned claims for false light, or perhaps abandoned claims relating to other indiscernable causes of action, the Court should disregard or strike any allegations it contains. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

164)  To the extent that this paragraph relates to abandoned claims for false light, or perhaps abandoned claims relating to other indiscernable causes of action, the Court should disregard or strike any allegations it contains. Without waiving objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

165)  To the extent that this paragraph is a legal argument or legal conclusion as to false light claims, no response is required. To the extent that this paragraph relates to abandoned claims for false light, or perhaps abandoned claims relating to other indiscernable causes of action, the Court should disregard or strike any

allegations it contains. Without waiving objections, any factual allegations are
DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants allege
that it is true or substantially true that Greer has multiple victims.

166) To the extent that this paragraph relates to abandoned claims for false light, or
perhaps abandoned claims relating to other indiscernable causes of action, the
Court should disregard or strike any allegations it contains. Without waiving
objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8
(b)(5). Answering further, Defendants allege that it is true or substantially true that
Greer stalks women.

167) To the extent that this paragraph relates to abandoned claims for false light, or
perhaps abandoned claims relating to other indiscernable causes of action, the
Court should disregard or strike any allegations it contains. Without waiving
objections, any factual allegations are DENIED pursuant to Fed. R. Civ. P. 8
(b)(5). Answering further, Defendants allege that it is true or substantially true that
Greer stalks women.

168) There appear to be two paragraphs numbered as "168. Defendants respond to
each in turn:

First ¶ 168: To the extent that this paragraph relates to abandoned claims for false
light, or perhaps abandoned claims relating to other indiscernible causes of action, the
Court should disregard or strike any allegations it contains. Without waiving objections,
it is ADMITTED that Greer has repeatedly "reached out" to female celebrities in
attempts to impress them and it is DENIED that Greer's behavior is normal. Any
remaining factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

Second ¶ 168: To the extent that this paragraph relates to abandoned claims for

false light, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. Without waiving objections, it is ADMITTED that Greer flirts with women and it is DENIED that Defendants have depicted Greer in a false light. Any remaining factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants allege that it is true or substantially true that Greer has multiple and/or many victims.

169) To the extent that this paragraph relates to abandoned claims for false light, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. To the extent that Plaintiff admits he cannot locate the evidence of what he recalls and his recollection is nonspecific, Defendants cannot adequately respond and request a more definite statement. Without waiving objections, all factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants allege that any statements made by Defendant Moon were true or substantially true.

170) To the extent that this paragraph relates to abandoned claims for false light, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. Any legal conclusion as to the existence of a false light claim or the sufficiency of the evidence for such a claim need not be responded to. Without waiving objections, it is ADMITTED that individuals have cut off contact with Greer and all other factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants allege that individuals cut off contact with Greer for reasons other than any purported false light, including but not limited to Greer's erratic and/or criminal behavior.

171) To the extent that this paragraph relates to abandoned claims for false light, or

perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. Any legal conclusion as to the existence of a false light claim or the sufficiency of the evidence for such a claim need not be responded to. Without waiving objections, all factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

172) Defendants incorporate by reference their responses to each and every preceding paragraph.

173) To the extent that this paragraph relates to abandoned claims for defamation, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. Any legal conclusion as to the existence of a defamation claim or the sufficiency of the evidence for such a claim need not be responded to, and Defendants refer the Court to any cited case for evidence of its contents. Without waiving objections, all factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

174) To the extent that this paragraph relates to abandoned claims for false light or defamation, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. Without waiving objections, all factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

175) To the extent that this paragraph relates to abandoned claims for defamation, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. To the extent that this paragraph alleges actions by both Defendant Moon and unspecified user who purportedly said or wrote unspecified statements, Defendants cannot adequately

respond and therefore request a more definite statement. Without waiving objections, all factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

176) To the extent that this paragraph relates to abandoned claims for defamation, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. Without waiving objections, all factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants allege that it is true or substantially true that Greer has refused mental health treatment and has multiple victims.

177) To the extent that this paragraph relates to abandoned claims for defamation, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. To the extent that this paragraph makes legal arguments relating to Greer's status as a limited public figure or to the adequacy of Greer's purported evidence of malice, no response is required to legal arguments or conclusions. Without waiving objections, it is ADMITTED that Greer sued Taylor Swift and it is ADMITTED that Greer advocates for prostitution. Except as specifically admitted, all factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

178) To the extent that this paragraph relates to abandoned claims for false light, defamation, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. Any and all all factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

179) To the extent that this paragraph relates to abandoned claims for false light, defamation, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. All factual

allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants allege that it is true, substantially true, or a matter of opinion that Greer is a schizophrenic.

180) To the extent that this paragraph relates to abandoned claims for defamation, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. Without waiving objections, it is ADMITTED that there are thousands of pages of discussion regarding Greer. Except as specifically admitted, all remaining factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

181) To the extent that this paragraph relates to abandoned claims for false light, defamation, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. Without waiving objections, it is ADMITTED that Greer is a "sex-pest" and "Swift-obsessed," and DENIED that "Greer is neither. It is ADMITTED that Greer is a sexual deviant. All remaining factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants allege that it is true, substantially true, or a matter of opinion that Greer is a sex pest, Swift-obsessed, and/or a sexual deviant.

182) To the extent that this paragraph relates to abandoned claims for defamation, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. Without waiving objections, all factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants allege Greer has ruined his own reputation, and that Defendants are in no way responsible for Greer's reputation.

183) Defendants incorporate by reference the contents of each and every paragraph above.

184) To the extent that this paragraph relates to abandoned claims for defamation or defamation by implication, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. To the extent that this paragraph is an argument or conclusion of law, no response is required. Without waiving objections, all factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

185) To the extent that this paragraph relates to abandoned claims for defamation or defamation by implication, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. To the extent that this paragraph is an argument or conclusion of law, no response is required. Without waiving objections, all factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

186) To the extent that this paragraph relates to abandoned claims for defamation or defamation by implication, the Court should disregard or strike any allegations it contains. To the extent that this paragraph is an argument or conclusion of law, no response is required. Without waiving objections, all factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

187) To the extent that this paragraph relates to abandoned claims for defamation or defamation by implication, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. To the extent that this paragraph is an argument or conclusion of law, no response is required. Without waiving objections, all factual allegations are

DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants allege that it is true or substantially true or a matter of opinion that Greer has many victims, that he refused a mental health evaluation, that Greer lacks virtue, that Greer's reputation is negative, and/or that Greer is worth of public derision and contempt.

188)  To the extent that this paragraph relates to abandoned claims for defamation or defamation by implication, or perhaps abandoned claims relating to other indiscernible causes of action, the Court should disregard or strike any allegations it contains. To the extent that this paragraph is an argument or conclusion of law, no response is required. Without waiving objections, all factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

189)  To the extent that this paragraph is a legal argument and/or prayer for relief, no response is required. Without waiving objections, any factual allegation is DENIED, and Defendants expressly DENY that they are indebted to or liable to Greer in any amount.

190)  To the extent that this paragraph is a legal argument and/or prayer for relief, no response is required. Without waiving objections, any factual allegation is DENIED, and Defendants expressly DENY that they are indebted to or liable to Greer in any amount.

191)  To the extent that this paragraph is a legal argument and/or prayer for relief, no response is required. Without waiving objections, any factual allegation is DENIED, and Defendants expressly DENY that this Court has the power to or otherwise should issue the requested injunction.

192)  To the extent that this paragraph is a legal argument and/or prayer for relief, no

response is required. Without waiving objections, any factual allegation is DENIED, and Defendants expressly DENY that this Court has the power to or otherwise should issue the requested injunction.

193) To the extent that this paragraph is a legal argument and/or prayer for relief, no response is required. Without waiving objections, any factual allegation is DENIED, and Defendants expressly DENY that this Court has the power to or otherwise should issue the requested restraining order.

194) To the extent that this paragraph is a legal argument and/or prayer for relief, no response is required. Without waiving objections, any factual allegation is DENIED, and Defendants expressly DENY that Greer is entitled to attorney's fees.

195) To the extent that this paragraph is a legal argument and/or prayer for relief, no response is required. Without waiving objections, any factual allegation is DENIED, and Defendants expressly DENY that Greer is entitled to a declaration or declaratory judgment.

## AFFIRMATIVE DEFENSES

Defendants raise the following affirmative defenses:

1. By his failure to pursue any claims other than claims for alleged contributory copyright infringement on appeal to the Tenth Circuit following this Court's dismissal of Plaintiff's Complaint, Plaintiff waived the right to pursue claims for harassment, false light, or any other claims ostensibly raised in his Complaint. All claims other than claims for contributory copyright infringement have been abandoned or waived.

2. Plaintiff was contributorily negligent in any actions or events complained of.

3.  Plaintiff was comparatively at fault for any actions or events complained of.

4.  Plaintiff assumed the risk of public criticism.

5.  Plaintiff took no action or inadequate action to protect any copyright at issue in this case.

6.  Plaintiff failed to mitigate any damages.

7.  Plaintiff has suffered no economic loss, or alternatively all damages predated the loss complained of or are the result of acts beyond the control of the Defendants.

8.  There are intervening or superseding causes of all harms alleged in the Complaint, for which Defendants bear no responsibility.

9.  Plaintiffs' own conduct and that of his agents caused all losses complained of.

10. On the basis of res judicata, collateral estoppel, or other principles of law and/or equity, Plaintiff is barred from alleging in a civil suit that his criminal conviction in Utah State Court is unsound or otherwise from challenging the basis for such a conviction.

11. The doctrine of laches prevents Plaintiff from prevailing on claims which he did not diligently pursue.

12. The doctrine of unclean hands prevents Plaintiff from prevailing on claims which were brought for improper purposes.

13. Defendants are not subject to this Court's jurisdiction

14. The doctrine of Forum non Conveniens renders a suit in this Court impracticable and/or unlawful.

15. The speech Plaintiff complains of is Constitutionally protected under the First

Amendment and under the state Constitution of any relevant state.

16. Plaintiff has not stated a cause of action upon which relief can be granted with respect to any of his claims.

17. Plaintiff seeks relief in excess of this Court's jurisdiction.

18. The Fair Use doctrine protects any and all Defendants from being held liable on any claim alleged in this suit.

19. Section 230 of the Communications Decency Act protects the Defendants and each of them from liability in this action.

20. Plaintiff has not named all necessary parties in this action and/or has failed to join indispensable parties.

21. Plaintiff has erroneously named a website as a Defendant in this action, rather than a natural person or an entity. A website is not capable of suing or being sued.

22. There is no private right of action for statutory claims relating to harassment purportedly brought under Utah law.

23. Plaintiff has made judicial admissions which bar him from proceeding on any claims other than those for contributory copyright infringement.

24. The doctrines of collateral estoppel and/or of res judicata bar Plaintiff from relitigating all claims other than his claims for contributory copyright infringement.

25. Plaintiff did not satisfy the requirements of the Digital Millennium Copyright Act which are prerequisite to alleging infringement or to a finding of liability for alleged infringement.

DATED January 17, 2024

**HARDIN LAW OFFICE**


 */s/ Matthew D. Hardin*                             
**Matthew D. Hardin**
Attorney for Defendants


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing Answer was filed via CM-ECF this 17th day of January, 2024, which provided service upon all counsel of record. Additionally, I mailed a copy of the foregoing to the Plaintiff, who has now confirmed to me that he is acting pro se, at:

Russell Greer
P.O. Box 46602
Las Vegas, NV 89114


.


 /s/ Matthew D. Hardin                          
Matthew D. Hardin