**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>      Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, et al.<br><br>      Defendant. | **LOLCOW, LLC's<br>MOTION TO INTERVENE / MOTION TO SUBSTITUTE / MOTION TO CORRECT NAME**<br>Case No. 2:20-cv-00647-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Cecilia M. Romero |

NOW COMES Lolcow, LLC, a West Virginia limited liability company, and moved that it be permitted to intervene in this case and to substitute for "Kiwi Farms, a website." Lolcow, LLC represents that it does business as Kiwi Farms, and appears to be one of the intended Defendants in this matter, notwithstanding that it was not properly named or served. Defendants respectfully incorporate by reference the attached Memorandum of Law and the Declaration of Joshua Moon which is filed at ECF No. 64-1.

DATED January 18, 2024

                                        **HARDIN LAW OFFICE**

                                         /s/ Matthew D. Hardin
                                        **Matthew D. Hardin**
                                        Attorney for Defendants

**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, | **MEMORANDUM OF LAW IN SUPPORT OF LOLCOW LLC'S MOTION TO INTERVENE/SUBSTITUTE / CORRECT NAME** |
| Plaintiff, | |
| v. | Case No. 2:20-cv-00647-DBB |
| JOSHUA MOON, et al. | District Judge David Barlow |
| Defendant. | Magistrate Judge Cecilia M. Romero |

NOW COMES Lolcow, LLC, by and through their undersigned counsel,[1] and without waiving objections, and files this Memorandum of Law in Support of their Motion to Intervene or appear in place of "Kiwi Farms, a website."

I. **Introduction**

The Plaintiff sued Joshua Moon and "Kiwi Farms, a website." As is indicated in this Court's Memorandum Opinion and Order, ECF No. 37, fn. 1, it is "perplexing" that a website is a defendant in this matter. Mr. Moon is the sole member of an LLC called

---

[1] Matthew Hardin is admitted *pro hac vice* in this matter on behalf of Defendants Joshua Moon and "Kiwi Farms, a website." Counsel believes that by suing "Kiwi Farms, a website," Mr. Greer intended to sue Lolcow, LLC, which does business as "Kiwi Farms." Undersigned counsel therefore does not separately seek admission *pro hac vice* on behalf of the LLC, but is happy to do so if the Court believes it is necessary.

"Lolcow, LLC" which is organized under the laws of the State of West Virginia and does business as Kiwi Farms. It appears to be the universal practice of the federal courts to correct errors such as this one, although courts have done so under various rules or principles of the common law. This Court should correct Mr. Greer's error here, in the interest of judicial economy and to clarify the record. If this Motion is granted, Lolcow LLC intends to rely upon and adopt entirely all pleadings filed by undersigned counsel on behalf of "the Defendants," such that no new pleadings are required and no further judicial resources need to be expended.

## II. Standard of Review

It is not uncommon for a party to be named incorrectly in a Complaint. Occasionally, such errors are corrected under Fed. R. Civ. P. 15. See, e.g., *Graves v. Gen. Ins. Corp.*, 412 F.2d 583, 584 (10th Cir. 1969) (Corrections of misnomers are permitted under Rule 15(c)"), *Knutson v. Walker Grp., Inc.,* 343 F. Supp. 2d 971, 972 (D. Colo. 2004), *Gutierrez v. Trans*, No. 21-73 KWR/SCY, 2023 U.S. Dist. LEXIS 44853, at *3 (D.N.M. Mar. 16, 2023). Occasionally, such errors are corrected by recourse to principles of misnomer that are part of the common law. See, e.g., *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186 (D.N.M. 2012). Fed. R. Civ. P. 21 permits the court to add or drop a party on its own. Fed. R. Civ. P. 24 permits an un-named party to intervene to protect its rights. Fed. R. Civ. P. 25 allows for substitution of parties.

## III. Argument

The Court should order that "Lolcow, LLC, d/b/a Kiwi Farms" is the correct identity of the defendant currently listed as "Kiwi Farms, a website." Because the time for amendment of the Complaint has long ago elapsed, as noted in ECF No. 49 (denying an untimely request to Amend filed by the Plaintiff), it appears that Fed. R.

Civ. P. 15 cannot be used to correct the error. However, Fed. R. Civ. P. 25, Fed. R. Civ. P. 24, Fed. R. Civ. P. 21, or the Court's inherent equitable powers all allow the Court to clarify the proper identity of "Kiwi Farms, a website" is actually "Lolcow, LLC." This Court should exercise its authority and make such a correction.

### A) Fed. R. Civ. P. 21, 24 and/or 25 permits intervention/substitution.

Under Fed. R. Civ. P. 24 (b)(1)(B), the court may permit any individual or entity to intervene, provided that such an individual or entity "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 25 (c) provides for substitution of parties when "an interest is transferred." Fed. R. Civ. P. 21 empowers this Court to drop a party from litigation on "just terms."

To the extent that any claims or defenses belonging to "Kiwi Farms, a website" are coextensive with any claims or defenses available to "Lolcow, LLC, d/b/a Kiwi Farms," this Court can allow Lolcow, LLC to intervene as a Defendant, permit it to adopt all pleadings filed on behalf of "Kiwi Farms, a website," and then drop the website as a defendant pursuant to Fed. R. Civ. P. 21. To the extent that there is any "interest" in a website, such interest has been and is vested in Lolcow, LLC, which operates the relevant website and does business as Kiwi Farms. Therefore, substitution of Lolcow, LLC in place of "Kiwi Farms, a website" is appropriate.

The Court has the power to correct the identity of the Defendant using any of the above rules or all of them in combination, and it should do so for the sake of clarity.

### B) The Court has the inherent power to correct the misnomer.

The Court also has the inherent power to correct a misnomer. It should exercise that power here.

Many courts have long "recognize[d] the inherent power in a court to correct an

acknowledged and obvious mistake." *United States v. McGaughy*, 670 F.3d 1149, 1158 (10th Cir. 2012) (internal citations omitted). It is also the holding of fellow district courts in this Circuit that there is an inherent power to correct misnomer specifically. *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1272-73 (D.N.M. 2011).

This Court has already acknowledged at ECF No. 37 that it is "perplexing" that the Plaintiff sued "a website." Yet prior counsel for the Defendants nevertheless filed defensive pleadings on behalf of both defendants, and "Kiwi Farms, a website" was never dismissed as a party. It appears that Mr. Greer meant to sue an LLC which does business under the same or a very similar name as "Kiwi Farms, a website," and this Court should therefore correct the Plaintiff's mistake in order to clarify and expedite this litigation.

### IV. Conclusion

The Court should clarify that "Kiwi Farms, a website" is actually "Lolcow, LLC, d/b/a Kiwi Farms."

DATED January 18, 2024

                                        **HARDIN LAW OFFICE**

                                        */s/ Matthew D. Hardin*
                                        **Matthew D. Hardin**
                                        Attorney for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was filed via CM-ECF this 18th day of January, 2024, which provided service upon all counsel of record and upon the pro se plaintiff.

                                      /s/ Matthew D. Hardin
                                      Matthew D. Hardin

.