**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>        Plaintiff,<br>v.<br><br><br>JOSHUA MOON, et al.<br><br>        Defendant. | **PARTIAL OPPOSITION TO MOTION FILED AT ECF NO. 71.**<br><br>Case No. 2:20-cv-00647-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared Bennett |

NOW COME the Defendants, and partially oppose the Plaintiff's Motion for an Extension of Time which is filed at ECF No. 71. Defendants' position is as follows:

1. **Defendants take no position on the extension of deadlines for Plaintiff's oppositions to any motions.**

Whether to extend the Plaintiff's deadlines for briefs in opposition to defense motions is within the sound discretion of the Court, and the defense takes no position on how the Court might choose to exercise its discretion. The defense does, however, note that the Plaintiff appears to have incorrectly counted the number of motions filed by the defense. There have been only five such motions (not seven). ECF Nos. 62 (seeking joinder of a necessary party), 63 (seeking a more definite statement), 64 (seeking to transfer this case to the Northern District of Florida), 65 (seeking to strike immaterial and prejudicial sections of the Complaint), and 68 (seeking to correct

Plaintiff's misnomer relating to a defendant). Defendants respectfully submit that each motion was necessary due to the nature of the Plaintiff's own allegations in the Complaint and that the Defendants' motions are not excessive or cumulative.

2. **Defendants oppose the filing of any "Reply" to the Answer in this matter.**

Fed R. Civ. P. 7 (a)(7) only permits the filing of a Reply to an Answer with leave of court. The Plaintiff has established no reason that any Reply to the Defendants' Answer to the Complaint is necessary, nor any reason why the Court should order the filing of a Reply. Defendants believe that any "Reply" to the Answer is unnecessary and likely prejudicial in light of the Plaintiff's pleading habits as outlined at ECF Nos. 63 and 65. Moreover, the filing of a "Reply" to the Answer would likely force the Defendants to seek leave to file a sur-reply, or force additional motions to be filed seeking to strike or clarify allegations for the same reasons as illustrated in defense motions thus far. The pleadings are closed in this case, and should remain closed. See, e.g., ECF No. 37 (denying Plaintiff's attempt to file supplemental briefs laden with factual allegations), ECF No. 44 at p. 4 (denying Mr. Greer's most recent attempt to amend the Complaint).

DATED January 19, 2024

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via CM-ECF this 19th day of January, 2024, which provided service upon all counsel of record and upon the pro se Plaintiff.

 /s/ Matthew D. Hardin
Matthew D. Hardin