FILED
2024 FEB 7 AM 10:04
CLERK
U.S. DISTRICT COURT

Russell Greer
1155 South Twain Ave
Suite 108420
Las Vegas, Nevada 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

# THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON,** publisher of the website Kiwi Farms, **and KIWI FARMS**, a website<br><br>Defendants | **PLAINTIFF'S EXPEDITED MOTION TO STAY PROCEEDINGS FOR 90 DAYS**<br><br><br>Case No.: 2:20-cv-00647<br><br><br>Judge David Barlow<br>Magistrate Judge: Jared C. Bennett |

1

Plaintiff Russell Greer comes forward, under *FRCP 7(b)*, and files this expedited motion to stay proceedings of this case for 90 days and proclaims the following:

## CASE BACKGROUND

1. Plaintiff filed this case in 2020 after he had spent years being tormented by Kiwi Farms and having his copyrights be infringed by said site — with the owner of said site, Joshua Moon, in on the infringement.
2. To his horror, in 2021, Judge Campbell unfairly dismissed the case.
3. Plaintiff appealed.
4. Shortly after appealing, a group called, The Digital Justice Foundation, reached out to Plaintiff for an offer of representation, to which Plaintiff accepted.
5. The DJF helped plaintiff triumph on appeal.
6. The appeals case stayed in limbo for two years.
7. The 10th Circuit issued its decision in October 2023.
8. Defendants sought reconsideration. They were denied in December.

## RE-HIRING APPELLATE COUNSEL

9. Plaintiff was in talks with his appellate team to represent him at the district level.
10. There were and are stipulations the DJF is wanting before any representation can be given to Plaintiff.

## BOMBARDED WITH MOTIONS

11. Before Plaintiff could fulfill any of the stipulations for district court representation, and before Plaintiff could even file a proposed schedule, Defendants for some reason felt obligated to file 6 motions and an Answer — all at once.
12. While Plaintiff is grateful for the Court extending the deadline to reply to the motions, he feels those motions and Answer are better left responded to by the same lawyer who represented Greer at the appeals level.

2

**Emergency 90 Day Stay**

13. Plaintiff requests a 90 day stay so that he can meet the stipulations for the DJF to represent him.

14. The attorneys Greer seeks to have represent him are the same attorneys who represented him at the 10th Circuit: Andrew Grimm and Greg Keenan.

15. Because these attorneys are not Utah-based, there are some extra hoops Plaintiff must jump through to retain them. They are based in Nebraska and New York, respectively.

16. This is an emergency/expedited request because the Answer has a due date of 2-7-24.

**Legal Standard**

17. As other cases that have involved stays have pointed out: "a district court has broad discretion to stay proceedings, incidental to the inherent power to control its own docket." *Taie v. Ten Bridges LLC,* No. C21-0526, 2022 WL 17416056, at *1 (W.D. Wash. Dec. 5, 2022). "This power includes staying an action 'pending resolution of independent proceedings which bear upon the case.'" Id. (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)).

18. The 10th Circuit has held that when applying for a stay, a party must demonstrate "a clear case of hardship or inequity". *Span-Eng Assocs. v. Weidner,* 771 F.2d 464, 468 (10th Cir. 1985) (quoting *Landis v. North American Co.,* 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).

19. As shown in the following, there exists clear hardship if the motion to stay is not granted.

**Adversarial Amateur Facing an Experienced Professional**

20. The court system is often referred to as "adversarial".

21. To help visualize the current case, Plaintiff sets forth this image: Plaintiff is an amateur litigator in a boxing ring with Defendants' lawyer: a veteran fighter.

22. The score is currently 1-1: Defendants won a motion to dismiss. With the help of experienced litigators, Plaintiff won on appeal.

23. Once this case got sent back to this Court, Plaintiff immediately faced a barrage of motions before he could even retain his appellate counsel to appear in the lower court.

24. In fact, opposing counsel Hardin took advantage of this unequal playing field by inquiring of Plaintiff's appellate counsel on 12-19-23 if they were representing him at the district level. The DJF answered no because the kinks and logistics of district court representation were still being worked out. EXHIBIT A.

25. Upon learning that Greer would be pro se for the time being, Defendants filed a slew of motions to bury their amateur, pro se opponent.

**IMPORTANT PENDING MOTIONS THAT COULD DETERMINE THE OUTCOME OF THIS CASE**

26. Plaintiff faces hardship because he did not have enough time to re-retain his former appeals counsel at the district level.

27. The counsel wants funding that Greer will have to take up to 60 days to get, but he is proposing 90 days just to be safe.

28. Having counsel is important because Greer is facing several motions that counsel is more knowledgeable about and can articulate better through written responses.

29. The motions facing Greer are not trivial.

4

30. One motion is essentially forum shopping by asking to change the venue to Florida (Doc. 64). If granted, this motion would cause major inconveniences to Plaintiff. Counsel can reply to this Motion much better.

31. Another motion is oddly asking this Court to add Google as a defendant because one of the infringers put an unauthorized copy of the book on Google Drive (Doc. 62). This argument was already addressed at the appellate level in appellate document 010110955308 (*Response to Petition for Rehearing En Banc*), filed 11-17-2023. Argument regarding Google being liable is addressed on Page 14. The 10th Circuit apparently thought Defendants' argument held little weight. EXHIBIT B.

32. If motion was granted, it would cause hardship to Plaintiff because it would be extra headaches and extra paperwork. Counsel Grimm and Keenan can reply to this much better because they have already tackled this issue at the appellate level.

33. Lastly, there is a Reply to Answer due and that is the most important document because it could determine whether this case continues. Again, counselors Grimm and Keenan can Reply to an Answer much better than Greer can.

## THIS CASE HAS MAJOR IMPLICATIONS for PLAINTIFF

34. This case isn't about some silly copyrights created by a relatively unknown author and music artist. This case is about seeking redress for the continuing infringement that is being perpetrated by users on a website dedicated to making their targets lives a living nightmare. The owner of said website has *plausibly* contributed to the infringement, as found by the 10th Circuit. *Greer v. Moon,* 83 F. 4th 1283 (10th Circuit 2023) ("We hold Mr. Greer has stated plausible claims of contributory copyright infringement against Mr. Moon and Kiwi Farms.").

35. Without any sort of judgement against Moon, this international harassment and infringement will continue. See the Mother Jones article that thoroughly documents the

5

actions of Kiwi Farms and refers to Kiwi Farms as "the website that wants you to kill your self." *The Website that Wants You to Kill Yourself — and Won't Die. How the Trolls on Kiwi Farms hounded people to commit suicide and created the online culture we have today.* Mother Jones. (2023). (https://www.motherjones.com/politics/2023/02/kiwi-farms-die-drop-cloudflare-chandler-trolls/). Exhibit C.

36. Copyright is the strongest action one can pursue because Section 230 does not shield ISP owners from copyright liability.

37. The trolls on kiwi farms have even admitted on the site that they seek to harm Greer financially. *Id at 1289*. ("A Kiwi Farms user under the name "Russtard" encouraged its dissemination on the site "so no one else accidentally gives Russell [Greer] money." RI.20.".

38. Other KF trolls have emailed Greer directly and taunted him with pictures of Adolf Hitler (offensive because the Nazis killed disabled people) and have declared to Greer that "no disabled person will ever be allowed to succeed." See Doc. 35. EXHIBT D.

39. Without experienced counsel representing Greer to vindicate Greer's rights, this infringement and harassment will last for the rest of his life.

40. A large hardship lies ahead if Greer can't retain Grimm and Keenan to argue the case better.

**No Hardship Faces Defendants**

41. Defendants will not be harmed if a stay of 90 days is granted because this case sat in limbo at the appeals court for two years and so waiting another 90 days won't create any hardship for defendants.

42. If anything, defendants should recognize that plaintiff should have the right to have his claims adequately represented and they should recognize that having an attorney reply to their motions adequately will remove any doubt for another appeal.

6

## **Conclusion**

43. Plaintiff asks for a stay of all deadlines for 90 days.

44. Plaintiff asks that the case resume May 6th, 2024, as that should be ample time to properly retain Grimm and Keenan.

45. This case is an emergency and asks for expedited consideration.

Respectfully submitted,

By:

Russell Greer

Pro Se Litigant

/rgreer

**02-06-24**

## **Certificate of Service**

Plaintiff affirms that service was made to Defendants via the Court's electronic filing system and by personally emailing opposing counsel on 2-6-24: Matthew Hardin.