**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, <br><br> Plaintiff, <br><br> v. <br><br><br> JOSHUA MOON, *et al*. <br><br> Defendant. | **MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STAY** <br><br> Case No. 2:20-cv-00647-DBB <br><br> District Judge David Barlow <br> Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and file this Memorandum of Law in Opposition to the Plaintiff's Motion for a 90-day stay of these proceedings.

I.   **Introduction**

The Plaintiff is a serial *pro se* litigant who understates his experience in both the criminal and civil courts. Indeed, one of the purported infringements at issue in this case is a book entitled "*Why I Sued Taylor Swift and How I Became Falsely Known as Frivolous, Litigious & Crazy.*" ECF No. 3, p. 2, ¶ 1. This Court has previously called him "well-educated" and noted that he completed both college education and an internship with the Utah Attorney General. *Greer v. Herbert, et al.*, Case No. 2:16-cv-1067 (ECF No. 73, p. 3, fn. 4. Although he acting *pro se* in this matter, Mr. Greer is hardly a stranger to the justice system.

Another of the Plaintiff's targets has cataloged the history of the Plaintiff's vexatious litigation in the matter of *Greer v. Freemantle Productions, Inc.*, Case No. 2:21-cv-1905 (D. Nev.) at ECF Nos. 32 (seeking judicial notice of 16 separate court orders involving Mr. Greer, to include matters relating to both his history of civil litigation and his history in the criminal courts of the State of Utah) and 42 (noting that Mr. Greer appears to file lawsuits in order to seek publicity rather than to obtain judicial relief). The *Freemantle* Defendant noted Greer's special proclivity for lawsuits against celebrities including Taylor Swift and Farrah Abraham, as well as a lawsuit the Plaintiff filed alleging fraud when he was unsatisfied following a date with a prostitute in Reno. *Id*. at ECF 32-12. Indeed, Mr. Greer does not even confine himself to cases in which he is a named Plaintiff or Defendant at the outset of litigation: he even intervenes in litigation filed by others.[1] See, e.g., *Williams v. Sisolak*, No. 2:21-cv-01676-APG-VCF, 2022 U.S. Dist. LEXIS 126571, at *22 (D. Nev. July 18, 2022) (noting that Mr. Greer sought to intervene in litigation which did not involve him for various purposes, including to file a sanctions motion against an attorney with whom he disagreed).

Notwithstanding his extensive and uniformly negative experience in the state and federal court systems, Plaintiff chose to file this suit in 2020, and also made critical decisions including in what court it should be filed, whether it should be filed *pro se* or with representation, and whom he should name as Defendants. The Plaintiff had no

---

[1] Mr. Greer also dabbles in criminal law. As a convicted stalker with an order of protection arising out of his behavior towards a woman with whom he was infatuated, see *Greer v. Freemantle Productions, Inc.*, Case No. 2:21-cv-1905 (D. Nev.) at ECF No. 32-14, 32-15, and 32-16, Mr. Greer nevertheless petitioned the District Attorney for Lyon County, Nevada to prosecute Dennis Hoff after Mr. Greer was denied services of a particular prostitute named Dani Deville. Russell Greer, *Press Criminal Charges Against Brothel Owner Dennis Hof*, available at https://www.change.org/p/stephen-rye-press-criminal-charges-against-brothel-owner-dennis-hof (last accessed February 7 2024).

aversion to filing multiple and serial lawsuits and motions previously, including in this matter, but the Plaintiff seems to have had a sudden change of heart now that a vigorous defense is being mounted. The Plaintiff initially refused to propose *any* schedule for further proceedings in this case following remand, ECF No. 75, and now seeks a 90-day stay of these proceedings *in their entirety*. ECF No. 77. The Plaintiff now argues that it is he who will be burdened by litigation if it were allowed to be transferred to where the Defendants reside, and appears to make no allowances for the costs he has already imposed on foreign defendants who have endured three years of litigation in this Court and at the Tenth Circuit despite their lack of any ties to Utah.

Defendants, by contrast, did not choose to place themselves before this Court. Indeed, the Plaintiff did not even manage to serve them in Utah. ECF Nos. 16, 19. Nevertheless, the Defendants have been forced to spend tens of thousands of dollars defending themselves against a serial litigant who seems to delight in filing *pro se* litigation against parties ranging from licensed brothels to Hollywood production companies. This is not an extraordinary case in which a stay is necessary or appropriate; this is a case that should be adjudicated under the ordinary rules that the Plaintiff chose to follow when he elected to proceed in this Court.

## II.     Standard of Review

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.' *Utah v. Eli Lilly & Co.*, 509 F. Supp. 2d 1016, 1019 (D. Utah 2007), citing and quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963). The granting of the stay ordinarily lies within the discretion of the

district court. *Id*. "In exercising its judgment, the Court must weigh competing interests and consider the effects of the stay on the Court's docket, on counsel, and on the litigants. *Eli Lilly & Co.* at 1019, citing *Crown Cent. Petroleum Corp. v. Dept. of Energy*, 102 F.R.D. 95, 98-99 (D. Md. 1984).

This Court should use the power to stay litigation in its discretion to provide "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In exercising this discretion, this Court "must weigh competing interests and maintain an even balance." *Id*. at 255. The Tenth Circuit has stated that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, Inc., 713 F.2d 1477, 1484 (10th Cir. 1983); accord *MAI Basic Four, Inc. v. Basis, Inc.*, 962 F.2d 978, 986 (10th Cir. 1992). This District has generally considered the balance of equities in assessing whether a stay is appropriate. In a civil case, this includes the balance of interests in an expeditious resolution versus the prejudice from delay, the interests of the court, and the interests of the public. *M.D. Diet Weight Loss & Nutrition Clinic, Ltd. Liab. Co. v. Absolute Weight Loss & Nutrition Ctr., Ltd. Liab. Co.*, No. 2:05-CV-605 TS, 2006 U.S. Dist. LEXIS 60636, at *4 (D. Utah Aug. 24, 2006).

### III.     Argument

The Plaintiff chose to proceed in this Court, and he chose to proceed *pro se*. It would be against the interests of judicial economy and fundamentally inequitable to force the Defendants, hailed into this Court from Florida and West Virginia respectively, and each of which have already spent tens of thousands of dollars on this litigation and retained no less than three attorneys, to continue to wait for a resolution in Utah for an uncertain period of time while the Plaintiff belatedly attempts make arrangements for

counsel he could have retained three years ago or at any point prior to remand. Moreover, the Plaintiff has already violated at least two orders from this Court to propose a schedule both before and after remand, ECF Nos. 12 and 60, and it appears that the Plaintiff now seeks further delay (ostensibly on an emergency basis) to avoid any accountability or the need to answer any of the defense motions for an indefinite period of time. Litigation is not tenable when one party can alternate between rushing to Court to demand action and relief from Defendants, then retreat or seek delay when answered. This Court should require this case to be adjudicated in the ordinary course.

### A) The balance of interests favors adjudication in the ordinary course.

Under the Civil Justice Reform Act and the Federal Rules of Civil Procedure, this Court must attempt to secure the "just, speedy, and inexpensive" resolution of every civil case before it. 28 U.S.C. § 471; Fed. R. Civ. P. 1. This standard requires the Court to both (1) expedite the ultimate disposition of litigation and (2) reduce its costs, in the course of ensuring a just outcome." *Ascent Energy, LLC v. Reach Wireline, LLC*, No. CV 21-326 KWR/CG, 2021 U.S. Dist. LEXIS 155661, at *4 (D.N.M. Aug. 18, 2021). Consistent with these goals, "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, Inc., 713 F.2d 1477, 1484 (10th Cir. 1983); accord *MAI Basic Four, Inc. v. Basis, Inc.*, 962 F.2d 978, 986 (10th Cir. 1992). A stay effectively denies the defense its right to proceed in this case, at least through May.

In this case, the Plaintiff has failed entirely to present the sort of "extreme" circumstance that might warrant a stay, and the Plaintiff's sole basis for requesting a stay appears to be a newfound desire for legal representation three years into this

litigation.[2] This Court has a clear obligation to "expedite" the ultimate determination of litigation that the Plaintiff himself chose to bring and has repeatedly filed motions to delay, both in this Court and at the Tenth Circuit. This Court should therefore deny the request for a stay.

### B) The interests of the judiciary favor adjudication in the ordinary course.

The interests of judicial economy are furthered by allowing this case to proceed in the ordinary course, and therefore the request for a stay should be denied.

The judiciary has long expressed its concern that "cases that linger on the Court's docket are more difficult to manage," *Bitco Gen. Ins. Corp. v. Genex Constr. LLC*, No. 16-cv-01084-WJM-NYW, 2016 U.S. Dist. LEXIS 185941, 2016 WL 8608452, at *1 (D. Colo. Sept. 13, 2016), and explained that "[t]he Court has an interest in managing its docket by having the cases on its docket proceed expeditiously." *WildEarth Guardians v. IRG Bayaud, LLC*, No. 14-cv-01153-MSK-KLM, 2014 U.S. Dist. LEXIS 134482, 2014 WL 4748296, at *7 (D. Colo. Sept. 24, 2014).

This case has not proceeded expeditiously. On appeal, Mr. Greer's counsel filed multiple motions for extensions of time, and the word "extend" appears no less than 18 times on the appellate docket sheet, while Defendant Moon has not filed even one motion for an extension in this case at either the trial or appellate court level. Some of the inefficiencies of this case are the result of the Plaintiff's decision to relitigate the

---

[2] Undersigned counsel has endeavored to verify Plaintiff's latest statements with respect to seeking to retain Mssrs. Grimm and Keenan, but has received no response from those attorneys. Undersigned counsel's last communications from Mr. Grimm indicated that the Digital Justice Foundation would not represent Mr. Greer on remand. Mr. Greer frequently sends inflammatory correspondence directly to undersigned counsel in which Mr. Grimm is copied, but Mr. Grimm has never responded in any way and has never indicated that all correspondence should be directed to counsel.

same issues *seriatim* rather than accept this Court's rulings, and a stay would only exacerbate the harm the Plaintiff has caused in this regard. See, e.g., ECF Nos. 4, 6 (two separate motions for alternative service), ECF Nos. 31 and 35 (seeking leave to file two separate supplemental briefs addressing similar issues), ECF Nos. 74 and 76 (addressing Plaintiff's refusal to propose a schedule in this case), and ECF No. 76 (attempting to relitigate dismissed and abandoned claims relating to purported harassment).

The Plaintiff has repeatedly delayed this case, whether through his own behavior in this Court or through serial motions for extensions of time filed by his counsel on appeal. It is at long last time for this case to proceed on an ordinary path with the ordinary steps to ensure effective and efficient docket management.

**C)  The interests of the public favor adjudication in the ordinary course.**

The public also has an interest in the swift resolution of civil litigation, which is secondary only to its interest in swift criminal justice. *Windham v. Snyder*, No. 2:18-cv-00063-RJS-EJF, 2018 U.S. Dist. LEXIS 146987, at *14 (D. Utah Aug. 28, 2018), citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).  The public interest therefore favors the swift and orderly adjudication of this case.

By contrast, public confidence in the judiciary is undermined when cases linger on the docket and parties are deprived of their right to an orderly adjudication. As the Tenth Circuit put it in a prior appeal, "prolonging the instant litigation [would be] a wasteful expenditure of resources by courts and litigating parties and [would lead to] the gradual undermining of public confidence in the judiciary." *Adarand Constructors, Inc. v. Slater*, 228 F.3d 1147, 1158 (10th Cir. 2000).

The public interest favors adjudicating this Court in the ordinary course, and disfavors a stay.

### IV.   Conclusion

The Plaintiff's Motion for a 90-day Stay of these proceedings should be denied because it is contrary to the balance of interests as between the parties in this case, contrary to the interests of judicial economy, and contrary to the public interest. Insofar as the Plaintiff continues to assert some unspecified entitlement to file a Reply to the Answer in this matter, and on that basis purports to seek emergency or expedited relief, this Court should also remind the Plaintiff that his Motion for Leave to File a Reply was denied at ECF No. 73.

DATED February 7, 2024

**HARDIN LAW OFFICE**

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants