**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, et al.<br><br>Defendant. | **MOTION TO COMPEL COMPLIANCE WITH SCHEDULING ORDER OR FOR ALTERNATIVE RELIEF**<br>Case No. 2:20-cv-00647-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared Bennett |

NOW COME the Defendants, by and through their undersigned counsel, and move that this Court compel the Plaintiff to comply with the scheduling order issued on January 4, 2024 (ECF No. 60), or alternatively set this matter for an in-person scheduling conference or dismiss the case for want of prosecution. In support of this Motion, Defendants state as follows:

1) This Court issued a scheduling order over a month ago, with which the Plaintiff has made no efforts to comply. ECF No. 60. Specifically, the order required the Plaintiff to propose a schedule to the Defendants within 14 days. *Id*. at ¶ 1. The order provided for a Rule 26 conference within 14 days thereafter. *Id*. at ¶ 2. Based on the outcome of the Rule 26 conference, the court ordered certain additional actions be taken by February 8, 2024 (35 days after the order was issued). *Id*. at ¶ 3.

2) The Plaintiff has not moved to extend the time for proposing a schedule or holding a Rule 26 conference. Indeed, he acknowledged the continued applicability of these deadlines at ECF No. 76, p. 3, stating "Plaintiff will file the proposed schedule by the date of 2-8-24."[1] Notwithstanding this acknowledgement, the Plaintiff did not file or serve any proposed schedule. Instead, the Plaintiff sought continued delay by filing a Motion for a Stay after over three years of litigation. ECF No. 77. That Motion was opposed and remains pending, but the Plaintiff is behaving as if it was granted and has consistently refused to advance this case in any fashion.

3) No Rule 26 conference has been held in this case, and no Rule 26 disclosures have been made.

4) The Defendants are prejudiced by the Plaintiff's serial failures to advance this case, because the Defendants cannot conduct discovery until the Rule 26 conference is complete. ECF No. 60, ¶ 7. Nor can the Defendants propose their own schedule or otherwise advance this case, because any defense Motion for a Scheduling Conference would require information the Plaintiff has refused to provide. ECF No. 60, ¶ 3 (b) (requiring a draft attorney planning report to be filed as an attachment to any motion for a scheduling conference). The Plaintiff's noncompliance is particularly pernicious, because it is he who invoked the power and jurisdiction of this Court and he who has compelled the Defendants to appear and defend

---

[1] The Plaintiff did move for an extension of other deadlines at ECF No. 71, which was granted in part at ECF No. 73. He also sought a 90-day stay of all proceedings at ECF No. 77, which motion was opposed and remains pending.

themselves, all while failing to take even minimum steps to prosecute his own cause.

5) Because the Plaintiff has failed entirely to comply with the deadlines to advance this case to an orderly resolution, the Defendants respectfully submit that the Court must interpose itself and impose a schedule.

WHEREFORE, the Defendants respectfully request that the Court issue an appropriate order to advance this case in one or more of the following ways:

    a. Compelling the Plaintiff to cure his noncompliance with the order at ECF No. 60 within 7 days, on pain of sanctions; and/or

    b. Ordering the parties to appear in person for a status and scheduling conference notwithstanding that the prerequisites of ECF No. 60 have not been met, and ordering the Plaintiff to bear the costs of such a conference in light of his noncompliance with the scheduling order and the fact that such a conference was required only due to such noncompliance; and/or

    c. Dismissing this case for want of prosecution pursuant to *Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979) (holding that the court has the power to dismiss a case *sua sponte* for failure to prosecute), *Olivares v. England*, No. 2:22-cv-00123-JNP-JCB, 2022 U.S. Dist. LEXIS 248763, at *3 (D. Utah Oct. 6, 2022) (dismissing a *pro se* plaintiff's case on the basis that he had failed to timely comply with Fed. R. Civ. P. 4 (m)), Fed. R. Civ. P. 41 (b) (stating that a Defendant may move to dismiss on the basis of a plaintiff's failure to

prosecute), and DUCivR 41-2 (authorizing this Court to issue an order to show cause why this matter should not be dismissed for failure to prosecute).

DATED February 22, 2024

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed via CM-ECF this 22nd day of February, 2024, which provided service upon Mr. Greer electronically.

.

 /s/ Matthew D. Hardin
Matthew D. Hardin