THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSHUA MOON, publisher of the website Kiwi Farms; and KIWI FARMS, a website,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00647-DBB-JCB<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Russell G. Greer's ("Mr. Greer") expedited motion to stay proceedings for 90 days.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based on the analysis set forth below, the court denies Mr. Greer's motion to stay.

## BACKGROUND

Defendant Joshua Moon ("Mr. Moon") operates Kiwi Farms, an online forum where users "exploit and showcase those . . . deemed to be eccentric and weird."[3] Some Kiwi Farm

---

[1] ECF No. 67.

[2] ECF No. 77.

[3] ECF No. 3 at ¶¶ 13–14.

users go beyond discussing people online and purportedly "stalk and harass" their subjects.[4] Mr. Greer became the target of users' acrimony after he filed a lawsuit against pop star Taylor Swift.[5] In response to harassment by Kiwi Farms users, Mr. Greer self-published a book about the lawsuit, hoping to tell his side of the story.[6] After his book received numerous negative online reviews, Mr. Greer recorded a song and placed it for sale online.[7] Mr. Greer's book and song were posted on Kiwi Farms without his consent, causing Mr. Greer to become the target of even more derision.[8] Mr. Greer sent Kiwi Farms a takedown notice under the Digital Millennium Copyright Act ("DMCA") requesting that the site take down any posts that infringed on his copyrights.[9] Mr. Moon refused, claiming protection under "fair use," and mocking Mr. Greer's DMCA notice.[10] Since then, Kiwi Farms users have uploaded more of Mr. Greer's songs without his consent.[11] As a result, Mr. Greer filed the present action, seeking monetary and injunctive relief for alleged copyright violations, harassment, and various speech torts. Defendants moved to dismiss the complaint.[12]

In granting Defendants' motion to dismiss, this court concluded that Mr. Greer failed to state a claim upon which relief can be granted, denied as moot his request for a preliminary

---

[4] *Id.* at ¶ 14.
[5] *Id.* at ¶ 16.
[6] *Id.* at ¶¶ 25-27.
[7] *Id.* at ¶¶ 48-60.
[8] *Id.* at ¶¶ 37-60.
[9] *Id.* at ¶¶ 65–66.
[10] *Id.* at ¶¶ 67–71.
[11] *Id.* at ¶ 74.
[12] ECF No. 20.

injunction,[13] and closed the case.[14] Mr. Greer moved to alter judgment and reopen the case pursuant to Federal Rule of Civil Procedure 59(e).[15] The court denied Mr. Greer's motions,[16] and Mr. Greer appealed to the United States Court of Appeals for the Tenth Circuit.[17] The Digital Justice Foundation ("DJF") represented Mr. Greer on appeal. On appeal, the Tenth Circuit held that Mr. Greer states a plausible claim of contributory copyright infringement[18] and remanded to this court.[19]

On remand, Mr. Greer is no longer represented by DJF and is proceeding pro se. On January 17, 2024, Defendants filed four motions: a motion for joinder,[20] a motion for a more definite statement,[21] a motion to change venue,[22] and a motion to strike.[23] The following day, Defendants also filed a motion to intervene/substitute.[24] After the court granted Mr. Greer an extension of time to file responses to these motions,[25] Mr. Greer filed the instant motion to stay.[26]

---

[13] ECF No. 37.
[14] ECF No. 38.
[15] ECF No. 40.
[16] ECF No. 44.
[17] ECF No. 45.
[18] *Greer v. Moon*, 83 F.4th 1283, 1296 (10th Cir. 2023).
[19] ECF No. 53-1.
[20] ECF No. 62.
[21] ECF No. 63.
[22] ECF No. 64.
[23] ECF No. 65.
[24] ECF No. 68.
[25] ECF No. 73.
[26] ECF No. 77.

Mr. Greer requests a 90-day stay of these proceedings while he seeks to retain DJF as counsel in this action.[27] Mr. Greer argues that he will experience hardship or inequity if he is required to respond to Defendants' motions without counsel.[28]

## ANALYSIS

Mr. Greer's motion to stay fails because he has not demonstrated that a stay is appropriate. This court has discretion as to whether it will stay the current action.[29] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."[30] In determining whether to grant a motion to stay, the court usually weighs the following factors: "(1) whether granting a stay would likely simplify the issues before the court; (2) the stage of the litigation; and (3) a balancing of prejudice to the parties."[31]

Mr. Greer's failure to address these factors requires denial of his motion to stay. However, in liberally construing Mr. Greer's motion, he appears to address the prejudice factor. Even so, the court is unpersuaded by Mr. Greer's arguments. He states that he has been

---

[27] *Id.* at 2-3.

[28] *Id.* at 4.

[29] *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936).

[30] *Id.* at 255.

[31] *Menchacha-Estrada v. Synchrony Bank*, No. 2:17-CV-00831-DAK, 2017 WL 4990561, at *1 (D. Utah Oct. 30, 2017) (quoting *Lifetime Prods., Inc. v. Russell Brands*, LLC, No. 1:12-CV-00026-DN, 2013 WL 5408458, at *2 (D. Utah Sept. 25, 2013)); see also *Nat'l Staffing Sols., Inc. v. Nat'l Staffing Specialists, LLC*, No. 2:20-CV-00534, 2020 WL 6149916, at *2 (D. Utah Oct. 20, 2020).

"bombarded with motions"[32] and this represents a "clear case of hardship or inequity"[33] if Mr. Greer is required to move forward without counsel. Mr. Greer asserts that a 90-day stay, after two years of awaiting a decision from the Tenth Circuit, will not prejudice Defendants.[34] In response, Defendants contend that Mr. Greer has already had opportunities to retain counsel and, further, he has not complied with the court's order to propose schedule.[35] Therefore, this motion to stay is another means to delay response to Defendants' motions.[36]

      Mr. Greer's pro se status does not warrant a stay of this action. Although the court understands Mr. Greer's desire to be represented by counsel, this case must proceed to secure "the just, speedy, and inexpensive determination" of this action.[37] The standards governing pro se litigants allow Mr. Greer to proceed in this matter: "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[38] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[39] And further, "pro se litigants are subject to the same rules of procedure that govern other litigants."[40] The court has already granted Mr. Greer a large

---

[32] ECF No. 77 at 2.

[33] *Landis*, 299 U.S. at 255.

[34] ECF No. 77 at 6.

[35] ECF No. 80 at 5.

[36] *Id.*

[37] Fed. R. Civ. P. 1.

[38] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[39] *Bellmon*, 935 F.2d at 1110.

[40] *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir.1993).

extension of time to respond to Defendants' motions.[41] While DJF's willingness to represent Mr. Greer remains uncertain,[42] Mr. Greer must participate in this case. Accordingly, the court denies Mr. Greer's motion to stay.[43]

    IT IS SO ORDERED.

    DATED this 13th day of March 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[41] ECF No. 73.

[42] ECF No. 81-1, ECF No. 85 at 2.

[43] ECF No. 77.