FILED
2024 MAR 20 PM 4:14
CLERK
U.S. DISTRICT COURT

Russell Greer
1155 South Twain Ave
Suite 108420
Las Vegas, Nevada 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

# THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>  Plaintiff<br><br>v.<br><br>**JOSHUA MOON,** publisher of the website Kiwi Farms, **and KIWI FARMS**, a website<br><br>  Defendants | **PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING CHANGE OF VENUE PURSUANT TO 60(B)(1) and to REVERSE THE CASE TRANSFER, and MOTION TO PROPERLY REPLY TO THE MOTION TO CHANGE VENUE**<br><br>Case No.: 2:20-cv-00647<br><br>Judge David Barlow<br>Magistrate Judge: Jared C. Bennett |

1

Plaintiff Russell Greer respectfully and urgently requests for reconsideration of the Court's Granting of Change of Venue (Doc. 97) and respectfully requests the case be transferred back to Utah — or in the alternative, Nevada. Additionally, Plaintiff requests the opportunity to reply to the Motion to Change Venue.

## INTRODUCTION

On 03-20-24, this Court granted Defendants' Motion to Change Venue. In reaching its Conclusion granting venue change, the Court in-part reached this conclusion because of Plaintiff's failure to respond.

There appears to be a glaring misunderstanding, mistake and excusable neglect on Plaintiff's end that has robbed Plaintiff of fairness and justice.

## STANDARDS FOR FRCP 60(B) RECONSIDERATION

Per FRCP 60(b), a Court "may relieve a party…from a final judgement" for a variety of reasons, including (1) mistake, inadvertence, surprise or ***excusable neglect*** and (6) any other reason that justifies relief. Although motions filed within ten days of an order are construed as Rule 59(e) motions, district courts "should evaluate postjudgment motions filed within ten days of judgment based on the reasons expressed by the movant, not the timing of the motion." *Jennings v. Rivers*, 394 F. 3d 850 (10th Circuit 2005).

A Rule 60(b)(1) is "an extraordinary procedure" which "`seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts.'" *Cessna Fin. Corp.,* 715 F.2d at 1444 (quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981) (additional internal quotation marks omitted)). The rule "should be liberally construed when substantial justice will thus be served." *Id.* The guidelines governing a district court's consideration of a Rule 60(b)(1) motion… "are well established." *Id*. at 1445. Whether the movant has demonstrated "mistake, inadvertence, surprise, or excusable neglect" is

2

an issue to be "litigated on the merits." Id. "The trial court must determine whether excusable neglect has in fact been established, resolving all doubts in favor of the party seeking relief." *Id*.

For purposes of Rule 60(b), "excusable neglect is understood to encompass situations in which failure to comply with a ... deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

This instant motion plainly seeks relief from the 03-20-24 order granting based on a pro se litigant's mistake. *Id.*

## EXCUSABLE NEGLECT

The United States Supreme Court has held that to determine whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.,* 507 U.S. at 395, 113 S.Ct. 1489. Relevant factors include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*." `[F]ault in the delay remains a very important factor — perhaps the most important single factor — in determining whether neglect is excusable.'" *857 *United States v. Torres,* 372 F.3d 1159, 1163 (10th Cir.2004) (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994)). An additional consideration is whether the moving party's underlying claim is meritorious.

Plaintiff legitimately thought that Motion to Stay automatically halts other deadlines, which is why he never responded to the pending motions of defendants. It wasn't a matter of not wanting to participate in litigation, it was honestly being a naïve litigant, unaware of the litigation process. Plaintiff has never filed a motion to stay before and honestly believed that Motion stayed other deadlines. His research did not tell him otherwise. If the Court may recall,

3

the purpose of filing the motion to stay was to have experienced counsel answer important motions filed by competent counsel. (See Motion to Stay, pages 4-5).

Other cases involving <u>*actual trained and licensed*</u> lawyers have granted Rule 60(b) motions for the mistakes of lawyers. In *Jennings, a* Rule 60(b ) motion was granted because the district judge improperly analyzed a Rule 60(b) motion and didn't analyze other terms as just. *Jennings v. Rivers*, 394 F. 3d 850 (10th Circuit 2005). In *Van Skiver,* a pro se litigant's motion for reconsideration was denied because the Plaintiff did not cite any exceptional circumstances to invoke Rule 60(b). *Van Skiver* v. USA, 952 F. 2d 1241 (10th Circuit 1991).

Exceptional circumstances have arisen to grant this motion, namely: there was no opportunity after the Motion to Stay was denied for Plaintiff to answer the pending motions from defendants. This was clearly a mistake and misunderstanding on Plaintiff's end. The excusable neglect was very apparent by Plaintiff CLEARLY NOT REPLYING to important motions such as a motion to transfer because he believed a motion to stay paused the case and that if the motion to stay was denied, he would be given the opportunity to reply.

### NO HARM TO DEFENDANTS IF MOTION GRANTED AND CASE TRANSFERRED BACK

As the 10th Circuit recounted in the appeal of this case, Defendants have stalked and harassed Plaintiff to the ends of the earth. Plaintiff has begged Defendants and their counsel to simply remove him from Kiwi Farms — YET THEY REFUSE SUCH A SIMPLE REQUEST.

Because of kiwi farms and their stalking behavior, as reported by numerous outlets, Greer's life is damaged and he can't release anymore of his copyrighted works because the infringement continues.

It is important to mention all of this because there will be zero harm if this Motion is granted and the case is transferred back to Utah because Defendants have spent 8 years harassing Greer. Plaintiff, in turn, seeks vindication of harms aflicted on him by Joshua Connor Moon and the terrorist network that he runs that have ruined the lives of many people,

As will be shown below, Defendants WAIVED A MOTION TO TRANSFER,

4

## **TRANSFER INVALID BECAUSE DEFENDANTS WAIVED THEIR RIGHTS TO A MOTION**

In addition to Greer's excusable neglect, the Order granting a Motion to Transfer doesn't make sense since Defendants waived any jurisdiction issues. Indeed, *Federal Rules of Civil Procedure 12 g-h* reads: "a party waives any defense listed in Rule 12(b)(2)–(5) by:

(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
(B) failing to either:
  (i) make it by motion under this rule; or
  (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."

When defendants originally filed their motion to dismiss in 2021, they only stated that Plaintiff failed to state a claim and argued that Defendants weren't liable for copyright infringement or the other tort claims. Never once was jurisdiction an issue until the 10th Circuit ruled against Joshua Connor Moon (who happened to also lambast not just plaintiff, but also the 10th Circuit judges who ruled against him).

This was precisely why Plaintiff was trying to stay the case so that he could gather the funds to retain counsel because these are motions that he is unfamiliar with. But the Federal Rules are clear: if a party fails to raise an issue in a Rule 12 motion, they waive that claim.

If the Court permits Plaintiff to properly reply to the Motion to Transfer, Plaintiff will give a more thorough argument. Plaintiff only cites the FRCP to show that the right to contest venue was waived by Defendants and thus it shouldn't have been allowed to happen.

## **PLAINTIFF STILL HAS CONTACTS IN UTAH**

In granting the Motion to Transfer, the Court cited that Plaintiff no longer lives in the Court's jurisdiction. This is true, however, the original harms happened in Utah and Greer's family, some friends

5

and his alma matter are still in Utah. In fact, Utah is closer to Nevada than Florida is. Plaintiff has ZERO contacts with Florida except for the continued harassment he has received from Joshua Moon and Kiwi Farms.

## CONCLUSION

Plaintiff is not a lawyer, nor has he ever held himself out as one nor has he filed a motion to stay before, so it's completely true that he was confused on believing the case was paused. He also naively believed the Court would allow Plaintiff to reply if the motion to stay was denied. It can't be said that Plaintiff wasn't participating in the litigation, when he was clearly replying to every single frivolous notice filed by Defendants, e.g. Defendants' contention about returned mail, when Defendants very own exhibit of returned mail wasn't even the Twain address.

By this case being transferred to Florida, it has caused more headache to Plaintiff.

Plaintiff is a real person. He is a son, a brother, a good person, whose life has been ruined by Defendants.

## Prayer for Relief

Plaintiff's prayer for relief is for the Court to reconsider its 3-20-24 order and transfer the case back to Utah.

Alternatively, if the Court wants Plaintiff to reply to the Motion to Transfer, he can do that too,

Respectfully submitted,

By:

Russell Greer

Pro Se Litigant

6

/rgreer

**03-20-21**

## **Certificate of Service**

Plaintiff affirms that service was made to Defendants via the Court's electronic filing system on 3-20-24 and that said attorney for defendants is Matthew Hardin.