**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>        Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>        Defendant. | **MEMORANDUM OF LAW<br>IN OPPOSITION TO<br>MOTION TO RECONSIDER**<br><br>Case No. 2:20-cv-00647-DBB<br><br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and file this Memorandum of Law in Opposition to the Motion docketed at ECF No. 98. Defendants state as follows:

1. This Court has no ability to "reconsider" its transfer order now that another Court has assumed jurisdiction, because the transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case).

2. Even if this Court wished to entertain Mr. Greer's Motion notwithstanding the grave practical and jurisdictional problems with doing so, Mr. Greer also has not established excusable neglect. *Kocsis v. Fla. State Univ. Bd. of Trs.*, No. 20-10474, 2021 U.S. App. LEXIS 24738, at *8 (11th Cir. Aug. 19,

2021) (pro se litigant's "misunderstanding of the law does not qualify her for relief under Rule 60…"). Mr. Greer's legal mistakes were plain, and the Defendants took pains to notify him of his duty to engage with the legal process on multiple occasions. See, e.g., ECF 80, 92. Nor did Mr. Greer respond to pending motions after the Court itself made clear its ruling that there would not be a stay in this case. ECF No. 96. Mr. Greer's continued and persistent neglect was patently inexcusable.

3. Lastly, even in a request for reconsideration and even after this Court made extraordinarily clear what evidence Mr. Greer could have presented to oppose transfer, ECF No. 97 at 8, Mr. Greer still failed entirely to make the required showing. This Court made plain that its decision could have been based on a showing "regarding the costs of making the necessary proof, the enforceability of any judgment obtained, the relative ability to receive a fair trial, or difficulties from congested dockets," if Mr. Greer had bothered to put on any such evidence rather than ignoring pending motions. *Id*. Even after this Court's ruling, however, Mr. Greer has said nothing at all about these factors. The Motion at ECF No. 98 says nothing about the costs of making proof (or what that proof might be), the enforceability of a judgment, or anything else. Instead, the Defendant simply asserts a "headache" arising in some fashion from transfer. ECF No. 98 at 6. As another District Court once put it:

> No one is forcing [Plaintiff] to pursue this lawsuit or to pursue it alone. He *is* the plaintiff, after all. Litigation is stressful. It is one reason, among many, that an entire profession exists to assist laypeople in navigating an adversarial legal system.

*Hightower v. S. Cal.*, No. 5:22-cv-00181-JWH-KK, 2022 U.S. Dist. LEXIS 212576, at *3-4 (C.D. Cal. Oct. 11, 2022). Defendants respectfully submit that whatever the causes of Mr. Greer's headaches might be, they are not caused by this Court or its rulings.[1]

DATED March 21, 2024

                                  **HARDIN LAW OFFICE**

                                  */s/ Matthew D. Hardin*
                                  **Matthew D. Hardin**
                                  Attorney for Defendants

---

[1] Mr. Greer appears to believe that he is in litigation with "a terrorist network," notwithstanding that this is a copyright case involving the book Greer wrote about vexatious litigation. ECF No. 98 at 4. Such delusions are not uncommon, but at least one District Court has speculated that they may stem from an "aware[ness] of what you did and the consequences," rather than from any genuine mental incapacity. *United States v. Olaya*, No. 21-1498, 2023 U.S. App. LEXIS 484, at *10 (6th Cir. Jan. 9, 2023).