Russell Greer
1155 South Twain Ave
Suite 108420
Las Vegas, Nevada 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED
2024 MAR 25 PM 4:25
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

# THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>    Plaintiff<br><br>v.<br><br>**JOSHUA MOON,** publisher of the website Kiwi Farms, **and KIWI FARMS**, a website<br><br>    Defendants | **PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITIONAL REPLY**<br><br>Case No.: 2:20-cv-00647<br><br>Judge David Barlow<br>Magistrate  Judge: Jared C. Bennett |

1

Plaintiff Russell Greer Plaintiff Russell Greer replies to Defendants' Oppositional Response.

## INTRODUCTION

Regardless of Defendants' protestations, everything Plaintiff attested to in his 60(B) motion was the truth. He was negligent in understanding the effects of filing a motion to stay while there were deadlines pending for other motions. To reinforce Plaintiff's excusable neglect and mistake, under *FRCP 60(b)(1)*, Plaintiff presents two questions for the Court to ponder: (1) why would Plaintiff file responses to the originally pending motions of Defendants, if he was trying to stay the case to get a lawyer to answer those very same motions and (2) isn't the fact that plaintiff didn't respond to the motion to change venue and other important motions, evidence in of itself that he was negligent in believing a motion to stay temporarily paused any pending motions, especially when the motion to stay was meant to bring attorneys on to answer the motions?

These two questions could cause procedural confusion to any unrepresented party, who was trying to bring on lawyers to answer motions he was confused on how to answer and he didn't want to answer them himself and risk an adverse reaction.

The 60(b)(1) motion could have been written better. It was written in haste to try to initially prevent, and then reverse, the case transfer once the clerk transferred the case. The overall gist of what plaintiff was getting at remains: he was negligent in believing a motion to stay a case temporarily paused deadlines. It goes back to the heart of WHY he was even trying to stay the case.

## Actively Participated in Litigation

Defendants are wrong in their Reply by saying Plaintiff wasn't participating, As was demonstrated in the past month, plaintiff replied to every single meritless notice filed by Defendants. Indeed, when Defendants filed Doc 74, Plaintiff replied with Doc 75 and clearly stated, "he didn't know what to propose" since Defendants filed a slew of motions. (see Doc. 75). On 2-7-24, Plaintiff filed Doc 77 (the motion to stay) because he was really apprehensive

2

trying to answer motions that could end the case, plaintiff even stated in Doc 77 that he wanted his attorneys to come on and reply. He asked for 90 days because to bring attorneys on from a different jurisdiction requires finding an attorney within Utah as well. It's not an easy process, as this court is aware. Plaintiff assumed since the motion was asking to stay the case to bring on attorneys to answer the motions with deadlines, that the deadlines would be paused by way of determining whether lawyers would come onto answer them…because again, going back to question 1: why would he answer motions that he was trying to have his counsel come onto answer?

But plaintiff continued to participate in litigation. Throughout all of February and March, defendants filed nearly 20 frivolous, bad faith, nuisance motions, ranging from complaining about filing dates to addresses that defendants' very own lawyer attached mail that was clearly an old address. Most of the notices plaintiff quickly replied to, few he didn't because he was waiting to see if the court would stay the case so he could find funding to bring on lawyers who would reply.

The case management document wasn't filed because that too was also under the assumption that it had been paused and he was hoping his appellate counsel would reply with that too. It's respectfully incorrect to say plaintiff wasn't participating in litigation. Again, plaintiff isn't a lawyer and his research didn't tell him a definitive yes or no on whether deadlines are paused with a motion to stay.

## Communication with Former Lawyers

The DJF is no longer his counsel and they haven't communicated with him aside from possible representation and payments and one text message cautioning Greer that the motion to stay may not be granted, but the DJF never told him he STILL had to reply to the pending motions while the motion to stay was considered by this Court.

3

## **LIMITED RESEARCH TOOLS DID NOT INFORM PLAINTIFF**

Google and Google Scholar (the only free comprehensive research tool Plaintiff has) did not give plaintiff a yes or a no on whether the case was paused by a motion to stay, while a motion to stay was litigated on.

## **EVIDENCE SUPPORTS PLAINTIFF WAS STUDYING THE DEFENDANTS' MOTIONS**

To rebut Defendants and to support active participation in litigation of this case, attached in EXHIBITS A-G are notes Plaintiff had taken in January, researching defendants' motions. Because the notes were done on the IPhone notes app, the date of the notes creation can be shown. The date only updates when an edit is made, but a user can still find the original note creation as well. *An easy way to see the creation date of a Note?* Apple Discussions. (2019). (https://discussions.apple.com/thread/250855299?sortBy=best) . Notes created 01-17-2024 can be shown of Plaintiff researching the venue change motion. **EXHIBIT A.** On 01-19-2024, Plaintiff researched the joinder motion. **EXHIBIT B.** Another note on 1-19-24 shows Plaintiff researching response length requirements. **EXHIBIT C.** Researching other victims of Kiwi Farms. **EXHIBIT D.** An 01-27-24 note shows Greer researching Moon's answer. **EXHIBIT E.** As it became clear that Plaintiff wouldn't know how to answer some of the motions, Plaintiff researched a motion to stay. **EXHIBIT F. EXHIBIT G** shows that Plaintiff had even calendared the response due dates.

The only subject Plaintiff had trouble finding was whether a motion to stay pauses other pending deadlines, especially if the motion to stay dealt with having counsel answer the pending deadlines. Thus this all proves that Plaintiff actively participated in litigation and was excusably neglectful about the procedure regarding the pending deadlines.

4

## **RESERVES RIGHT TO FURTHER ADDRESS FRCP 12(H)**

The 60(B) Motion clear states, "Plaintiff only cites the FCRP to show that the right to contest venue was waived by Defendants." He wasn't making an argument. Plaintiff asked twice (on pages 5 and 6) to be able to address the Motion to Transfer properly and arguing FRCP properly (and any other policy, statute, correctly). Thus, Plaintiff won't touch on the FRCP further and he reserves this right for an alternative 59 (E ) Motion to Vacate or/and a proper Response Motion to the original Motion to Transfer.

## **CONCLUSION**

As established with Exhibits A-G, Plaintiff WAS participating in litigation, became distressed that he might screw up answering the motions and thus with GOOD FAITH, sought to bring on experienced lawyers to answer the pending motions. Plaintiff sincerely thought a motion to stay temporarily paused the case and pending motions because it goes back to rhetorical question 1 presented at the start of this case: why would plaintiff answer motions he was trying to have lawyers answer? He also sincerely thought that if the motion to stay were denied, the Court would reset the due dates for the responses.

The fact that plaintiff never responded to the motions is the "proof in the pudding" — proof in itself — of his procedural confusion.

Respectfully submitted,

By:

Russell Greer

Pro Se Litigant

/rgreer

**03-25-24**

5

## Certificate of Service

Plaintiff affirms that service was made to Defendants via the Court's electronic filing system on 3-25-24 and that said attorney for defendants is Matthew Hardin.