FILED
2024 MAR 26 AM 11:50
CLERK
U.S. DISTRICT COURT

Russell Greer
1155 South Twain Ave
Suite 108420
Las Vegas, Nevada 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

# THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>      Plaintiff<br><br>v.<br><br>**JOSHUA MOON,** publisher of the website Kiwi Farms, **and KIWI FARMS**, a website<br><br>      Defendants | **PLAINTIFF'S MOTION TO VACATE the ORDER GRANTING CHANGE OF VENUE PURSUANT TO FRCP 59(E)**<br><br>Case No.: 2:20-cv-00647<br><br>Judge David Barlow<br>Magistrate Judge: Jared C. Bennett |

1

Plaintiff Russell Greer Plaintiff Russell Greer comes now and says:

## INTRODUCTION

On 03-20-24, this Court granted Defendants' Motion to Change Venue. Plaintiff respectfully files this motion to vacate because of clear error and mistake of law. Plaintiff states that he believes the Order granting venue change was erroneous for the following reasons: (1) Defendants had waived their right to venue under *Federal Rules of Civil Procedure 12* and *28 USC 1406(B)*, (2) changing venue this late in the case goes against established 10th Circuit precedent and (3) the Court's granting to transfer the case has robbed Plaintiff of justice.

## NOT A SUCCESSIVE MOTION, BUT AN ALTERNATIVE AVENUE FOR RELIEF

Courts have held that Rule 60(B) and Rule 59 (E ) motions differ and that Courts should evaluate post-judgment motions "based on the reasons expressed by the movant, not the timing of the motion." *Jennings v. Rivers*, 394 F. 3d 850 (10th Circuit 2005) (reversing a denial of a Rule 60(B) motion for the trial court improperly evaluating it). Other federal circuits have held the same. "Whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it." *Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006). Therefore, a Rule 59(E ) and Rule 60(B) motion can be separate from each other.

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. In contrast, Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." *FED.R.CIV.P. 60(b)(1). Chapman v. Barcus.* No. 08-CV-0497-CVE-PJC.

Nothing in 10th Circuit law explicitly prevents a party seeking relief from filing either/or both motions.

2

Accordingly, Plaintiff filed a Rule 60(b) Motion for Reconsideration on 03-20-2024 (Doc. 98), that motion was arguing Plaintiff's excusable neglect under Federal Rules of Civil procedure 60(B)(1). This current motion, filed under Federal Rules of Civil Procedure 59(E ), is not a successive or duplicate motion, but rather a distinct motion seeking different and alternative avenues of relief, should the Rule 60(B)(1) motion be denied, showing that IN ADDITION, OR IN THE ALTERNATIVE, to his excusable neglect detailed in Doc. 98, there was a clear mistake of law in granting the motion to transfer and that the Court overlooked several important facts.

### FRCP RULE 59(E ) (MOTION TO VACATE) STANDARDS

"A *Rule 59(e)* motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Thus, the scope of Rule 59(e) is quite limited. A party should not use a motion for reconsideration to reargue the motion or present evidence that should have been raised before. Moreover, a party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden. When a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument under" [Rule 59(e)].

A unique situation is in front of this court, as Plaintiff never got the chance to file a response to the motion to change venue, due to his excusable neglect, as laid out in Doc 98. However, despite a lack of reply, this Court overlooked that case law and federal statutes prevented this Court from being able to grant a motion to change venue and defendants are procedurally barred from having a new venue.
.

1. **FEDERAL RULES OF CIVIL PROCEDURE 12(H) BARS THIS CASE FROM BEING TRANSFERRED**

In the Court's Order, the Court in-part granted a change of venue due to Plaintiff's not responding to the motion — because of the already explained circumstances in Doc. 98 — and because the Court determined Defendants showed why they were entitled to a transfer. However, the Order granting change of venue must be vacated because Federal Rules of Civil Procedure 12 prevents any venue change requests or contentions.

*Federal Rules of Civil Procedure 12(H)* reads:

> "(h) Waiving and Preserving Certain Defenses.
>
> (1) *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)–(5) by:
>
> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>
> (B) failing to either:
>
> (i) make it by motion under this rule; or
>
> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."

*Federal Rules of Civil Procedure 12(b)(2)-(5)* lists defenses waived if not first used as: (2) lack of jurisdiction, (3) improper venue, (4) insufficient process and (5) insufficient service of process. The only defense not waived if not first used is (6) failure to state a claim, per *FRCP 12(H)(2)*.

The 10th Circuit case law is quite clear on this: protestations regarding venue are waived if they are untimely asserted. *Fed.R.Civ.P. 12(h)(1)*. *Williams v. Life Savings and Loan*, 802 F.2d 1200 (10th Cir. 1986). "If a party files a pre-answer motion and fails to assert the defenses of lack of venue, personal jurisdiction or insufficiency of service, he waives these defenses." *Oaklawn Apartments,* 959 F.2d at 175.

4

Looking back at this case's docket, Defendants filed a pre-answer motion (a Rule 12(B)(6) motion), Document Number 20, on 04-09-2021. The motion raised the following arguments: (1) defamation claims barred by statute of limitations (*page 3*), (2) immunity (*page 4*), (3) infringement (*page 5*), (4) Utah code arguments (*page 5*), (5) false impression and publicity (*page 6*), and (6) false statements (*page 9*).

Nowhere in the 04-09-2021 Rule 12(b) motion do defendants raise venue or jurisdiction complaints. Although the 04-2021 motion was filed by Defendants' former attorney, switching lawyers (from Mr. Skordas to Mr. Hardin) doesn't allow Defendants to skirt and ignore these procedures that have been upheld by the appellate court in this Circuit.

Therefore, per 10th Circuit binding law and the FRCP, venue considerations are waived. It was a mistake of law for this Court to transfer the case and thus this case cannot be transferred to Florida and the venue change order must be vacated.

**2. 28 U.S.C. § 1406(b) Also Bars a Transfer**

To further prove Defendants waived a change of venue transfer under *28 USC § 1404*, Plaintiff turns to *28 USC § 1406(b),* which reads: "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." The 10th Circuit has interpreted this statute by holding: "Venue is a personal privilege of a defendant, which may be waived by the failure to make timely objection. There is authority for the view that "[i]t is not proper for the court to dismiss an action on its own motion for improper venue if there has been no objection from the party for whose benefit the privilege exists." 15 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3826, at 257 (2d ed. 1986). *Arnold v. Maynard,* 942 F. 2d 761 (10th Circuit 1991). This is on-par with what *FRCP 12(H)* reads.

Failure to make a timely objection to venue, thus resulting in waiver of venue, is engrained in federal case law, going as far back as 1929. The United States Supreme Court faced the question

5

of what constituted "seasonably" (timely) in the case of *Commercial Casualty Ins. Co. v. Consolidated Stone Company*, 278 U.S. 177 (1929). It held: "We are of opinion that the privilege is of such a nature that it must be asserted at latest before the expiration of the period allotted for entering a general appearance and challenging the merits….In common practice, objections to venue are presented and acted upon at an earlier stage; and this, so far as we are advised, is true of the elective privilege here in question…To hold that such a privilege may be retained until after the suit has reached the stage for dealing with the merits and then be asserted would be in our opinion subversive of orderly procedure and make for harmful delay and confusion." *Id.* This opinion has been followed as recently as 2013: *Joe Hand Promotions v. Elmore*, No. 11-CV-3761 (KAM)(SMG), (E.D NY 2013) (denying improper venue due to waived contentions).

As shown, it was clear error and mistake of law for this Court to allow a transfer because under 28 USC 1406(B) and long-standing, binding case law, defendants waived their right to assert a venue change for untimeliness.

### 3.   A LACK OF REPLY FROM PLAINTIFF DOESN'T ALLOW A TRANSFER

As explained in Doc. 98, Plaintiff didn't reply because of his misunderstanding regarding the procedures and effects of a motion to stay while there were pending deadlines. As established in Plaintiff's Reply to Defendants' Opposition to Doc. 98, plaintiff had been researching the responses to Motions from the very day he became aware of their filings: back in January. He was actively participating in the case. However, even with plaintiff's lack of reply, this Court should have respectfully been aware that procedurally, defendants forfeited and waived venue issues and denied the motion to change venue based on the rules of procedures found in FRCP 12(H) and 28 USC.

The FRCP, 28 USC 1406(B) and their binding effects stand with or without a reply from plaintiff. Venue is waived *only* if the party protesting the current venue doesn't raise it in the first Rule 12 motion or at the start of the case, not if the non-complaining party doesn't answer a

6

reply to venue change. In fact, the FRCRP and 28 USC and the surrounding case law clearly states waiver only happens if the one wanting a venue change doesn't invoke venue in a timely manner. Three years later and with their first 12(b) Motion filed around that time, defendants don't get to suddenly raise and request a new venue. This should have been very apparent, even without any answer from plaintiff.

The case law surrounding both the FRCP and 28 USC 1406(B) are clear: Courts are required to be aware of the policies and case law regarding venue change motions. Once waived, venue and personal jurisdiction may not be granted by the court. *Zelson v. Thomforde*, 412 F.2d 56, 58 (3rd Cir.1969) (holding it was error for the district court to dismiss a case sua sponte for want of personal jurisdiction, where the defendant appeared without objecting to the court's jurisdiction over him).

Here, defendants missed their shot to protest venue, yet still were granted a venue change. By the Court still allowing a transfer, this goes against established, controlling and persuasive case law, e.g. Courts may not dismiss or transfer a case sua sponte for improper venue absent extraordinary circumstances." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999); *Pisani v. Diener,* No. 07-CV-5118, 2009 WL 749893, at *23 n.6 (E.D.N.Y. Mar. 17, 2009) ("[T]he Court recognizes that a sua spontedismissal for improper venue would be unwarranted absent extraordinary circumstances."); see also *Joseph v. N.Y.C. Dep't of Corr.*, No. 10-CV-1265, 2011 WL 1843162, at *2 n.3 (E.D.N.Y. May 13, 2011) ("[A]lthough it is unclear whether venue is proper in this district, because Defendants have failed to raise this argument in their initial papers, they have waived any objections to improper venue."); see also *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) ("A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by seasonably to assert it, or even simply by making default.").

With the case law recited, it was clearly an error of law for this court to transfer because Plaintiff didn't file a response (due to his excuse neglect surrounding the procedure, as explained).

## 4. <u>TRANSFER CONTRADICTS 10TH CIRCUIT CASE LAW FAVORING PLAINTIFF'S VENUE</u>

The 10th Circuit has a rich history of not disturbing a Plaintiff's choice of venue, unless the balance is strongly in favor of the Defendant. *Smith Contracting Co. v. Travelers Indemenity Company,* 467 F. 2d 662 (10th Circuit 1972). In Defendants' Motion to Transfer, Defendants don't really offer any arguments that would tip the scales in their favor, except for their own personal convenience and public policy. The Court in this case seemed to agree with this argument, however, other Courts within the 10th Circuit have pointed out: "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Roc Inc v. Progress Drillers,* 481 F. Supp. 147 (W.D. Oklahoma 1979).

Defendants made a blanket statement about witnesses, yet offered none. In *Scheidt,* the 10th Circuit faced another case involving a defendant wishing to move venue to Florida, citing witnesses. The 10th Circuit held: "It is necessary that some factual information relative to the materiality of witness testimony and the considerations mentioned above be supplied to the [trial court. Defendant's meager showing failed to demonstrate the requisite inconvenience to his witnesses." *Scheidt v. Klein,* 956 F.2d 963 (10th Circuit 1992). Likewise, defendants have failed to provide any witnesses or any reasons for why they are inconvenienced, except for one-sentence, blanket statements about vague public policy. Even if public policy swayed in the favor of defendants, Moon and Co. waived these arguments by not timely invoking venue, as stated in section 3 of this motion.

8

It was a mistake of law for this Court to allow a transfer, when 10th Circuit case law clearly dictates that venue changes are only allowed when the requested venue balances in Defendants' favor.

## 5. PLAINTIFF HAS BEEN ROBBED OF JUSTICE

The Court also respectfully overlooked several facts and legal implications that have impacted Plaintiff with a change of venue.

### A. Transfer Muddies Plaintiff's Appellate Win

When the 10th Circuit ruled in Plaintiff's favor last October and re-opened the case, Plaintiff was extremely confident that with a Circuit ruling in his favor, the lower courts would be bound to follow its guidance and treat Plaintiff fairly, as he truly believes Judge Tina Campbell was unfair to him. However, now that the case was abruptly shipped off to Florida, the case now lies in the jurisdiction of the 11th Circuit. Now, the ruling of the 10th Circuit is no longer binding on the Florida court and thus all legal ramifications are up in the air.

The Court overlooked how transferring venue this late in the case would severely implicate the appeals court ruling of establishing infringement, where the district court in Florida isn't required to follow the 10th Circuit.

### B. Mr. Moon is "Last Minute" Forum Shopping

Aside from Mr. Moon waiving his right to change venue, under FRCP 12 and 28 USC 1406(B), it should have been very apparent to this court that Mr. Moon was forum shopping because he was upset the 10th Circuit ruled against him. As previously recited, this case was filed back in 2020. Mr. Moon had a lawyer enter an appearance in April of 2021 and filed a Rule 12(B)(6) motion to dismiss. Venue was never invoked.

As can be seen with Moon appealing to the Supreme Court of the United States, he is doing everything in his power to overturn that 10th Circuit decision. If Moon can't do it directly, he

9

apparently hopes a change of venue will erase the 10th Circuit ruling by having the 11th Circuit rule in his favor.

Plenty of courts, many in this district, have seen past similar ploys, e.g. *Roberts v. Sony Corp,* Case No. 2:04-CV-673-TS. (D. Utah 2004) (denying change of venue because party was trying to overcome the statute of limitations.) "The court also believed that… attempt to transfer the case was, to some degree, *forum shopping*. While the Court recognized that § 1406(a) should be read broadly, it should not operate automatically to give…an additional opportunity to select the district of litigation." *Id.*

Respectfully, the Court overlooked how Mr. Moon is essentially forum shopping to try to heal his bruised ego (an ego bruised by the tenth circuit ruling against him).

## C. **The Court Overlooked How Plaintiff has Zero Contacts with Florida and Plaintiff's Inconvenience**

Although the Court in its 3-20-24 Order stated that Plaintiff doesn't reside in Utah any longer, the Court overlooked binding 10th Circuit law that instructs that Plaintiff's choice of venue is to be given "considerable weight". *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

The Court overlooked that (1) Plaintiff only lives 6 hours away from Salt Lake City, (2) Florida is nowhere near where Plaintiff resides and Plaintiff has never been to Florida, (3) the harms, as recited in the Complaint and recited by the 10th Circuit in the appeal of this case, shows that Mr. Moon and defendants availed themselves to the District of Utah by continuing to target Plaintiff (4) Mr. Greer moved from Utah to escape Moon and his users that stalk Greer (5) Plaintiff still has contacts in Utah (family, friends, alma matter), (6) Greer's witnesses (family and friends) would have an easier time going to the District of Utah for trial to testify on the devastating effects Kiwi Farms has had on Plaintiff. Having his witnesses go to Florida would be next to impossible. (7) Moon couldn't even cite any witnesses.

As another District Court held when it vacated an Order granting venue change: "An order transferring venue has a similar effect on the litigation. Although the parties may proceed in a different forum, the plaintiff is deprived of his chosen forum and is forced to litigate elsewhere. The order is the functional equivalent of a dismissal of the case — albeit without prejudice — in that forum. That outcome may be determinative to some plaintiffs, **especially some pro se plaintiffs, who may not have the resources to take their cases on the road."** *Payton v. Saginaw County Jail,* Case No. 09-14288, Order Vacating Motion to Change Venue (E.D. MI 2010).

## CONCLUSION

Plaintiff respectfully believes and knows the 03-20-24 Order to change venue goes against the Federal Rules of Civil Procedure 12(H), 28 USC 1406(B) and binding case law. For the Court to not vacate its Order would be going against established law and be going against the notions of fair play for Plaintiff.

Plaintiff sincerely apologizes to the Court for his procedural confusion. He won't let it happen again and would ask for the Order to Transfer be vacated and for the below relief to bs granted.

## Prayer for Relief

Plaintiff's prayer for relief is:

1. For the Court to Vacste its 3-20-24 order,
2. Transfer the case back to the District of Utah,
3. Set new deadlines for Plaintiff to reply to the motions of defendants.

Respectfully submitted,

11

By:

Russell Greer

Pro Se Litigant

/rgreer

**03-26-21**

## Certificate of Service

Plaintiff affirms that service was made to Defendants via the Court's electronic filing system on 3-26-24 and that said attorney for defendants is Matthew Hardin.