**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, <br><br> Plaintiff, <br><br> v. <br><br><br> JOSHUA MOON, *et al*. <br><br> Defendant. | **MEMORANDUM OF LAW IN OPPOSITION TO MOTION AT ECF NO. 103** <br><br> Case No. 2:20-cv-00647-DBB <br><br> District Judge David Barlow <br> Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and file this Memorandum of Law in Opposition to the Motion docketed at ECF No. 103. Defendants state as follows:

1. Binding precedent entirely forecloses this Court from even considering Mr. Greer's Motion: "Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516-17 (10th Cir. 1991).

2. Even if this Court were not bound by the Tenth Circuit's ruling in *Chrysler Credit Corp.*, the law of every other Circuit is the same on this issue. *See, e.g., In re Briscoe,* 298 U.S. App. D.C. 121, 976 F.2d 1425, 1426 (D.C. Cir.

1992); *In re Spillane,* 884 F.2d 642, 645 (1st Cir. 1989); *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case); *Nascone v. Spudnuts, Inc.*, 735 F.2d 763 (3d Cir. 1984); *Wilson-Cook,* 942 F.2d at 250 (4th Cir.); *In re Southwestern Mobile Homes. Inc.,* 317 F.2d 65, 66 (5th Cir. 1963); *In re American President Lines, Ltd.,* 929 F.2d 226, 227 (6th Cir. 1991); *Robbins,* 779 F.2d at 355 (7th Cir.); *In re Nine Mile. Ltd.,* 673 F.2d 242, 243 (8th Cir. 1982); *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987); *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d 982, 988 n.10 (11th Cir. 1982).

WHEREFORE, this Court cannot pass on any of the issues Mr. Greer raises in his Motion at ECF No. 103, regardless of how he might style his request for relief.

DATED March 26, 2024

        **HARDIN LAW OFFICE**

        */s/ Matthew D. Hardin*
        **Matthew D. Hardin**
        Attorney for Defendants