**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, <br><br> Plaintiff, <br> v. <br><br><br> JOSHUA MOON, *et al*. <br><br> Defendant. | **NOTICE OF SUPPLEMENTAL AUTHORITY** <br><br> Case No. 2:20-cv-00647-DBB <br><br> District Judge David Barlow <br> Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and give NOTICE of the attached order of the U.S. District Court for the Northern District of Florida, in which that transferee court elected to cancel a status/scheduling hearing in this matter pending this Court's ruling(s) on motions filed by the Plaintiff in this Court after transfer and after this Court directed that all future filings should be docketed in Florida on March 20, 2024.

Defendants respectfully submit that they have made plain that this Court has no jurisdiction to rule on post-transfer motions at ECF Nos. 101 and 104. Further, Defendants assert that this Court itself made plain at ECF Nos. 99 and 100 that its decision was final, and that this file had been transferred to Florida, with all future action to take place in that court.

Defendants continue to be prejudiced by the Plaintiff's serial and vexing

failures to advance this case in both courts, to include most notably the Plaintiff's failures to provide any Rule 26 disclosures (even as he simultaneously speculates about his own unknown and unidentified witnesses and their ability to travel at ECF No. 103), the Plaintiff's continued improper insistence that this is a case involving claims other than copyright, including most recently at ECF Nos. 103, 98, and 86, and the Plaintiff's improper and even extortionate "settlement" demands, some of which he has filed with the Court at, *inter alia*, ECF Nos. 76 and 86, in which the Plaintiff makes plain that his goal is this case is not to vindicate any copyright or seek any remedy recognized under copyright law, but is instead to prevent Defendants from engaging in core First Amendment activity.

In light of the Florida court's order, Defendants respectfully submit that this Court should resolve any lingering doubts in the Florida court's mind as to the finality of this Court's transfer order and this Court's own resulting lack of ability to consider Mr. Greer's motions, all of which were filed in the wrong court. In the absence of immediate clarity from this Court, it appears that Mr. Greer will have effectively received the stay which this Court denied him at ECF No. 96, because this case will remain paused in Florida and no progress will be made towards its ultimate resolution.

DATED April 2, 2024

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants