FILED
2024 APR 3 AM 8:15
CLERK
U.S. DISTRICT COURT

Russell Greer
1155 South Twain Ave
Suite 108420
Las Vegas, Nevada 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,** <br><br> Plaintiff <br><br> v. <br><br> **JOSHUA MOON,** publisher of the website Kiwi Farms, **and KIWI FARMS**, a website <br><br> Defendants | **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITIONAL RESPONSE re DOC 103** <br><br> Case No.: 2:20-cv-00647 <br><br> Judge David Barlow <br> Magistrate Judge: Jared C. Bennett |

1

Plaintiff Russell Greer Plaintiff Russell Greer comes now and says:

## INTRODUCTION

As Plaintiff said in his Motion for Reconsideration, he is not a lawyer. These motions are all French to him, so to speak. After careful review of Defendants' opposition motion, it appears that yes, under *Chrysler*, this Court cannot do much more on the case, however, *ALSO under Chrysler,* this Court erred in not staying its order to allow a "long enough time…for an aggrieved party to file a mandamus petition." *Chrysler Credit Corp v. Country Chrysler,* 928 F. 2d 1509 (10th Circuit 1991).

## CHRYSLER STANDARDS FOR MANDAMUS

The party opposing transfer either may seek certification under 28 U.S.C. 1292(b) to appeal the transfer or else petition for mandamus under the All Writs Act, 28 U.S.C. § 1651. *See Hustler Magazine v. United States District Court,* 790 F.2d 69, 70 (10th Cir.1986). Other circuits, such as the Eighth Circuit, have used the writ of mandamus to correct a transfer that was too hasty, by ordering the transferring judge "to take every reasonable action possible in asking" the transferee court to return the files in the transferred case. *In re Nine Mile Ltd.,* 8 Cir. 1982, 673 F.2d 242, 244 n.5 (per curiam).

By Defendants citing their perceived controlling case law, they inadvertently opened the door to show that the Court erred in another way by not stalling the case transfer to give plaintiff time to file a writ of mandamus challenging its order. Respectfully, this Court was "too hasty" in its ordering the transfer out and went against the dictates of controlling 10th Circuit case law that cautions District Courts to not immediately transfer the case out. *Id.*

In *Nine Mile*, the 8th Circuit Court of Appeals granted a writ of mandamus based on the actions of the lower court not allowing an appeal or any kind of stay of its order to transfer.

2

## **REQUEST TO CONSERVE JUDICIAL RESOURCES**

As the Court in *Roofing* held, "Although, in the present case, neither the Eighth Circuit nor any district court in it could compel the district court in Alabama to return the files, *see id., **there is no reason to assume the transferee court would deny a request for their return.***" *Roofing & Sheet Metal Services Inc* v. *La Quinta Motor Inns*, 689 F.2d 982 (11th Circuit 1982). Similarly, although, the District of Utah can't, per se, get the case file back, there is no reason to assume the Northern District of Florida would deny such a request,

Therefore, Plaintiff asks the Court to conserve resources by not requiring Plaintiff to file an appeal, but rather, vacate its decision and ask the Northern District of Florida to transfer the files back to the District of Utah.

Respectfully submitted,

By:

Russell Greer

Pro Se Litigant

/rgreer

**04-03-24**

## Certificate of Service

Plaintiff affirms that service was made to Defendants via the Court's electronic filing system on 04-03-24 and that said attorney for defendants is Matthew Hardin.