Russell Greer
1155 South Twain Ave
Suite 108420
Las Vegas, Nevada 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED
2024 APR 3 PM 2:45
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

# THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,** | **PLAINTIFF'S RESPONSE to DOC 105** |
| Plaintiff | Case No.: 2:20-cv-00647 |
| v. | |
| **JOSHUA MOON,** publisher of the website Kiwi Farms, **and KIWI FARMS**, a website | Judge David Barlow<br>Magistrate Judge: Jared C. Bennett |
| Defendants | |

1

Plaintiff Russell Greer Plaintiff Russell Greer comes now and says: it is rather humorous that Defendants label Plaintiff's reconsideration motion and his motion to vacate as vexatious, when they flagrantly ignored federal procedure and convinced this Court to transfer venue when they were time-barred. As Plaintiff said in his Reply to Defendants' Opposition Response to his Motion to Vacate, this is all French to him and this is why he was trying to stay the case because procedural confusion was going to happen without a lawyer. The DJF wanted significant funding before representing him.

Unlike the procedure for contesting venue, which is clear in the rules, the procedure for vacating a case that has already been transferred is not crystal clear — especially to a pro se litigant. Plaintiff is now aware, after reading *Chrysler*, that the Court can't revisit transferred issues. However, Plaintiff is now enlightened that, per *Chrysler* and case law in other Circuits, this Court should have stayed the transfer to allow Plaintiff to contest the transfer either by a Motion to Vacate or an appeal.

As for the supplemental authority the Defendants attached, the Order from the Florida District Court was simply canceling the phone conference until there is finality in this District [and Circuit].

With that said, Plaintiff asks this Court to vacate the Transfer Order and to request the Court Clerk to ask the Northern District of Florida to transfer the case back to Utah for the reasons previously mentioned in the pending motions. This shouldn't require a writ of mandamus or an appeal or even a "retransfer motion" in the Northern Florida District. As previously cited in the persuasive case of *Roofing,* "Although, in the present case, neither the [10th] Circuit nor any district court in it [including the District of Utah] could compel the district court in [Florida] to return the files…***there is no reason to assume the transferee court [the Northern District of Florida] would deny a request for their return.***" *Roofing & Sheet Metal Services Inc v. La Quinta Motor Inns*, 689 F.2d 982 (11th Circuit 1982).

2

Respectfully submitted,

By:

Russell Greer

Pro Se Litigant

/rgreer

**04-03-24**

3

## **Certificate of Service**

Plaintiff affirms that service was made to Defendants via the Court's electronic filing system on 04-03-24 and that said attorney for defendants is Matthew Hardin.